Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the

MIDDLE District of FLORIDA

FORT MYERS Division

Case No. 2:24-cv-495-JLB-KCD
(to be filled in by the Clerk's Office)

| ANDREW BRYANT SHEETS |
|---|
| *Plaintiff(s)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) |

-v-

| JERRY PRESSELLER IN PERSONAL AND PROFESSIONAL CAPACITY |
|---|
| THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC |
| DAVID JOSEPH LIPKER, IN PERSONAL AND PROFESSIONAL CAPACITY |
| CITY OF PUNTA GORDA |
| *Defendant(s)* |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) |

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | ANDREW BRYANT SHEETS |
   | Address | 11408 PEPPERDINE ST |
   | | PUNTA GORDA, FL 33955 |
   | | *City / State / Zip Code* |
   | County | CHARLOTTE COUNTY |
   | Telephone Number | 941-916-2259 |
   | E-Mail Address | federallawsuit4freespeech@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1

   | | |
   |---|---|
   | Name | JERRY PRESSELLER |
   | Job or Title *(if known)* | MANAGER OF FARMERS MARKET |
   | Address | 252 W Marion Ave |
   | | PUNTA GORDA, FL 33950 |
   | | *City / State / Zip Code* |
   | County | CHARLOTTE COUNTY |
   | Telephone Number | (941) 391-4856 |
   | E-Mail Address *(if known)* | |

   ☒ Individual capacity     ☒ Official capacity

   Defendant No. 2

   | | |
   |---|---|
   | Name | THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC |
   | Job or Title *(if known)* | INC |
   | Address | 252 W Marion Ave |
   | | PUNTA GORDA, FL 33950 |
   | | *City / State / Zip Code* |
   | County | CHARLOTTE COUNTY |
   | Telephone Number | (941) 391-4856 |
   | E-Mail Address *(if known)* | |

   ☒ Individual capacity     ☒ Official capacity

   Defendant No. 3

   | | |
   |---|---|
   | Name | DAVID JOSEPH LIPKER |
   | Job or Title *(if known)* | PUNTA GORDA POLICE OFFICER |
   | | 326 W. Marion Avenue |

|  |  |  |  |
|---|---|---|---|
| Address | PUNTA GORDA | FL | 33950 |
|  | *City* | *State* | *Zip Code* |
| County | CHARLOTTE COUNTY | | |
| Telephone Number | (941) 639-4111 | | |
| E-Mail Address *(if known)* | pio@pgorda.us | | |

☒ Individual capacity   ☒ Official capacity

Defendant No. 4
- Name: CITY OF PUNTA GORDA
- Job or Title *(if known)*: RUNING THE CITY
- Address: 326 W. Marion Avenue
  - PUNTA GORDA, FL 33950
- County: CHARLOTTE COUNTY
- Telephone Number: (941) 575-3369
- E-Mail Address *(if known)*: JLoadman@cityofpuntagordafl.com

☒ Individual capacity   ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)
☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

FIRST AMENDMENT FREE SPEECH AND PRESS, VIEW POINTE DISCRIMINATION, PRIOR RESTRAINT, RETALIATION, FIFTH AND FOURTEENTH Amendment – Procedural Due Process,

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

JERRY PRESSELLER IN PERSONAL AND PROFESSIONAL CAPACITY,
THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC,
DAVID JOSEPH LIPKER, IN PERSONAL AND PROFESSIONAL CAPACITY,AND THE
CITY OF PUNTA GORDA ALL WORKED TOGETHER TO VIOLATE MY RIGHTS

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

CHARLOTTE COUNTY ,FL

B. What date and approximate time did the events giving rise to your claim(s) occur?

5/30/2020

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED "STATEMENT OF FACTS AND CLAIMS"

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

On 5/30/2020 I was at the Punta Gorda Farmers market buying produce and filming vendors doing business and asking them how they are doing, with the body camera on my chest. and I was illegally trespassed just for doing that, and while I was getting trespassed other people were filming me. but apparently I can't film them. I was trespassed for one year. I was not able to appeal this. all for free speech and Free press in a public place, publicly announced every single week, and was shamed in front of everyone for doing that

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I AM SEEKING 1 MILLION. Wherefore, I am entitled to compensatory damages from City of Punta Gorda and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA; compensatory and punitive damages from the individual Defendants, JERRY PRESSELLER, DAVID JOSEPH LIPKER and an award of reasonable costs; I would also like my rights restored. I pray the Court will makes the Government remove Trespass warnings. and restores my First Amendment Rights, and such other relief as the Court deems just

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   5/29/2024

Signature of Plaintiff   *[signature]*
Printed Name of Plaintiff   Andrew B Pheets

**B.**   **For Attorneys**

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____

　　　　　　　　　　　　　　　*City*　　　　　　　　　　　*State*　　　*Zip Code*

Telephone Number   _____
E-mail Address   _____

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTICT OF FLORIDA

FORT MYERS DIVISION

ANDREW B SHEETS                                                         Case #

Plaintiffs

V

JERRY PRESSELLER IN PERSONAL AND PROFESSIONAL CAPACITY

THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC

DAVID JOSEPH LIPKER, IN PERSONAL AND PROFESSIONAL CAPACITY

CITY OF PUNTA GORDA,

 Defendants

COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

1.This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section 1331 and 1343(a)(3) as well as 42. U.S.C section 1983.

2.Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section 1391(b) and M.D. Fla. Loc. R. 1.02

### PARTIES

3.ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

4.DAVID JOSEPH LIPKER is a Police officer for the City of Punta Gorda. In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

5.JERRY PRESSELLER is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

6.THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. is a company, doing business in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

7.DAVID JOSEPH LIPKER, JERRY PRESSELLER, THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. were acting under the color of law in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

8.City of Punta Gorda is a municipality; in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

9. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. rents a section of downtown Punta Gorda. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. control a section of public property, so that a Farmers Market can be held on Public property that is owned by the, CITY OF PUNTA GORDA.

10.Maintenance of traffic requirements are provided by the City of Punta Gorda's public works department.

11.The commercially leased areas were not surplus state property, but constituted a physically and financially integral and, indeed, indispensable part of the CITY OF PUNTA GORDA. Specifically, the public property used for the farmers market is Downtown Punta Gorda.

12.The CITY OF PUNTA GORDA was a joint participant in the operation of the Farmers Market. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. have intertwined itself with the city of Punta Gorda, the lease between defendants, has given government powers, and authority to JERRY PRESSELLER and THE

DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC. to control public property in downtown Punta Gorda.

13. Specifically, JERRY PRESSELLER while clothed it in the authority of the state, and working under the color of law claims, the leased public roadways and public sidewalks of the City of Punta Gorda is now his own private property.

14. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC, did discriminate against ANDREW B SHEET's viewpoint, and did trespass Plaintiff Sheets for his journalistic activities on 5/30/2020 for recording on public property (public sidewalks and roadways) where individuals were conducting business. It should be noted there is no expectation of privacy under Florida law when the conduct is related to business.

15. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC, did allow others to conduct identical journalistic activities, without trespass warnings.

16. Below unknown man is seen engaging in video recording, this individual was never trespassed. The Man with the mask around his chin is JERRY PRESSELLER.

Case 2:24-cv-00495-JLB-KCD   Document 1   Filed 05/29/24   Page 10 of 19 PageID 10



17. Further viewpoint discrimination shows that. JERRY PRESSELLER and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA, INC

allowed NBC 2 to engage in the journalistic activities of recording.



18. The following conversation was captured between Plaintiff SHEETS and Defendant JERRY PRESSELLER, this happens at time stamp, 9:50:27 on Mr. Sheet's body camera.

19. Mr. JERRY PRESSELLER, states "this shows you the area that I rent from the city, it's private property."

20. There some small talk between Presseller and Sheets. Then Mr. Sheets asks the following question.

21. Mr. Sheets; "why did you threaten me the other day for filming? When NBC was filming too."

22. Mr. JERRY PRESSELLER, "because we invited them, so we did not invite you."

23. Mr. Sheets; "OH, so if you see someone with a camera, you have to invite them to film and take a picture?"

24. Mr. JERRY PRESSELLER, "yes sir"

25. Mr. Sheets; " Really ?"

26. Mr. JERRY PRESSELLER, "yes sir"

27. At time stamp 9:55:53 JERRY PRESSELLER can be seen calling Punta Gorda Police Dept.



28. At timestamp 9:57:42 Mr. Sheets tells Mr. PRESSELLER " So I was doing business here today. I was doing a story on if it's legal to record in public."

29. Mr. PRESSELLER replies "This is not Public so I Guess not."



30. At timestamp 10:02:16 DAVID JOSEPH LIPKER officer of Punta Gorda police dept, trespasses Plaintiff Sheets at the Direction of Mr. PRESSELLER, this stops Plaintiffs journalistic activities.

### 31. Municipality liability:

32. CITY OF PUNTA GORDA through its procedures, policies, practices, and customs, caused the violation of Mr. Sheets First Amendment rights. CITY OF PUNTA GORDA, uses trespass warnings to stop Mr. Sheets speech. These trespass warnings, are given by Punta Gorda city police officers, even though the activity that Mr. sheets is engaged in is constitutionally protected. Once Mr. sheets is given a trespass warning, if he returns to the location, Mr. Sheets will be arrested. There is no way to appeal or challenge these trespass warnings. Once Mr. sheets is given a trespass warning, Plaintiff cannot revisit the area for one year. These trespass warnings effectively stop, Plaintiff's First Amendment activities at any location he is trespassed at, and have a chilling effect on Plaintiff Sheets First Amendment Rights.

33. The city of Punta Gorda, allows some individuals to engage in journalistic activities while preventing other individuals from engaging in identical journalistic

activities. By doing so the city of Punta Gorda is engaged in a custom of viewpoint discrimination.

34. Not being able to challenge or appeal trespass warnings violates procedural due process.

35. The ease with which trespass warnings may be issued is particularly problematic here because the trespass ordinance provides no procedural means for a warning-recipient to challenge the warning.

36. An evident process for such challenges has significant value in avoiding mistakes.

37. Even if it is impractical for the City to provide a pre-warning hearing to "assure that there are reasonable grounds to support" the trespass warning, the City must provide some post-deprivation procedure to satisfy the requirements of the Due Process Clause.

## CLAIM ONE:

## 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Speech and Press

### Viewpoint Discrimination

### (All Defendants)

38. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

39. Plaintiff's speech and expression were related to matters of public concern.

40. Defendants, did trespass plaintiff Andrew Sheets for filming individuals engaged in business from public sidewalks and roadways.

41. Defendants did not trespass others who were engaged in identical activity.

42. Andrew sheets filming individuals, engaged in business from public sidewalks and roadways, is Free Press activity protected by the First amendment.

43. Defendant's decision to trespass Andrew Sheets for filming from sidewalks and public roadways is a viewpoint restriction on speech.

44. Defendant's decision to trespass Andrew Sheets for filming from sidewalks and public roadways had a chilling effect on Plaintiffs First amendment activities.

45. The actions of Defendant's occurred while each was acting under color of State law.

46. Defendant's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

47. The acts and omissions of Defendants were engaged in pursuant to the customs, policies, and practices of Defendant City of Punta Gorda, which encourages, condones, tolerates, and ratifies the restraint of speech and expressive activity by its officials of individuals expressing viewpoints critical of Defendant City of Punta Gorda and/or its officials and/or exercising their rights of free speech and dissent.

48. Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

## CLAIM TWO:

## 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Press

### Prior Restraint

### (All Defendants )

49. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

50. Plaintiff's speech and expression were related to matters of public concern.

51. Defendants, did trespass plaintiff Andrew Sheets for filming individuals engaged in business from public sidewalks and roadways.

52. Defendants, in doing so prevent Plaintiff Sheets from collecting video, and or information for future journalistic stories.

53. Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free Press activity protected by the First amendment.

54. Defendants decision to trespass Andrew Sheets for filming from sidewalks and public roadways is a prior restraint on Free Press.

55. Defendants decision to trespass Andrew Sheets for filming from sidewalks and public roadways had a chilling effect on Plaintiffs Free Press.

56. The actions of Defendant's occurred while each was acting under color of State law.

57. Defendant's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

58. The acts and omissions of Defendants were engaged in pursuant to the customs, policies, and practices of Defendant City of Punta Gorda, which encourages, condones, tolerates, and ratifies the restraint of speech and expressive activity by its officials of individuals expressing viewpoints critical of Defendant City of Punta Gorda and/or its officials and/or exercising their rights of free speech and dissent.

59. Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

60. The actions of Defendant's occurred while each was acting under color of State law.

## CLAIM THREE:

## 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Speech and Press.

### Retaliation

### (All Defendants)

61. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

62. Plaintiff's speech and expression were related to matters of public concern.

63. Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free speech and Press activity protected by the First amendment.

64. Defendants jointly and on their own accord responded to Plaintiff's First Amendment-protected activity with retaliation, including but not limited to; Trespassing Mr. Sheets.

65. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of Mr. Sheets First Amendment rights.

66. The decision to Trespass Mr. Sheets, Defendants sought to punish Plaintiff for exercising his First Amendment rights and to silence Mr. Sheet's future speech and restrict Plaintiff's freedom of expression, and the future speech and expression of others.

67. Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

68. Defendants' conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.

69. The acts and omissions of Defendants were engaged in pursuant to the customs, policies, and practices of Defendant City of Punta Gorda, which encourages, condones, tolerates, and ratifies the restraint of speech and expressive activity by its officials of individuals expressing viewpoints critical of Defendant City of Punta Gorda and/or its officials and/or exercising their rights of free speech and dissent.

70. Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

71. The actions of Defendant's occurred while each was acting under color of State law.

## CLAIM FOUR:

## 42 U.S.C. § 1983

## FIFTH AND FOURTEENTH Amendment – Procedural Due Process

(CITY OF PUNTA GORDA, DAVID JOSEPH LIPKER )

72. Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free speech and Press activity protected by the First amendment.

73. When Defendants, The City of Punta Gorda and David Lipker Trespassed Plaintiff Sheet's they violated his Liberty in exercising his free press.

74. Andrew Sheets filming individuals engaged in business from public sidewalks and roadways, is Free Press activity protected by the First amendment.

75. Defendants decision to trespass Andrew Sheets for filming from sidewalks and public roadways is a prior restraint on Free Press.

76. Defendants decision to trespass Andrew Sheets for filming from sidewalks and public roadways had a chilling effect on Plaintiffs Free Press.

77. The actions of Defendant's occurred while each was acting under color of State law.

78. Defendant's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

79. Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

80. The Defendant's Trespass warning, provides no procedural means for a warning-recipient to challenge the warning, both pre Trespass warning and post Trespass warning.

81. The Defendant's Trespass warning does not have a exception for First Amendment protected Activities.

PRAYER FOR RELIEF

Wherefore, I am entitled to compensatory damages from City of Punta Gorda and THE DOWNTOWN MERCHANTS COMMITTEE OF PUNTA GORDA;

compensatory and punitive damages from the individual Defendants, JERRY PRESSELLER, DAVID JOSEPH LIPKER and an award of reasonable costs; im asking for 1 million, I would also like my rights restored. I pray the Court will make the Government remove Trespass warnings. and restores my First Amendment Rights, and such other relief as the Court deems just.

### JURY DEMAND

Plaintiff requests a trial by jury in this matter.

Respectfully submitted this 5/28//2024

**ANDREW BRYANT SHEETS**

**11408 PEPPERDINE ST**

**PUNTA GORDA,FL,33955**

**941-916-2259**

federallawsuit4freespeech@gmail.com

5/29/2024