UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                      Case No.:  2:24-cv-495-JLB-KCD

JERRY PRESSELLER, THE
DOWNTOWN MERCHANTS
COMMITTEE OF PUNTA GORDA,
INC., DAVID JOSEPH LIPKER
and CITY OF PUNTA GORDA,

    Defendants.
_____/

## **ORDER**

Plaintiff Andrew Sheets, proceeding without a lawyer, moves for entry of a clerk's default against Defendant The Downtown Merchants Committee of Punta Gorda, Inc. (Doc. 41.)[1] For the reasons below, the motion is denied.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which he

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

bears the burden of proof. Fed. R. Civ. P. 4(l); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Service on a corporate entity like The Downtown Merchants Committee can be accomplished in one of three ways: (1) by requesting that the company waive service, (2) by following the service rules of the state in which the lawsuit is filed or where service is to be made, or (3) by delivering a summons and the complaint to an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf. Fed. R. Civ. P. 4(d), (h)(1).

Nothing in the record suggests that The Downtown Merchants Committee waived service. Nor is there evidence that Plaintiff served an officer, managing agent, general agent, or any other agent authorized by law to accept service on the company's behalf. The return here shows that Diane Ford accepted service as the "office manager." (Doc. 41-1.) Her title fits none of the categories under Rule 4. *See, e.g.*, *Matero v. Digital Ink Americas LLC*, No. 6:22-CV-1606-CEM-LHP, 2023 WL 2527046, at *1 (M.D. Fla. Mar. 15, 2023) (explaining that service on an "office manager" is insufficient).

So that leaves Plaintiff with state law. Service on a Florida corporation is governed by Fla. Stat. § 48.081. That statute sets forth a hierarchy of persons

who may accept service on a corporation's behalf. Subsection (2) directs plaintiffs to first attempt service on the registered agent. If those efforts fail, process can be served on the chair of the board, the president, any vice president, the secretary, the treasurer, or any person listed publicly on the corporation's latest annual report. Fla. Stat. § 48.081(3)(a)-(b). Finally, with a few caveats not relevant here, the statute allows substitute service on the Secretary of State. *See Progressive Cnty. Mut. Ins. Co. v. Keechi Transp. LLC*, No. 6:22-CV-2170-WWB-RMN, 2023 WL 7410988, at *2 (M.D. Fla. Aug. 25, 2023) (outlining the sequential steps required for service on a corporation under Florida law).

Applying these rules here, Plaintiff has not properly served The Downtown Merchants Committee. Diane Ford signed the service return as "office manager." (Doc. 41-1.) But Florida law does not provide for service on an "office manager," and Diane Ford is not otherwise listed publicly as a registered agent or other officer authorized to receive service on the latest annual report filed with the Florida Division of Corporations, available at www.sunbiz.org. Plaintiff must attempt service in compliance with § 48.081, and the Court will provide a deadline for him to do so. *See, e.g.*, *Persaud v. MD Audio Eng'g Inc.*, No. 6:23-CV-1277-CEM-LHP, 2023 WL 11256548, at *3 (M.D. Fla. Oct. 23, 2023).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Clerk's Default Against Defendant The Downtown Merchants Committee of Punta Gorda, Inc. (Doc. 41) is **DENIED**.

2. Plaintiff must file a proof of service for Defendant The Downtown Merchants Committee of Punta Gorda, Inc. by **October 7, 2024**. **A failure to file a proof of service may result in this Defendant being dropped from this action without further notice**.

**ORDERED** in Fort Myers, Florida on September 9, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record