UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

                             Case No. 2:24-CV-495-JLB-KCD

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;  THE DOWNTOWN MERCHANTS COMMITTE OF PUNTA GORDA, INC, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND  CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;

    Defendants,
_____/

**<u>ORDER</u>**

Before the Court is Plaintiff Andrew Bryant Sheets' Motion to Compel Discovery Responses. (Doc. 52.)[1] The defendants who have appeared—Jerry Presseller, City of Punta Gorda, and Joseph Lipker—responded in opposition (hereinafter, "Defendants"). (Doc. 54.)

On September 3, 2024, Plaintiff emailed Defendants' counsel. (Doc. 52 at 2.) The subject line read "discovery sheets v. preseler," while the body

---

[1] Plaintiff's motion is not paginated. So the Court refers to the page numbers generated by its electronic filing system.

contained a single sentence: "wheres yours?" (*Id.*) Also attached to the email were two documents. (*Id.*) The first contained interrogatories and document requests. (Doc. 54-2.)

Defendants have not answered the discovery. (*See* Doc. 54.) So Plaintiff seeks an order compelling them "to provide full and complete responses to [the] requests within 10-14 days." (Doc. 52 at 5); *see also* Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection [if] a party fails to answer an interrogatory submitted under Rule 33[,] or a party fails to produce documents.").

To excuse their noncompliance, Defendants first claim they "were unaware that the Plaintiff was serving discovery requests." (Doc. 54 at 2.) The Court is unconvinced. Plaintiff's email is titled "discovery." (Doc. 54-1.) And the attached word document is captioned: "PLAINTIFFS FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT." (Doc. 54-2.) It's obvious what Plaintiff was seeking.

Defendants also argue they were not properly served with the discovery requests. (Doc. 54 at 3.) But Plaintiff emailed them to defense counsel, which is allowed here because Defendants did not lodge "an express objection [to electronic service] in the CMR." (Doc. 3 at 10.)

2

That said, the Court cannot grant the motion to compel because Plaintiff's discovery is improper as currently formatted. Many of the requests fail to differentiate between the various defendants, instead referring to them jointly. And the interrogatories are specifically "Directed to All Defendants." Although jointly represented, the defendants here are not related such that they can be treated as a cohesive unit. The liability of Pressler (a private individual), the City (a municipal entity), and Lipker (a police officer) is not joint or interdependent. The Court agrees with Defendants that the discovery, as currently drafted, "makes it implausible for [them] to respond." (Doc. 54 at 4.)

While Plaintiff is certainly allowed to propound discovery, it must be in a format that gives reasonable notice of what is requested and from whom. The discovery at issue here falls short of that standard. While the Court cannot give Plaintiff legal advice, discovery is typically served on each party individually to avoid the problems identified above.

Accordingly, Plaintiff's Motion to Compel Discovery Responses (Doc. 52) is **DENIED**.

**ORDERED** in Fort Myers, Florida on October 25, 2024.

Kyle C. Dudek
United States Magistrate Judge