UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;  THE DOWNTOWN MERCHANTS COMMITTE OF PUNTA GORDA, INC, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;  CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants.

Case No. 2:24-CV-495-JLB-KCD

## ORDER

Before the Court is Defendants Jerry Presseller, David Lipker, and the City of Punta Gorda's Motion to Quash Subpoena and Protective Order. (Doc. 59.)[1] Plaintiff Andrew Sheets has responded in opposition (Doc. 61), making this matter ripe. For the reasons below, the motion is **GRANTED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Federal Rule of Civil Procedure 45 governs the subpoena process and its parameters. Pertinent here, Rule 45(a)(4) provides that if a "subpoena commands the production of documents, electronically stored information, or tangible things ..., then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." *Id.* "The purpose of such notice is to give an opposing party the opportunity to object to the subpoena prior to" compliance. *Swanson v. Universal Prot. Serv., LLC*, No. 1:16-CV-933-0DE, 2017 WL 10087887, at *4 (N.D. Ga. June 5, 2017).

Although Sheets provided notice of his intent to serve several third-party subpoenas, he did not attach the subpoenas. (*See* Docs. 60-1, 60-2, 60-3.) And Defendants claim they were never served with copies, something Plaintiff does not deny. (*See* Doc. 61 at 2.) Sheets' "noncompliance with Rule 45(a)(4) justifies quashing any remaining subpoenas that have been . . . served." *Cunningham v. Jordan*, No. 1:22-CV-1419-WMR, 2024 WL 998826, at *2 (N.D. Ga. Feb. 20, 2024); *see also Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 1608369, at *1 (S.D. Fla. Apr. 22, 2014) ("A subpoena may be quashed due to a party's failure to comply with Rule 45.").

Accordingly, it is now **ORDERED**:

2

1. Defendants' Motion to Quash Subpoena and Protective Order (Doc. 59) is **GRANTED**;

2. The Court **QUASHES** any subpoenas that Sheets has served to date;

3. Sheets is directed to contact all subpoena recipients and provide them a copy of this order; and

4. Non-Party Florida Department of Law Enforcement's Motion to Quash (Doc. 57) is **DENIED AS MOOT** since the relief sought has been ordered above.

**ENTERED** in Fort Myers, Florida on November 6, 2024.

Kyle C. Dudek
United States Magistrate Judge