UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; THE DOWNTOWN MERCHANTS COMMITTE OF PUNTA GORDA, INC, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants,

Case No. 2:24-CV-495-JLB-KCD

## **REPORT & RECOMMENDATION**

Before the Court is Defendant Punta Gorda Downtown Merchants Association Inc.'s Motion to Quash, Strike, and Dismiss. (Doc. 63.)[1] Plaintiff Andrew Sheets did not respond, and the time to do so expired. So the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

Sheets was trespassed from a farmers market run by the Merchants Association. (Doc. 18 ¶ 21.) The market takes place on land rented from the City of Punta Gorda. (*Id.* ¶ 16.) Believing he has an irrevocable right to conduct "journalistic activities" on public property, Sheets now sues under the First Amendment. (*Id.* ¶ 21.)

The Merchants Association raises several issues with the complaint. (*See* Doc. 63.) First, it seeks to quash service as untimely. (*Id.* at 3-4.) Next, it claims the complaint should be stricken because it contains a misnomer. (*Id.* at 4-6.) And finally, the complaint does not state a valid claim for relief. (*Id.* at 7-13.) Each argument is addressed in turn.

## II. Discussion

### A. Motion to Quash Service

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when [he] has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, whenever a court finds deficient service under the Federal Rules of Civil Procedure, it is improper "to . . . reach[ ] the merits and ... issue[ ] a dismissal with prejudice." *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007). So the Court first considers whether the Merchants Association was properly served.

Service of process is generally governed by Rule 4, which provides:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Subsection (m), in turn, requires that "a defendant [be] served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If not, "the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." *Id.*

The Merchants Association was served on October 15, 2024, well after the deadline in Rule 4(m). "This delay," it argues, left the summons "stale" and "provid[es] grounds to quash the service." (Doc. 63 at 4.) Just one problem—the Court extended the service deadline to November 6, 2024. (*See* Doc. 51.) Sheets beat the new deadline, and thus service was timely and proper. *See Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *4 (11th Cir. Dec. 27, 2021) ("The federal rule governing the time for service does not provide for the expiration of a summons[.]").

### B. Motion to Strike

Sheets sues "The Downtown Merchants Committee of Punta Gorda, Inc." (*See* Doc. 18.) But the entity that runs the farmers market is "Punta Gorda Downtown Merchants Association Inc.," who is the movant here. (Doc.

63 at 4.) Based on this discrepancy, the Merchants Association seeks an order "striking the amended complaint." (*Id.* at 6-7.)

Striking the complaint is not the proper remedy here. The Merchants Association concedes that this is seemingly "a case of mistaken identity," and Sheets had the proper entity in mind when he filed suit. (Doc. 63 at 6.) Sheets has also confirmed the mistake. (*See* Doc. 72.) Under the so-called "misnomer rule," the proper course is to allow an amended complaint that identifies the correct defendant. *See, e.g.*, *Pears v. Mobile Cnty.*, 645 F. Supp. 2d 1062, 1082 (S.D. Ala. 2009) (discussing the misnomer rule).

### C. Motion to Dismiss

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require detailed factual allegations" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light

4

most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The operative complaint alleges three claims against the Merchants Association. (*See* Doc. 18 at 14-19.) They all seek relief under 42 U.S.C. § 1983 and cite the First Amendment. (*Id.*) According to the Merchants Association, however, these claims "fail to establish a legal basis for liability because . . . [it] is [not] a governmental entity." (Doc. 63 at 11.) The Court agrees.

To state a claim under § 1983, like here, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Put in this context, "the First [Amendment] do[es] not apply to private parties unless those parties are engaged in activity deemed to be

5

state action." *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988).

According to the complaint, the Merchants Association is a private company. (*See* Doc. 18 ¶ 12.) "Only in rare circumstances can a private party be viewed as a state actor for [§] 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit has recognized three tests "to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state." *Id*. "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id*. Finally, the "nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Id*.

Sheets has not alleged facts to support any of these tests. Although he claims the Merchants Association "intertwined itself with the City of Punta Gorda." (Doc. 18 ¶ 19.) And the City gave the Merchants Association "government powers." (*Id*.) These allegations are conclusory and lack factual support. Sheets cannot create state action by legal fiat. What matters are the

6

facts, not the labels Sheets assigns to the Merchants Association. *See, e.g.*, *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1371 (S.D. Fla. 2014) ("Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.").

The only factual connection between the Merchants Association and the City is that the former "rents a section of downtown" and called the police to trespass Sheets. (Doc. 18 ¶ 16.) But these facts are not enough to create state action. *See, e.g.*, *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) ("[T]he mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government[.]"); *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1027 (11th Cir. 1988) (rejecting the proposition that a private party's "actions constituted state action merely because [it] held its convention in a public building"); *Shepherd v. Wilson*, No. CV 15-00373-KD-N, 2015 WL 9685562, at *6 (S.D. Ala. Dec. 22, 2015) (no state action where law enforcement was used to remove the plaintiff from an event); *Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("When a security situation arises, private businesses that call the police do not transform themselves into state actors.").

"The possession of a permit to perform on public property what are ordinarily private functions does not convert the permit holder into a state actor." *United Auto Workers, Loc. No. 5285 v. Gaston Festivals, Inc.*, 43 F.3d 902, 910 (4th Cir. 1995). This principle ensures that private organizations, like the Merchants Association, "that wish to use public property to organize festivals, fairs, rallies, parades, or meetings, are not chilled from doing so by the possibility that they will be subject to liability as if they were agents of the government." *Id.* Because Sheets has not shown state action, its claims against the Merchants Association under § 1983 fall short.[2]

"When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give . . . an opportunity to amend [the] complaint instead of dismissing it." *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). It cannot be said there are no conceivable facts from which liability might arise against the Merchants Association. Thus, Sheets should be allowed to amend the complaint. *See, e.g.*, *Jemison v.*

---

[2] The Merchants Association also argues that the complaint is an impermissible shotgun pleading. (Doc. 63 at 7.) The Court need not reach this issue because the claims fail on the merits. But for guidance, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). "The key question in deciding whether a pleading is deemed shotgun is not whether a complaint fits into an identified category, but rather whether it includes enough information to allow a defendant and the court to readily determine if it states a plausible claim for relief." *Dunn v. Manuel*, No. 2:23-CV-00871-RDP, 2024 WL 790394, at *2 (N.D. Ala. Feb. 26, 2024). The complaint here is not so procedurally deficient that it fails to give the Merchants Association notice. Any future pleadings, however, must be sure to comply with *Weiland* and its progeny.

8

*Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). Any amendment should identify the correct defendant, "Punta Gorda Downtown Merchants Association, Inc."

For these reasons, it is **RECOMMENDED** that Defendant Punta Gorda Downtown Merchants Association Inc.'s Motion to Quash, Strike, and Dismiss (Doc. 63) be **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to dismiss should be **GRANTED**, and Plaintiff should be directed to file an amended complaint. All other relief should be denied.

**ENTERED** in Fort Myers, Florida on December 3, 2024.

Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.