UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v.                                                                  CASE NO. 2:24-CV-495-JLB-KCD

JERRY PRESSELLER,

THE DOWNTOWN MERCHANTS

COMMITTEE OF PUNTA GORDA,

INC, DAVID JOSEPH LIPKER and

CITY OF PUNTA GORDA.

Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

**INTRODUCTION**

Plaintiff, pursuant to Rule 45 of the Federal Rules of Civil Procedure, respectfully moves this Court to compel compliance with a subpoena duces tecum served on the State Attorney's Office for the 20th Judicial Circuit of Florida (hereinafter "Respondent"). Despite proper issuance of the subpoena, Respondent has improperly treated the subpoena as a public records request under Florida law, demanding $3,000 in fees for redaction. This position is untenable under federal law governing subpoenas and violates the Plaintiff's right to discovery.

**BACKGROUND**

1. On 12/2/2024, Plaintiff served a valid subpoena duces tecum on Respondent, seeking records containing Plaintiff's name as part of the discovery process in this case.
2. The subpoena specifically directed Respondent to produce the requested documents without redaction, unless privileged information is identified and the privilege is substantiated.
3. Respondent has refused compliance, asserting that the subpoenaed records are subject to Florida public records laws and demanding $3,000 in redaction fees.
4. Plaintiff has made good-faith efforts to resolve the dispute, but Respondent continues to refuse compliance, necessitating this motion.



## LEGAL STANDARD

Under Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, a party may move the issuing court for an order compelling compliance with a subpoena. A non-party is obligated to comply with a subpoena unless it demonstrates that compliance would impose an undue burden or that the information sought is privileged. See *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).

## ARGUMENT

I. RESPONDENT HAS FAILED TO ASSERT A LEGITIMATE BASIS FOR NON-COMPLIANCE.

Respondent's refusal to comply is based on an erroneous conflation of a subpoena with a public records request under Florida law. However, subpoenas are judicial orders issued under the authority of the federal court and are governed exclusively by Rule 45 of the Federal Rules of Civil Procedure. See *U.S. v. Nixon*, 418 U.S. 683, 709 (1974) (stating that subpoenas issued under Rule 45 are judicial mandates and must be complied with unless quashed or modified).

Redaction fees under Florida's public records laws do not apply to federal subpoenas. The imposition of such fees constitutes an undue burden and an obstruction to discovery.

II. RESPONDENT HAS NOT DEMONSTRATED UNDUE BURDEN OR PRIVILEGE.

To resist a subpoena, a non-party must show that compliance would result in undue burden or that the information sought is privileged. See *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018). Respondent has not argued undue burden or claimed privilege but instead relies on state law inapplicable to federal subpoenas.

III. COURTS HAVE CONSISTENTLY ENFORCED SUBPOENAS AGAINST NON-PARTIES.

Federal courts have held that non-parties are required to comply with subpoenas unless they can demonstrate specific reasons for non-compliance. See *Dynamic 3D Geosolutions LLC v. Schlumberger Ltd.*, 837 F.3d 1280, 1295 (Fed. Cir. 2016). Attempts to impose unnecessary costs or procedural hurdles have been rejected. See also *Jackson v. Brinker*, 147 F.R.D. 189, 194 (S.D. Ind. 1993) (stating that compliance with subpoenas must not be unreasonably conditioned).

IV. THIS COURT HAS AUTHORITY TO ENFORCE THE SUBPOENA.

Under Rule 45(d)(2)(B)(i), this Court has the authority to compel compliance with subpoenas issued in this case. Courts have repeatedly exercised this authority to ensure that discovery obligations are met. See *Chao v. Aurora Loan Services, LLC,* 2008 WL 5429827, at *3 (E.D. Cal. Dec. 30, 2008).

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Grant this Motion to Compel Compliance with Subpoena;
2. Order Respondent to produce the subpoenaed records without imposing redaction fees; and
3. Award any additional relief deemed appropriate, including sanctions under Rule 45(g) for Respondent's willful non-compliance.

Respectfully submitted,
*/S/ANDREW B SHEETS*

Andrew B. Sheets

11408 Pepperdine Street

Punta Gorda, FL 33955

941-916-2259

federallawsuit4freespeech@gmail.com

12/7/2024

---

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12/7/2024, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to all CM/ECF participants. I further certify

that I mailed the foregoing document and the notice of electronic filing by first-

class mail to any non-CM/ECF participants.

KNOTT EBELINI HART
1625 Hendry Street, Suite 301
Fort Myers, FL 33901
Ph: (239) 334-2722
Fax: (239) 334-2801
aknipe@knott-law.com (Primary)
wferris@knott-law.com (Primary)
jmock@knott-law.com (Secondary)
Asher E. Knipe

Florida Bar No. 0063951
William M. Ferris
Florida Bar No. 1048728
Attorneys for Defendant Punta Gorda
Downtown Merchants Association, Inc.

Robert M. Eschenfelder, Esq.
Florida Bar No.: 8435
Trask Daigneault, LLP
1001 S. Ft. Harrison Avenue, Ste. 201
Clearwater, FL 33756
Telephone: (727) 733-0494
Primary: rob@cityattorneys.legal
Secondary:
jennifer@cityattorneys.legal
Attorney for Defendant Jerry Presseller

David R. Jadon, Esq.
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
Attorney for Defendants City of Punta
Gorda ("City"), and Joseph Lipker, in his
individual capacity