UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v.                                                                                    CASE NO. 2:24-CV-495-JLB-KCD

JERRY PRESSELLER,

THE DOWNTOWN MERCHANTS

COMMITTEE OF PUNTA GORDA,

INC, DAVID JOSEPH LIPKER and

CITY OF PUNTA GORDA.

Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

**INTRODUCTION**

**Plaintiff respectfully moves this Court for an Order compelling the Florida Department of Law Enforcement (FDLE), a non-party, to comply with the subpoena duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. Despite being properly served with the subpoena, FDLE has wrongfully treated it as a public records request under Florida's Sunshine Law and refused to comply appropriately. This refusal is improper and impedes Plaintiff's ability to obtain relevant evidence necessary for prosecuting this civil rights action.**

**BACKGROUND**

1. Plaintiff served a subpoena duces tecum on FDLE on 11/26/2024
2. FDLE responded by invoking Florida's public records laws rather than treating the subpoena as a legal mandate under the Federal Rules of Civil Procedure.
3. FDLE has either failed to produce responsive documents or imposed unwarranted procedural and substantive barriers under state law, which do not apply in this context.



**LEGAL STANDARD**

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena commands a non-party to produce documents within the scope of Rule 26(b). Non-compliance may result in a motion to compel under Rule 45(d)(2)(B)(i). State procedural rules, such as public records laws, do not override federal discovery rules in federal litigation. See *United States v. McDonnell Douglas Corp.*, 751 F.2d 220, 224 (8th Cir. 1984) ("Federal law, not state law, governs discovery in federal civil cases.").

**ARGUMENT**

1. **FDLE Must Comply with Federal Rules, Not State Sunshine Laws.**
   The subpoena issued to FDLE is governed by the Federal Rules of Civil Procedure, which take precedence over Florida's Sunshine Law in this federal civil rights action. The Supreme Court has consistently held that federal procedural rules preempt conflicting state laws in federal court proceedings. See *Hanna v. Plumer*, 380 U.S. 460, 472 (1965).

   FDLE's reliance on Florida's public records statutes to delay or deny compliance is improper and prejudicial to Plaintiff. In *Davis v. City of Springfield*, 367 F. Supp. 2d 1203, 1207 (D. Nev. 2005), the court explicitly rejected a non-party's attempt to rely on state procedural laws to avoid compliance with a federal subpoena, emphasizing that Rule 45 governs.

2. **The Subpoena Seeks Relevant and Proportional Information.**
   The documents sought are highly relevant to Plaintiff's claims of conspiracy by multiple agency's working to kill plaintiffs free speech and press and fall squarely within the permissible scope of discovery under Rule 26(b). As the court noted in *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995), federal courts favor broad discovery in civil rights cases to ensure adequate vindication of constitutional rights.

3. **FDLE's Obstruction Undermines the Purpose of Rule 45.**
    By treating the subpoena as a public records request, FDLE has imposed barriers intended for a wholly different context, thereby frustrating the purpose of Rule 45. The court in *Duffy v. Kent County Levy Court*, 800 F. Supp. 2d 624, 632 (D. Del. 2011), held that state agencies must comply with federal subpoenas and cannot impose state-specific procedural hurdles to avoid compliance.

4. **The Court Has Authority to Compel Compliance.**
    Under Rule 45(d)(2)(B)(i), this Court has authority to compel compliance with the subpoena, particularly when a non-party's refusal to comply lacks a legal basis. See *In re Subpoena Duces Tecum to U.S. Dep't of Veterans Affairs*, 2007 WL 5345736, at *3 (D.D.C. Nov. 13, 2007) ("Non-parties are obligated to produce documents in response to subpoenas issued under Rule 45 unless they demonstrate a valid privilege or other legal exemption.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion to Compel and order FDLE to comply with the subpoena duces tecum within 30 DAYS. Plaintiff further requests that the Court award any appropriate relief, including costs and attorney's fees associated with filing this motion, as authorized under Rule 37(a)(5).

Respectfully submitted,
*/S/ANDREW B SHEETS*

Andrew B. Sheets

11408 Pepperdine Street

Punta Gorda, FL 33955

941-916-2259

federallawsuit4freespeech@gmail.com

12/7/2024

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12/7/2024, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to all CM/ECF participants. I further certify

that I mailed the foregoing document and the notice of electronic filing by first-

class mail to any non-CM/ECF participants.

KNOTT EBELINI HART

1625 Hendry Street, Suite 301
Fort Myers, FL 33901
Ph: (239) 334-2722
Fax: (239) 334-2801
aknipe@knott-law.com (Primary)
wferris@knott-law.com (Primary)
jmock@knott-law.com (Secondary)
Asher E. Knipe
Florida Bar No. 0063951
William M. Ferris
Florida Bar No. 1048728
Attorneys for Defendant Punta Gorda
Downtown Merchants Association, Inc.

Robert M. Eschenfelder, Esq.
Florida Bar No.: 8435
Trask Daigneault, LLP
1001 S. Ft. Harrison Avenue, Ste. 201
Clearwater, FL 33756
Telephone: (727) 733-0494
Primary: rob@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
Attorney for Defendant Jerry Presseller

David R. Jadon, Esq.
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
Attorney for Defendants City of Punta Gorda ("City"), and Joseph Lipker, in his individual capacity