UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW B. SHEETS, Plaintiff
v.
JERRY PRESSELLER,
PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,
DAVID JOSEPH LIPKER and
CITY OF PUNTA GORDA.

Case No.: 2:24-cv-00495-JLB-KCD

PLAINTIFF'S NOTIFICATION OF DISCOVERY MISCONDUCT

Plaintiff, Andrew B. Sheets, pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37 for relief against Defendant Jerry Presseller for providing materially false and misleading discovery responses, which Plaintiff can conclusively refute with documentary and video evidence. Plaintiff also seeks relief to remedy the prejudice caused by this misconduct and ensure the integrity of these proceedings.

I. INTRODUCTION

Defendant Jerry Presseller, in his responses to Plaintiff's Second Request for Admissions, has made materially false and misleading statements regarding his actions and involvement in Plaintiff's repeated trespassing and interference with his constitutionally protected First Amendment activities, including journalism and protest. These misrepresentations are contradicted by video evidence and Defendant's own recorded statements, creating significant concerns regarding his credibility and compliance with discovery obligations.

II. FACTUAL BACKGROUND

 Plaintiff, an independent journalist, was repeatedly trespassed and threatened with removal from public sidewalks adjacent to a farmers market in Punta Gorda, Florida, while engaging in lawful First Amendment activities.
 Defendant Presseller, who managed the market, claims in his discovery responses that:
 He never directed law enforcement to issue trespass warnings (Response to Request No. 4)Exhibit A .
 Plaintiff was not trespassed for filming but for "disruptive behavior" (Response to Request No. 5)Exhibit A .
 He had no knowledge of Plaintiff's journalistic activities (Response to Request No. 9)Exhibit A .
 These responses are contradicted by video evidence, including:
 Footage of Defendant stating that Plaintiff could not film because the market was "private property" Exhibit B .
 A 911 call in which Defendant explicitly stated Plaintiff was taking pictures and speaking with merchants, warranting police action Exhibit B .
 Multiple instances in which others were allowed to film without interference Exhibit B .

III. LEGAL STANDARD

Discovery Obligations: Parties must provide truthful and complete responses to discovery requests under Federal Rule of Civil Procedure 26(g). False or misleading responses undermine the integrity of the judicial process.
   Rule 37 authorizes consequences for discovery violations, including:
     Striking pleadings or defenses.
     Adverse inference instructions.

  Relevant Case Law:
    Chambers v. NASCO, Inc., 501 U.S. 32 (1991): Courts have inherent authority to impose consequences for bad faith conduct.
    Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980): False discovery responses may warrant severe sanctions.
    Hickman v. Taylor, 329 U.S. 495 (1947): Truthful discovery is essential to the judicial process.

IV. ARGUMENT
A. Defendant Provided False and Misleading Discovery Responses

  Defendant's claim that he did not direct law enforcement to trespass Plaintiff is refuted by:
    A 911 recording where Defendant specifically requests Plaintiff's removal for filming Exhibit B .
    Video evidence showing Defendant calling the police and directing their actions against Plaintiff Exhibit B .
   Defendant's denial that Plaintiff was trespassed for filming is contradicted by:
     Police incident reports stating Plaintiff was trespassed for videotaping Exhibit B .
     Defendant's own admission on video that Plaintiff could not film because "he was not invited" Exhibit B .
   Defendant's denial of viewpoint discrimination is belied by:
     Evidence showing that other journalists, including NBC, were allowed to film without interference, while Plaintiff was trespassed Exhibit B .

B. Defendant's Misconduct Prejudices Plaintiff

  Defendant's falsehoods undermine Plaintiff's ability to prove viewpoint discrimination, a key claim under 42 U.S.C. § 1983.
   Plaintiff has been forced to expend significant time and resources gathering evidence to refute Defendant's misrepresentations.

C. consequences Are Warranted

  Defendant's conduct demonstrates bad faith and a willful disregard for discovery obligations.
   consequences are necessary to deter further misconduct and ensure a fair trial.

V. RELIEF REQUESTED

Plaintiff respectfully notify the Court:

   An adverse inference that Defendant acted with discriminatory intent.
    Permit Plaintiff to present video evidence of Defendant's falsehoods at trial to undermine his credibility.
    Refer the matter for potential perjury investigation if the Court deems appropriate.

VI. CONCLUSION

Defendant's discovery misconduct undermines the integrity of these proceedings and prejudices Plaintiff's ability to litigate his claims. Plaintiff respectfully requests that this Court grant any additional relief deemed just and proper.

**Local Rule 3.01(g) Certification**:
Pursuant to Local Rule 3.01(g), on **12/25/2024**, Plaintiff, **Andrew Bryant Sheets**, conferred with counsel for Defendant**s** via **email** regarding the notification. During this discussion, Defendant's counsel confirmed that they oppose Plaintiff's notification. jerry presseller lawyer would not respond.

This certification reflects Plaintiff's good-faith compliance with the conferral requirement of Local Rule 3.01(g).


Attachments

   Exhibit A: Defendant's Responses to Plaintiff's Second Request for Admissions
   Exhibit B: 2nd amended complaint with Video Evidence and Transcript of 911 Call


Respectfully Submitted,
/S/*Andrew B. Sheets*, Pro Se
11408 pepperdine st
punta gorda,fl,33955
federallawsuit4freespeech@gmail.com
1/5/2025


CERTIFICATE OF SERVICE

I hereby certify that a copy of this NOTIFICATION was served on all counsel of record via court system website on 1/5/2024


ROBERT MICHAEL ESCHENFELDER
Florida Bar No.: 0008435
JAY DAIGNEAULT
Florida Bar No.: 0025859
Trask Daigneault, L.L.P.
1001 S. Ft. Harrison Avenue, Ste. 201
Clearwater, FL 33756
Phone: 727.733.0494
Primary: rob@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal

David R. Jadon, Esq.
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.

255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com

KNOTT EBELINI HART
1625 Hendry Street, Suite 301
Fort Myers, FL 33901
Ph: (239) 334-2722
Fax: (239) 334-2801
aknipe@knott-law.com (Primary)
wferris@knott-law.com (Primary)
jmock@knott-law.com (Secondary)
Asher E. Knipe
Florida Bar No. 0063951
William M. Ferris
Florida Bar No. 1048728