# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ANDREW B SHEETS,

    Plaintiff,

v.                                                                       Case No: 2:24-cv-0495-JLB-KCD

JERRY PRESSELLER; the
DOWNTOWN MERCHANTS
COMMITTEE OF PUNTA GORDA, INC;
DAVID JOSEPH LIPKER; and the
CITY OF PUNTA GORDA, a
Florida municipal corporation,

    Defendants.

_____/

## DEFENDANT JERRY PRESSELLER'S NOTICE OF SERVING RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

Defendant Jerry Presseller, by and through his undersigned counsel, hereby

provides Plaintiff Notice of Serving his Responses to Plaintiff's Second Request for

Admissions.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 23rd 2024**, the foregoing was served
to: **Andrew Sheets**, Plaintiff pro se, at federallawsuit4freespeech@gmail.com; and
David Jadon, Esq., who is attorney for Defendants Lipker and City of Punta Gorda,
at: djadon@roperpa.com; and **Asher Knipe**, Esq., who is attorney for Defendant
Downtown Merchant's Committee, at: aknipe@knott-law.com.

                /s/ **Robert Michael Eschenfelder**
                ROBERT MICHAEL ESCHENFELDER
                Florida Bar No.: 0008435

Trask Daigneault, L.L.P.
1001 S. Ft. Harrison Avenue, Ste. 201
Clearwater, FL 33756
Phone: 727.733.0494
Primary: rob@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal

## DEFENDANT PRESSELLER'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

1.     Admit that The Downtown Merchants Committee of Punta Gorda, Inc. leases public sidewalks and streets from the City of Punta Gorda for the purposes of operating a Farmers Market.

> **ANSWER:** Deny. I am not an officer of that entity, but my understanding is that the association obtains an event permit from the City.

2.     Admit that the Farmers Market area includes public sidewalks and streets that are generally accessible to the public.

> **ANSWER:** To the best of my knowledge, the area on which the market is permitted to operate by the City includes sidewalks and streets. To my knowledge, members of the public can access streets and sidewalks unless they are closed by the City.

3.     Admit that you have allowed individuals or media organizations, such as NBC, to record or film at the Farmers Market without requiring prior permission or invitation.

> **ANSWER:** In my oversight of the market for the association, I do not have any responsibility to coordinate the presence of members of the media while the market day is occurring. To the extent I have been aware of members of the media present at a market, I have never had occasion to summon law enforcement since those persons did not engage in the kind of disruptive conduct Plaintiff engaged in when I summoned law enforcement regarding Plaintiff's conduct.

4.    Admit that you requested or directed the Punta Gorda Police Department to issue a trespass warning to Plaintiff, Andrew Sheets, for recording or filming at the Farmers Market on multiple dates.

> **ANSWER**: I deny that I directed police officers to do anything, I have no authority over police officers. I admit I summoned police officers when Plaintiff was present at the market engaging in conduct which was disruptive and disturbing to market vendors and patrons. I have never objected to anyone using a recording device at the market. I assume persons use their cell phones to record themselves or their loved ones or whatever else regularly, just as they do in society. I have never asked anyone to be trespassed because they were recording anything.

5.    Admit that the decision to issue a trespass warning to Plaintiff, Andrew Sheets, was based in part on his activities related to recording or filming at the Farmers Market.

> **ANSWER**: Deny, see response to #4 above.

6.    Admit that there are no written policies prohibiting recording or filming at the Farmers Market by members of the general public.

> **ANSWER**: Admit, I know of no such policy.

7.    Admit that you did not issue a trespass warning to other individuals recording or filming at the Farmers Market on the same day Plaintiff, Andrew Sheets, was issued a trespass warning.

> **ANSWER**: I do not issue trespass warnings, police officers do. Nevertheless, I deny I have ever summoned law enforcement or asked law enforcement to trespass anyone from the market for the mere act of recording anything.

8.    Admit that the Farmers Market has permitted other individuals to record or film at the Market without interference, restriction, or trespass warnings.

> **ANSWER**: I am not "the market", I am Defendant Jerry Presseller. I do not coordinate media or filming events at the market. See responses to # 3 and # 4 above.

9.      Admit that you were aware Plaintiff, Andrew Sheets, was engaged in activities related to journalism or reporting when he was present at the Farmers Market.

> **ANSWER**: This question is calls for a subjective assessment of what conduct "related to journalism or reporting" means. While I am aware from reviewing your lawsuit that you claim to be a journalist and that you were engaged in journalism when the police were summoned, I do not perceive your conduct on the day in question to be journalism. You were clearly engaged in behavior which was disturbing patrons and vendors at the market, and disrupting the operation of the market. I have never seen a journalist engage in similar conduct, but I would summon police should any other person engage in the same conduct you engaged in, regardless of what job that person may hold, including being a journalist.

10.      Admit that The Downtown Merchants Committee of Punta Gorda, Inc. has no formal training for staff or volunteers regarding First Amendment rights, including freedom of the press and public recording rights on public property.

> **ANSWER**: You have asked this question various times already in prior discovery questions. My answer remains that I know of no such training.

11.      Admit that Plaintiff, Andrew Sheets, was trespassed for engaging in the same or similar recording activities as other individuals who were permitted to record without restriction at the Farmers Market.

> **ANSWER**: This is essentially the same question as # 8. Please see my response to # 8.

12.      Admit that you did not give Plaintiff, Andrew Sheets, an opportunity to challenge or appeal the trespass warning issued to him.

> **ANSWER**: Admit. To my knowledge, someone who has a negative interaction with law enforcement resulting in an enforcement action should follow any "appeal" procedures the law provides for. I am a private citizen, I do not offer "appeal" procedures.

13.    Admit that The Downtown Merchants Committee of Punta Gorda, Inc. has the authority to request law enforcement assistance at the Farmers Market to enforce certain rules and policies.

**ANSWER**: I am not an officer of that entity, and I do not speak for them. I am not an attorney or judge, and so I cannot speak to what legal rights other persons or entities may have.

14.    Admit that The Downtown Merchants Committee of Punta Gorda, Inc. has not issued written guidelines or policies on the regulation of recording or filming by members of the public at the Farmers Market.

**ANSWER**: You have asked this question various times in prior discovery. My answer remains the same. There are no such guidelines.

15.    Admit that your decision to request a trespass warning for Plaintiff, Andrew Sheets, was influenced by the content or viewpoint of his recording activities.

**ANSWER**: Deny. I do not have any idea what Plaintiff's "viewpoint" is, and I could not know the content of his recording, if he was recording at the time, because I did not review that content. I summoned law enforcement because Plaintiff's conduct, including his words and actions, was disrupting the market and was disturbing market patrons and vendors.

16.    Admit that you are aware that public sidewalks and streets leased for the Farmers Market remain public property, accessible under general public forum principles.

**ANSWER**: I am not a judge or lawyer, and so I have no ability to admit or deny a legal argument.

17.    Admit that the City of Punta Gorda Police Department acted upon your direction or request in issuing a trespass warning to Plaintiff, Andrew Sheets, at the Farmers Market.

**ANSWER**: See answer to # 4 above.

18.    Admit that Plaintiff, Andrew Sheets, was treated differently from other individuals engaged in similar recording activities at the Farmers Market.

**ANSWER**: Deny. I have never encountered anyone who engaged in conduct at the market in the same manner as Plaintiff did on the day I summoned law enforcement. If anyone else would engage in such conduct, I would summon law enforcement in the same manner.

19.     Admit there was no open bid for this area.

**ANSWER**: I do not understand this question and so I cannot admit or deny it.

20.     Admit that you had exclusive rights to this area.

**ANSWER**: I did not hold the event permit for the market and so I had no "rights to the area." I was a private citizen assisting a private entity to operate a private market.

21.     Admit that you wanted to change the agreement for the farmers market area to a rental lease agreement that gave you more power to control it.

**ANSWER**: I am not an officer of the entity which puts on the market, and I have never sought, nor do I want, a rental lease agreement. I oversee the onsite market for the association. What arrangement that entity wants or wanted with the City is for it to discuss.

22.     Admit ownership, control, and authority over the Farmers Market property.

**ANSWER**: Deny. The City of Punta Gorda owns and controls its public lands, including the area where the market is conducted. To my understanding, the City's issuance of an event permit to the association authorized the association to operate a market (a non-governmental event) on the land during the dates and times noted in the permit.

23.     Admit that you know the plaintiff is a local independent report.

**ANSWER**: Deny.

24.     Admit that you talked to plaintiff on camera about ian mcguire.

Page 6 of 8

**ANSWER**: I admit that I have had to interact with Plaintiff on various occasions. I have no idea which of these interactions Plaintiff recorded on a camera.

25.    Admit that you have repeatedly called the police on plaintiff for protesting and journalism outside the farmers market on the sidewalk.

**ANSWER**: Admit that I have summoned law enforcement on various occasions due to Plaintiff's disruptive conduct which disturbs patrons and vendors at the market. Deny that Plaintiff's viewpoints or alleged "journalistic activities" motivated those calls.

26.    Admit that you repeatedly called the police on local reporter ian mcguire for filming in the public farmers market.

**ANSWER**: Deny. In 2019, the individual you reference engaged in stalking behavior related to a market vendor, conduct for which the individual later pled guilty in federal court. I have never summoned the police because a reporter was filming at the market.

27.    Admit that you call the police on any one (sic) you don't like that is in the market or outside the market.

**ANSWER**: Deny. I am generally aware that making false police reports is a crime, and I do not desire to engage in such conduct. Any instance where I may have summoned law enforcement while at the market has not been motivated by my like, or dislike, of anyone. Rather, it has been because there was an individual engaging in conduct which disrupts the operation of the market, or disturbs or threatens market vendors or patrons.

28.    Admit that you are the manager for the farmers market.

**ANSWER**: Admit that the association compensates me to coordinate and oversee various aspects of the market's operations.

29.    Admit that you used to own the farmers market.

**ANSWER**: Deny. To my knowledge, the market is not a physical asset or legal entity which can be owned by anyone.

30.     Admit there was no open bid on that area for the farmers market.

**ANSWER**: See answer to # 19 above.

31.     Admit that no one alse (sic) has as good rental agreement as you do from the city.

**ANSWER**: I do not understand what Plaintiff is asking in this question. I do not have any agreement with the City, rental or otherwise, related to the market.