UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION


ANDREW B SHEETS                                    Case # 2:24 – cv- 00495-JLB-KCD

Plaintiffs

V

JERRY PRESSELLER IN PERSONAL AND PROFESSIONAL CAPACITY

PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.

DAVID JOSEPH LIPKER, IN PERSONAL AND PROFESSIONAL CAPACITY

CITY OF PUNTA GORDA,

 Defendants

---

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Pro Se ANDREW B SHEETS  files second Amended Complaint by direction of the honorable

court Doc # 73.

## Introduction

My name is Andrew Sheets, and I have been an independent journalist for over ten years. My work involves obtaining public records and exposing corruption across various online platforms. I document this process extensively, including the use of a body camera.

In the course of my work, the City of Punta Gorda implemented a ban on filming government officials inside public buildings and has repeatedly issued trespass notices against me without providing an avenue for appeal. These actions have also prevented me from attending public meetings, which is a violation of Florida law.

Additionally, when Ian McGuire, another journalist, attended a publicly announced farmers market to report news with a camera, the city altered its agreement for the event to classify it as a temporary use space. Later, when I entered the same market to shop and document a story, as well as to protest ians treatment, I was trespassed multiple times for filming at that public event for filming with my body camera.

Punta Gorda has also restricted free speech activities, for protesting politics on a public sidewalks. I was ticketed and fined repeatedly. Further, I was arrested, jailed, and

**ultimately convicted for engaging in a political free speech protest related to abortion on a public sidewalk. Despite these events, Punta Gorda has continued to threaten me with arrest should I attempt to engage in lawful political protests on public sidewalks.**

## JURISDICTION AND VENUE

This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section 1331 and 1343(a)(3) as well as 42. U.S.C section 1983.

Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section 1391(b) and M.D. Fla. Loc. R. 1.02

## PARTIES

ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

DAVID JOSEPH LIPKER is a Police officer for the City of Punta Gorda. In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

JERRY PRESSELLER is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC is a company, doing business in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

DAVID JOSEPH LIPKER, JERRY PRESSELLER,  PUNTA GORDA DOWNTOWN

MERCHANTS ASSOCIATION, INC acting under the color of law in Punta Gorda Florida,

in Charlotte County during relevant times of this Complaint.

City of Punta Gorda is a municipality; in Punta Gorda Florida, in Charlotte County during

relevant times of this Complaint.

1.  **Factual Allegations**

2.  Punta Gorda's Farmers Market has been enclosed with cones and signs, facilitating the

    unconstitutional enforcement of ordinance 15-48

3.



**Nexus/Joint action**

4. JERRY PRESSELLER, and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. works with the City of Punta Gorda to have the Farmers market.

5. JERRY PRESSELLER is the manager of the PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC..

6. JERRY PRESSELLER, and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. did receive a temporary use permit from the City of Punta Gorda; so that the PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC could hold the Farmers market.

7. All events thrown in Punta Gorda must comply with the "Event Manual and Application" (Exhibit A)

8. The events manual, shows that events are collaborations between the city and private individuals. A lease is not obtained; but rather an event permit (temporary use permit), that allows the private party, some control over the event, however the city also controls what the private party is allowed to do. The city also has control of the event itself. Private Party must comply with all 90 pages of the Event Manual;

9. On the event permit application (Exhibit A P. 31) it states the following. "Please be aware that approval does not exempt the applicant from any County, State or Federal criteria which may apply to such event or activity." Here the city clearly states that constitutional rights must continue to be honored.

10. On page 2 of the event Manual the City show exactly how intertwined they are with the third part and the level of control the City has.

11. "Remember, when you close a street, even for two or three blocks, this can affect traffic for miles around as traffic is rerouted or turned away. The impact of a street closure is similar to dropping a pebble in a pond with each concentric circle expanding.

12. Does your street closure block or impede access to police stations, fire stations, hospital emergency access routes, churches, schools, businesses, or residences?

13. How does your event affect our public street system with regard to traffic routes or access? Are alternate routes available to accommodate the numbers of people?"

14. Page 2 of the event manual also show third party must comply with Americans with

    Disabilities act. "Have you planned to insure people with disabilities are able to obtain or

    enjoy the same goods, activities, services, and benefits that are available to other

    members of the public?"

15. Page 22 show requirements placed on PUNTA GORDA DOWNTOWN MERCHANTS

    ASSOCIATION, INC. to close the streets.

16. Streets/Traffic

17. If any street(s) or sidewalk(s) are to be closed, the applicant will coordinate with the Right-of-way Division,941-575-5010, to develop an approved maintenance of traffic (MOT) plan prior to submitting the event application for DRC review.

18. If road is FDOT Right-of-way, FDOT permit is required; the Zoning Division and Right-of-way Division will assist the applicant with the FDOT permit application.

19. The event organizer is required to provide a press release to the local media regarding any street closures or interruptions in the normal traffic flow.

20. The private party must also comply with stipulations on the temporary use permit. There

    is a gap from 2013 till 2020 defendants could not provide plaintiff with used permits.

**12/4/2013**

🖶 Print

---

**Title:**  Special Council Approval for the Punta Gorda Chamber of Commerce/Downtown Merchant's Association Weekly Farmer's Market

**Funds:**  N/A

**Recommended Action:**  Staff recommends approval of the request as outlined.

**Summary:**  The downtown farmer's market was originally approved in 2008 as a 'Temporary Use' and has renewed the Temporary Use permit annually. As the PGCC/DMA Farmer's Market has become a very successful and popular addition to the downtown on Saturday mornings, staff is seeking City Council approval for the weekly market to continue within the same guidelines as it has been, without the need to apply for a 'Temporary' annual permit.

Staff would continue to address any technical or public safety issues or concerns which may arise in the future. If any significant changes are proposed for the Farmer's Market, an amended request would need to be submitted to staff for technical and public safety review prior to bringing the request back to City Council. Continued coordination for Saturday parades would be required.

Staff would like to review the request to also operate the market on Block

21. However the following use permit shows the one before this was from 2013 then restarted in 2020.



CITY OF PUNTA GORDA

ZONING & CODE COMPLIANCE
326 WEST MARION AVENUE
PUNTA GORDA, FL 33950
(941) 575-3352
pgcode@CityofPuntaGordaFL.com
Zoning@CityofPuntaGordaFL.com

## TEMPORARY USE PERMIT

Downtown Merchants Committee of Punta Gorda, applicant(s), has been approved for a Temporary Conditional Use Permit # TU-02-2020 (original TCU-06-08) at to operate a weekly Farmers Market in the Herald Court/Taylor Street/Hector House Plaza/portion of Sullivan Street as outlined in the attached rental map. Market must relocate on early election voting days, dates are provided by the Supervisor of Elections, Block Party, annual Saturday parades, including but not limited to Christmas Parade, Veteran's Parade. Approval is subject to Maintenance of Traffic (MOT) requirements provided by the City of Punta Gorda's Public Works Department. Farmers Market area rented by the City, $750.00 annually. A maximum of 8 off-premises signs and 2 on-premises signs have been approved with this temporary use permit. Per City Council, December 4, 2013, annual Council approval is not required. A renewal application submitted for DRC review is required.

This permits begins on:   March 13, 2020

This permits expires on:   March 12, 2021

22. Maintenance of traffic requirements are provided by the City of Punta Gorda's public works department.

23. areas that were granted use were not surplus state property, but constituted a physically and financially integral and, indeed, indispensable part of the CITY OF PUNTA GORDA. Specifically, the public property used for the farmers market is Downtown Punta Gorda.

24. The CITY OF PUNTA GORDA was a joint participant in the operation of the Farmers Market. JERRY PRESSELLER and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC have intertwined itself with the city of Punta Gorda, the use permit between defendants, has given government powers, and authority to JERRY PRESSELLER and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC to control public property in downtown Punta Gorda.

25. Specifically, JERRY PRESSELLER while clothed it in the authority of the state, and working under the color of law claims, the public roadways and public sidewalks of the City of Punta Gorda is now his own private property. However this is not correct; the roadways and public sidewalks, are still under the control of the city of Punta Gorda. Defendant PRESSELLER does have control over the farmers market however that control is shared with the city of Punta Gorda.

26. It would be Impossible for Mr Presseller and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC to hold the farmers market without the city of Punta Gorda since roads had to be closed down.

27. Not only does the City of Punta Gorda, control temporary use permits via the event manual. The also has an entire section through a City Code. Exhibit B is that City Code. It falls under chapter 26 of land development regulations.  Section 16.9. Temporary Use Permits 26 – 474.

28. The amount of city control, and regulations placed upon the third party our extensive and numerous showing that at all times the city does have control of what's taking place in the event.

29. City of Punta Gorda has the right to terminate any temporary use permit.

30. Section 16.9

31. Temporary Use Permits

(f). Termination. At the end of the time period for which the temporary use was permitted, including any renewal or extension periods, the use shall be discontinued and all temporary structures and signs shall be removed within twenty-four (24) hours. Failure to comply with this requirement shall be a violation of this Ordinance. The Zoning Official reserves the right to terminate any temporary use permits to protect the public health, safety and welfare. City of Punta Gorda has the right to revoke the permit at any time.

32. Section 16.9

33. Temporary Use Permits

h). Revocation of Permit. The Zoning Official may revoke a temporary use permit at any time upon the failure of the owner or operator of the use covered by the permit to observe all requirements of the permit, this section and other relevant provisions of law, including failure to obtain appropriate business licenses.

34. JERRY PRESSELLER and  PUNTA GORDA DOWNTOWN MERCHANTS

ASSOCIATION, INC, did discriminate against ANDREW B SHEET's viewpoint, and

did trespass Plaintiff Sheets for his journalistic activities of recording on public property

(public sidewalks and roadways) where individuals were conducting business. It should

be noted there is no expectation of privacy under Florida law when the conduct is related

to business.

35. JERRY PRESSELLER and  PUNTA GORDA DOWNTOWN MERCHANTS

ASSOCIATION, INC did allow others to conduct identical journalistic activities, without

trespass warnings.

### 36. (State Action 15-48)

37. In discovery Defendant Lipker uncovers, the moving force; an Ordinance that was used

that made Plaintiffs constitutional activity of filming illegal.

38. 15-48 is not reasonable nor viewpoint neutral

39. "20. Describe any instructions you received from supervisors, colleagues, or

legal advisors regarding interactions with individuals engaged in filming or

recording at the Farmers Market and city propertys, including instructions

related to viewpoint-neutral enforcement.

40. ANSWER: Defendant is no longer employed with the City of Punta Gorda.

Defendant is able to recall that there was a City ordinance that governed

filming in a City building.

41. Sec. 15-48. Control of Access to City-owned, Controlled and Leased Property.

42. Under section (e)  Except within the City Council Chambers, conference rooms, and other locations in which a public meeting is being conducted pursuant to a public notice, it shall be unlawful and a violation of this Ordinance, to record video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded.

43. The ordinance is unconstitutional as applied to Plaintiffs filming on a public sidewalk.

44. In an earlier video JERRY PRESSELLER at the Farmers Market explains how video recording, is illegal because the property is RENTED property.

45. JERRY PRESSELLER: "Is that camera going? Andy you know we don't allow that camera to be working."

46. Plaintiff: "Really?"

47. JERRY PRESSELLER: "Yes!"

48. Plaintiff: "Seriously?"

49. JERRY PRESSELLER: "Yes you know that"

50. Plaintiff: " Are we in public? "

51. JERRY PRESSELLER: " No, No we are not in public, this, I Rent this, I own this."



52.

53. Furthermore the incident report for the May 30th 2020 trespassing by Defendant Lipker; shows that plaintiff sheet was trespassed for videotaping. The following is from that incident report.

54. " I observed sheets and another male standing videotaping each other"

55. " Mr. Sheetz did not agree he was a problem or causing any type of disturbance. He admitted that he was videotaping but I did not witness any type of disturbance."

56. On 3/19/2022 Plaintiff was once again trespassed by Defendant JERRY PRESSELLER for filming.

57. The 911 call once again shows that Defendant JERRY PRESSELLER was enforcing 15-48; officers were immediately sent to trespass Plaintiff, for doing nothing more than filming.

58. The following is from 911 call from the Farmer market Manager JERRY PRESSELLER :

59. Operator: "and what is he doing"

60. Defendant JERRY PRESSELLER: " I am sorry"

13

61. Operator: "and what is the male doing that you want to trespass ?"

62. Defendant JERRY PRESSELLER: " He's taking pictures and talking to the merchants, trying to speak to the merchants. We have had trouble with this guy before.

63. Operator: "ok not a problem we will send somebody over.

64. Both Defendant JERRY PRESSELLER, and DAVID JOSEPH LIPKER, worked in concert to enforce 15-48(e).  It should be noted that in all three of these incidences JERRY PRESSELLER was acting on behalf of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.

5/30/2020

65. Below unknown man is seen engaging in video recording, this individual was never trespassed. The Man with the mask around his chin is JERRY PRESSELLER.

66.



67. Further viewpoint discrimination shows that. JERRY PRESSELLER and PUNTA

GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. allowed NBC 2 to

68. engage in the journalistic activities of recording.



69. The following conversation was captured between Plaintiff SHEETS and Defendant
    JERRY PRESSELLER, this happens at time stamp, 9:50:27 on Mr. Sheet's body camera
    5/30/2020.

70. Mr. JERRY PRESSELLER, states "this shows you the area that I rent from the city,  it's
    private property."

71. There some small talk between Presseller and Sheets. Then Mr. Sheets asks the following
    question.

72. Mr. Sheets; "why did you threaten me the other day for filming? When NBC was filming
    too."

73. Mr. JERRY PRESSELLER, "because we invited them, so we did not invite you."

74. Mr. Sheets; "OH, so if you see someone with a camera, you have to invite them to film and take a picture?"

75. Mr. JERRY PRESSELLER, "yes sir"

76. Mr. Sheets; " Really ?"

77. Mr. JERRY PRESSELLER, "yes sir"

78. At time stamp 9:55:53 JERRY PRESSELLER can be seen calling Punta Gorda Police Dept.

79.



80. At timestamp 9:57:42 Mr. Sheets tells Mr. PRESSELLER " So I was doing business here today. I was doing a story on if it's legal to record in public."

81. Mr. PRESSELLER replies "This is not Public so I Guess not."

82. At timestamp 9:58 PRESSELLER states: "I rent this space, and I able to choose who, I want here and who I don't. And I invite TV newscasters here, for positive stories and obviously you don't do that. So I don't invite you here."

83.



84. At timestamp 10:02:16 DAVID JOSEPH LIPKER officer of Punta Gorda police dept, trespasses Plaintiff Sheets at the Direction of Mr. PRESSELLER, this stops Plaintiffs journalistic activities.

**Municipality liability:**

(Monell)

85. CITY OF PUNTA GORDA through its procedures, policies, practices, and customs, caused the violation of Mr. Sheets First Amendment rights. The CITY OF PUNTA GORDA, uses trespass warnings to stop Mr. Sheets speech. These trespass warnings, are given by Punta Gorda city police officers, even though the activity that Mr. sheets is engaged in is constitutionally protected.

86. Once Mr. sheets is given a trespass warning, if he returns to the location, Mr. Sheets will be arrested. Once Mr. sheets is given a trespass warning, Plaintiff cannot revisit the area for one year.

87. These trespass warnings effectively stop, Plaintiff's First Amendment activities at any location he is trespassed at, and have a chilling effect on Plaintiff Sheets First Amendment Rights. Mr. Sheets has been trespassed at least 10 times for First Amendment activities.  CITY OF PUNTA GORDA and through its procedures, policies, practices, and customs, uses unconstitutional trespass warning to chill First Amendment Activities.

88. Not being able to challenge or appeal trespass warnings violates procedural due process. The ease with which trespass warnings may be issued is particularly problematic here because the trespass ordinance provides no procedural means for a warning-recipient to challenge the warning. An evident process for such challenges has significant value in avoiding mistakes. Even if it is impractical for the City to provide a pre-warning hearing to "assure that there are reasonable grounds to support" the trespass warning, the City must provide some post-deprivation procedure to satisfy the requirements of the Due Process Clause.

## Deliberate indifference for failure to train

89. The City of Punta Gorda, allows some individuals to engage in journalistic activities, while preventing other individuals from engaging, in identical journalistic activities. By doing so the city of Punta Gorda is engaged in a custom of viewpoint discrimination. The city of Punta Gorda has failed to train its officers, on viewpoint discrimination. A pattern of similar constitutional violations, against Plaintiff Sheets by "untrained employees" demonstrates a deliberate indifference for failure to train. At the time of Mr. sheets trespass for filming by Defendant LIPKER, a vendor at the farmers market was engaged in identical conduct of filming. Only Mr. sheets was trespassed, the vendor engaged in Free Press activities with impunity.



90. This was not the only time Mr. sheets was a victim of viewpoint discrimination by untrained employees who worked for the City of Punta Gorda.

91. On 10/01/2020 at 9:45 Plaintiff Andrew Sheets was trespassed by city employee DYLAN J RENZ from Punta Gorda Public Safety Complex for filming. Below is from Plaintiff's body worn camera.



92.

93. The following is from that Trespass citation.

94. "The city of Punta Gorda has rules of conduct based upon the city ordinance regarding audio and video recording inside city facilities. (15-48 and 1938-2020)"

95. " I observe that Sheets was wearing a small camera on a lanyard around his neck and that the red light on the camera was flashing."

96. However other Journalists are allowed to film inside the Punta Gorda Public Safety

Complex and shows that untrained employees engaged in viewpoint discrimination.

97.



**Punta Gorda police search for Charlotte Harbor Event Center vandals**



98. https://youtu.be/d9q2LHkylno?si=clLSqeFcFCBlIMBg

99.



100.     The above bodycam from a Punta Gorda officer shows Plaintiff receiving a ticket violation in 2021 for the shirt plaintiff is wearing. Once again, an untrained officer, employee of City of Punta Gorda, commits a viewpoint discrimination violation against Plaintiff.

101.     **(15-48 Violation of the 1st Amendment as applied to public sidewalks)**

102.     The City of Punta Gorda, ordinance 15-48 violates plaintiff's rights and any individuals who conducts 1st amendment activities on public sidewalks. Ordinance 15-48 only allows for limited First Amendment activities; on "city owned, controlled or leased property." This ordinance has effectively changed the designation of a public sidewalk into a non public forum, with some caution tape and a use permit.

103.     Sec. 15-48. Control of Access to City-owned, Controlled and Leased Property.

(e) Except within the City Council Chambers, conference rooms, and other locations

in which a public meeting is being conducted pursuant to a public notice, it shall

be unlawful and a violation of this Ordinance, to record video and/or sound

within City-owned, controlled, and leased property, without the consent of all

persons whose voice or image is being recorded.

104.     Individuals are only allowed to record public meetings pursuant to a public
notices.

105.     However City of Punta Gorda has made it illegal to record without consent
everywhere else.

106.     Sec. 15-48. Control of Access to City-owned, Controlled and Leased Property

Consistent with decisions of the U.S. Supreme Court, public access to areas

within enclosed facilities owned, controlled, and leased by the City of Punta

Gorda may be restricted depending upon whether such areas are classified as

"designated public forum", "limited designated public forum", or "nonpublic

forum".

PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.

(Monell)

Deliberate Indifference for Failure to Train

PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.  failed to train its manager JERRY PRESSELLER on view point discrimination and the right to free speech on a public sidewalk.

Two incidences show a Deliberate Indifference for Failure to Train

We have already covered the incidence on 5/30/20202.

On 03/19/2022 Plaintiff was once again trespassed by the Punta Gorda Police Department, at the direction  Defendant JERRY PRESSELLER manager PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.  of  for filming on the sidewalk. This shows a pattern of of Deliberate Indifference for Failure to Train.

**CLAIM ONE:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Speech and Press**

**Viewpoint Discrimination**

**(JERRY PRESSELLER,  and DAVID JOSEPH LIPKER)**

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's speech and expression on 5/30/2020 were related to matters of public concern.

Defendant, DAVID JOSEPH LIPKER did trespass plaintiff Andrew Sheets for filming individuals, engaged in business from public sidewalks and roadways.

Defendant DAVID JOSEPH LIPKER did not trespass others who were engaged in identical activity.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. , did call City of Punta Gorda police, to trespass plaintiff for engaging in identical Free Press activity as others who were also filming on the sidewalk at the farmers market in downtown Punta Gorda.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.  did not call City of Punta Gorda police, to trespass others for engaging in identical Free Press activity

Andrew sheets filming individuals, engaged in business from public sidewalks and roadways, is Free Press activity protected by the First amendment.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. , and  DAVID JOSEPH LIPKER decision to trespass Andrew Sheets for filming from sidewalks and public roadways is a viewpoint restriction on speech.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.  and  DAVID JOSEPH LIPKER's decision to trespass Andrew Sheets for filming from sidewalks and public roadways had a chilling effect on Plaintiffs First amendment activities.

The actions of Defendant's JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. , and  DAVID JOSEPH LIPKER  occurred while each was acting under color of State law.

Defendants JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.  and  DAVID JOSEPH LIPKER's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

Defendants JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC., and  DAVID JOSEPH LIPKER engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM TWO:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Press**

**Prior Restraint**

(JERRY PRESSELLER, and DAVID JOSEPH LIPKER)

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's speech and expression on 5/30/2020 were related to matters of public concern.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. did call City of Punta Gorda police, to trespass plaintiff Andrew Sheets for filming individuals engaged in business from public sidewalks and roadways.

Defendant, DAVID JOSEPH LIPKER did trespass plaintiff Andrew Sheets for filming individuals engaged in business from public sidewalks and roadways.

Defendants, JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. and Defendant Lipker working together in concert and did prevent Plaintiff Sheets from collecting video, and or information for future journalistic stories.

Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free Press activity protected by the First amendment.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN

MERCHANTS ASSOCIATION, INC. did call police on Mr. sheets, for filming from the

public sidewalk.  JERRY PRESSELLER decision to call the police on Mr.  Andrew Sheets

for filming, from sidewalks and public roadways did cause a prior restraint on Mr. Sheets

Free Press.

Defendant LIPKER did trespass Mr. sheets filming from the public sidewalk.  Defendant

LIPKER decision to trespass Andrew Sheets for filming from sidewalks and public

roadways, did cause a prior restraint on Mr. Sheets Free Press.  This prior restraint did last for

one year.

Defendant JERRY PRESSELLER, acting as the manager of PUNTA GORDA DOWNTOWN

MERCHANTS ASSOCIATION, INC.  decision to call the police and Defendant Lipker's

decision to trespass Andrew Sheets for filming from sidewalks and public roadways had a

chilling effect on Plaintiffs Free Press.

The actions of Defendant JERRY PRESSELLER, PUNTA GORDA DOWNTOWN

MERCHANTS ASSOCIATION, INC., DAVID JOSEPH LIPKER occurred while each was

acting under color of State law.

Defendants JERRY PRESSELLER, PUNTA GORDA DOWNTOWN MERCHANTS

ASSOCIATION, INC. DAVID JOSEPH LIPKER's conduct violated clearly established

rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew

or should have known.

Defendants JERRY PRESSELLER, PUNTA GORDA DOWNTOWN MERCHANTS

ASSOCIATION, INC. DAVID JOSEPH LIPKER engaged in this conduct intentionally,

knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's
constitutional rights.

### CLAIM THREE:

### 42 U.S.C. § 1983

### First Amendment – Violation Regarding Free Speech and Press.

### Retaliation

### (JERRY PRESSELLER,  and DAVID JOSEPH LIPKER)

All statements of fact set forth previously are hereby incorporated into this claim as though
set forth fully herein.

Plaintiff's speech and expression on 5/30/2020 were related to matters of public concern.

Andrew Sheets filming individuals, engaged in business from public sidewalks and
roadways, is Free speech and Press activity protected by the First amendment.

Defendants JERRY PRESSELLER, PUNTA GORDA DOWNTOWN MERCHANTS
ASSOCIATION, INC. DAVID JOSEPH LIPKER jointly and on their own accord responded
to Plaintiff's First Amendment-protected activity with retaliation, including but not limited
to; Mr. PRESSELLER acting as the manager of PUNTA GORDA DOWNTOWN

MERCHANTS ASSOCIATION, INC. , calling the police, and  DAVID JOSEPH LIPKER's Trespassing Mr. Sheets.

Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of Mr. Sheets First Amendment rights.

The decision by Mr. PRESSELLER acting as the manager of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. calling the police and  DAVID JOSEPH LIPKER's Trespassing Mr. Sheets, Defendants sought to punish Plaintiff for exercising his First Amendment rights and to silence Mr. Sheet's future speech and restrict Plaintiff's freedom of expression, and the future speech and Free Press.

Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.

Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

The actions of Defendant's occurred while each was acting under color of State law.

**CLAIM FOUR:**

**42 U.S.C. § 1983**

**FIFTH AND FOURTEENTH Amendment – Procedural Due Process**

**Monell violations**

**(CITY OF PUNTA GORDA)**

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free speech and Press activity protected by the First amendment.

Defendants CITY OF PUNTA GORDA through its procedures, policies, practices, and customs is the moving force of the constitutional violation.

CITY OF PUNTA GORDA through its procedures, policies, practices, and customs, caused the violation of Mr. Sheets First Amendment rights. The CITY OF PUNTA GORDA, uses trespass warnings to stop Mr. Sheets speech.

The Defendant The City of Punta Gorda's employees have Trespassed Plaintiff Sheet's at least 10 times violating his Liberty in the exercising his free press.

Defendant CITY OF PUNTA GORDA Policy of issuing trespass warning for Andrew Sheets constitutionally protected activity is a prior restraint on Free Press and Free Speech that last for at least one year.

Defendant's policy of allowing its employees to trespass Andrew Sheets for First amendment activities had a chilling effect on Plaintiffs Free Press and free speech.

Defendant's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

Defendant CITY OF PUNTA GORDA Policy Not being able to challenge or appeal trespass warnings violates procedural due process.

The Defendant's Trespass warning, provides no procedural means for a warning-recipient to challenge the warning, both pre Trespass warning and post Trespass warning.

The Defendant's Trespass warning does not have a exception for First Amendment protected Activities.

Defendant CITY OF PUNTA GORDA through its procedures, policies, practices, and customs engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.


## CLAIM FIVE:

## 42 U.S.C. § 1983

## FIRST AMENDMENT VIEWPOINT DISCRIMINATION

### Deliberate Indifference for Failure to Train

### Monell violations

**(CITY OF PUNTA GORDA,** and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

On three separate occasions plaintiff sheets has been trespassed by untrained Punta Gorda and  employees who engaged in viewpoint discrimination.

On two separate occasions Plaintiff Sheets has been trespassed by PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.


Defendants CITY OF PUNTA GORDA and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. through its procedures, policies, practices, and customs is the moving force of the constitutional violation.

On more than two occasions Mr. Sheets was trespassed for filming, however other journalist were allowed to engage in filming with impunity, and were even invited to film, showing an unconstitutional viewpoint discrimination.

Mr. Sheets was also ticketed for wearing a shirt, and holding a protest banner with the words "Fuck the police" from the public sidewalk by City of Punta Gorda employees.

Untrained City employees and an employee of PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. violated Mr. sheets rights more than once, and show a pattern of similar constitutional violations. Defendant city of Punta Gorda demonstrate, a deliberate indifference and a failure to train, it's employees properly on viewpoint discrimination.

Untrained city employees we're acting under the color of law.

Defendant CITY OF PUNTA GORDA and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC. -through its procedures, policies, practices, and customs engaged in

conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM SIX:**

**42 U.S.C. § 1983**

**15-48 Violation of the 1st Amendment as applied to public sidewalks**

**Monell violations**

**( Defendant city of Punta Gorda)**

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Andrew Sheets filming individuals, engaged in business from public sidewalks and roadways, is Free speech and Press activity protected by the First amendment.

15-48 is not reasonable nor viewpoint neutral as applied to sidewalks.

CITY OF PUNTA GORDA through its procedures, policies, practices, and customs, (15-48) caused the violation of Mr. Sheets First Amendment rights.

Plaintiff was stopped from filming on a public St.

CITY OF PUNTA GORDA, through its procedures, policies, practices, and customs engaged in conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

Defendant's policy of allowing to stop Andrew Sheets for First amendment activities had a chilling effect on Plaintiffs Free Press and free speech.

Defendant's conduct violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants' position knew or should have known.

PRAYER FOR RELIEF

Wherefore, Plaintiff Sheets entitled to compensatory damages from City of Punta Gorda and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.; compensatory and punitive damages from the individual Defendants, JERRY PRESSELLER, DAVID JOSEPH LIPKER and an award of reasonable costs.

JURY DEMAND

Plaintiff requests a trial by jury in this matter.

CERTIFICATE OF SERVICE I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the foregoing trough a notice of electronic filing to:

**Robert M. Eschenfelder**

Trask Daigneault, LLP

1001 S. Ft. Harrison Avenue, Suite 201

Clearwater, FL 33756

7277330494

Fax: 7277332991

Email: rob@cityattorneys.legal

**David Jadon**

Roper, Townsend & Sutphen, P.A.

255 S. Orange Ave.,

Suite 750

Orlando, FL 32801

407-897-5150

Email: djadon@roperpa.com

**Asher Knipe**

Knott Ebelini Hart

Suite 302

1625 Hendry St.

Ft Myers, FL 33901

239/334-2722

Fax: 239/334-1446

Email: aknipe@knott-law.com

**William Maxwell Blades Ferris**

1625 Hendry Street

Suite 301

Fort Myers, FL 33901

239-470-2051

Email: wferris@knott-law.com

**DATED 12/21/2024**

**/s/** *ANDREW BRYANT SHEETS*

**ANDREW BRYANT SHEETS**

11408 pepperdine st

Punta gorda,fl,33955

941-916-2259

Email: **federallawsuit4freespeech@gmail.com**