UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

       Plaintiff,

    v.                                            Case No. 2:24-CV-495-JLB-KCD

JERRY PRESSELLER, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY; OFFICER DAVID
JOSEPH LIPKER, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY; CITY OF PUNTA
GORDA, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITY; AND
PUNTA GORDA DOWNTOWN
MERCHANTS ASSOCIATION,
INC.,

       Defendants,
_____/

## ORDER

Plaintiff Andrew Sheets sues under the First Amendment to challenge his trespass from a local farmers market. (Doc. 18.) According to Sheets, he had an irrevocable right to conduct "journalistic activities" on the public property where the farmers market was held. (*Id.* ¶ 21.)

Sheets is unhappy with Defendant Jerry Presseller's discovery responses. According to Sheets, Presseller "made materially false and misleading statements regarding his actions and involvement in Plaintiff's repeated trespassing and interference with his constitutionally protected

First Amendment activities[.]" (Doc. 89 at 1.) Presseller's discovery responses are apparently "contradicted by video evidence and . . . recorded statements." (*Id.*) Sheets thus seeks discovery sanctions under Fed. R. Civ. P. 37, including an adverse inference against Presseller and referral "for a potential perjury investigation." (*Id.* at 2.)

The Court will not impose sanctions at this time. Sheets is contesting the veracity of Presseller's version of events. But what led to Sheets' trespass is highly disputed and must be resolved by the fact-finder, not this Court through the guise of discovery sanctions. Sheets, of course, is free to present evidence that undermines Presseller's credibility and disproves his version of events. The Court cannot, however, put its thumb on the scale and decide the truth at this stage. *See, e.g.*, *Qiu v. Bd. of Educ. of Scott Cnty., Kentucky*, No. 521CV00197GFVTEBA, 2022 WL 18587705, at *6 (E.D. Ky. Nov. 9, 2022) ("The way to challenge Defendant's evidence, however, is not by filing accusatory and baseless motions into this Court's record. Such motion practice is not appropriate. Instead, a party should seek additional discovery that support her claims or refute claims asserted by the opposing party.").

Accordingly, Sheets' motion for discovery sanctions (Doc. 89) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida on January 6, 2025.

Kyle C. Dudek
United States Magistrate Judge