UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                Case No.:  2:24-cv-495-JLB-KCD

JERRY PRESSELLER, DAVID JOSEPH LIPKER, CITY OF PUNTA GORDA and PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Andrew Bryant Sheets' Motion to Compel Production of Documents from the Twentieth Judicial Circuit, a nonparty. (Doc. 81.)[1] For the reasons below, the motion is **DENIED**.

Sheets sues under the First Amendment to challenge his trespass from a local farmers market. (*See* Doc. 82.) According to Sheets, he had an irrevocable right to conduct "journalistic activities" on the public property where the farmers market was held. (*Id.* ¶ 35.)

Sheets has subpoenaed the State Attorney's Office for the Twentieth Judicial Circuit, demanding "any and all documents, emails, audio, and video

---

[1] Unless otherwise indicated, all internal quotation marks, case history, citations, and alterations have been omitted in this and later citations.

records containing the name Andrew Sheets from 2012 to present." (Doc. 81 at 2.)[2] Sheets argues that the "requested documents are critical to [his] claims of conspiracy." (*Id.* at 1.)

"In general, a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010). But importantly, Rule 45(d)(1) requires parties to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). What is more, "Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule clearly defines the scope of discovery for all discovery devices." *Hatcher*, 271 F.R.D. at 675; *see also Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-CV-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) ("[A] court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)[.]").

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information within Rule 26's scope "need not be admissible in evidence to be discoverable." *Id.* The presiding court, however, "on motion or

---

[2] The motion isn't paginated, so the Court uses the page numbers generated by the electronic filing system.

on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013) ("In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.").

The subpoena here is nearly boundless. Though the trespasses occurred in 2020 and 2022, Sheets seeks every document, record, or communication containing "Andrew Sheets" for the past 12 years. Literally construed, this request calls for every scrap of paper and electronic record related to Sheets for 8 years before the first trespass took place, with no showing of relevance to his purported claim of conspiracy. The overbreadth is obvious. And Sheets has seemingly made no effort to tailor the subpoena to the issues in the case and the relevant information the target may possess. In fact, the most recent iteration of the complaint (Doc. 82) does not even mention a conspiracy claim. *See Cadle v. GEICO Gen. Ins. Co.,* No. 6:13-CV-1591-ORL-31-GJK, 2014 WL 12621189, at *3 (M.D. Fla. May 28, 2014) (precluding subpoena that sought all

3

documents regarding an underlying lawsuit because the defendant "made no effort to tailor the [s]ubpoena to the issues in the case").

For these reasons, Plaintiff's Motion to Compel Production of Documents from the Twentieth Judicial Circuit (Doc. 81) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on January 6, 2025.

Kyle C. Dudek
United States Magistrate Judge