UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY;  CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants,

Case No. 2:24-CV-495-JLB-KCD

## **ORDER**

Plaintiff Andrew Bryant Sheets has filed a "NOTICE" that claims Defendant Jerry Presseller did not "properly confer" before answering discovery. (Doc. 90.)[1] The Court does not entertain "notices" from litigants. As explained in Local Rule 3.01, if a party needs relief, the proper (and only) action is to file a motion that includes "a concise statement of the precise

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."

Setting aside the procedural irregularity of Sheets' request, he has not shown that Presseller violated any discovery rule. As best the Court can understand, Sheets served interrogatories beyond the limit imposed by Fed. R. Civ. P. 33. *See In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 678 (N.D. Ga. 2009) ("Rule 33 limits the number of interrogatories one party may serve on another at 25."). Presseller answered the first twenty-five interrogatories as required but objected to the rest. Contrary to Sheets' claim, Presseller was not obligated to "confer" and "identify which questions . . . should be answered." (Doc. 90 at 1.) The burden, rather, was on Sheets to follow Rule 33. And having failed to do so, Presseller had no affirmative duty to discuss which interrogatories were important to Sheets. *See, e.g., Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11CV00247, 2012 WL 3527871, at *3 (S.D. Ohio Aug. 14, 2012).

Accordingly, Sheets' self-titled "Notice Regarding Defendant Presseller's Failure to Properly Confer Regarding Interrogatories" (Doc. 90) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 6, 2025.

Kyle C. Dudek
United States Magistrate Judge