UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

        Plaintiff,

      v.                                                     Case No. 2:24-cv-495-JLB-KCD

JERRY PRESSELLER, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY; OFFICER DAVID
JOSEPH LIPKER, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY;  CITY OF PUNTA
GORDA, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITY; AND
PUNTA GORDA DOWNTOWN
MERCHANTS ASSOCIATION,
INC.,

        Defendants,

_____/

## **ORDER**

Non-party City of North Port moves to quash a discovery subpoena served by Plaintiff Andrew Sheets. (Doc. 87.)[1] Sheets has not responded, and the time to do so expired. The Court thus treats the motion as unopposed. *See* Local Rule 3.01.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any . . . claim or defense and proportional to the needs of the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession and require a nonparty to testify at a deposition. *Id.* at 45(a)(1).

North Port argues that responding to the subpoena will impose an "undue burden." (Doc. 87 at 3.) The Court agrees. Rule 45(d)(1) requires parties to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). That didn't happen here. Sheets demands "any and all documents, emails, audio, and video recordings containing the name Andrew Sheets from 2012 to present." (Doc. 87 at 5.) Literally construed, this request calls for every record related to Sheets—no matter how irrelevant to his underlying claims—spanning over a decade. Despite Rule 45's clear command, Sheets "made no effort to tailor the [s]ubpoena to the issues in the case." *Cadle v. GEICO Gen. Ins. Co.,* No. 6:13-CV-1591-ORL-31-GJK, 2014 WL 12621189, at *3 (M.D. Fla. May 28, 2014). Accordingly, the Court **GRANTS** North Port's motion and **QUASHES** the subpoena.[2]

---

[2] Nort Port separately argues that Sheets did not properly serve the subpoena. (Doc. 87 at 2.) Given the subpoena is otherwise unenforceable, the Court declines to address this unsettled procedural issue on incomplete briefing. *See, e.g., Castleberry v. Camden Cnty.,* 331 F.R.D. 559, 561 (S.D. Ga. 2019) ("The Eleventh Circuit Court of Appeals has not fully resolved the need for personal service of a Rule 45 subpoenas, and district courts have reached different conclusions.").

**ORDERED** in Fort Myers, Florida on January 21, 2025.

Kyle C. Dudek
United States Magistrate Judge