UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ANDREW SHEETS,**
Plaintiff,
v.
**CITY OF PUNTA GORDA, et al.,**
Defendants.

Case No.: 2:24-CV-00495-JLB-KCD

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

**COMES NOW, Plaintiff, Andrew Sheets, pro se, and pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37(a), and Local Rule 3.01(g), respectfully moves this Court for an order compelling Defendant David Jadon, Esq for the city of punta gorda to fully respond to Plaintiff's Second Requests for Production  In support thereof, Plaintiff states as follows:**

I. INTRODUCTION

1. Plaintiff initiated this action pursuant to **42 U.S.C. § 1983** for violations of his **First and Fourteenth Amendment** rights by Defendant  **David Jadon, Esq for the city of punta gorda**
2. Plaintiff properly served his **Second Requests for Production** on Defendant  **David Jadon, Esq for the city of punta gorda**  seeking **critical discovery** related to Defendants' selective enforcement of policies and their unconstitutional suppression of protected speech.
3. Defendant **refused to produce relevant documents** and provided **boilerplate objections** that are unsupported by law.
4. Plaintiff conferred with Defendants' counsel in good faith, pursuant to **Local Rule 3.01(g)**, on jan 18**, 2025**, requesting proper discovery responses. However, Defendant failed to cure their deficient responses.
5. Plaintiff conferred with Defendants' counsel in good faith, pursuant to **Local Rule 3.01(g)**, on feb 8**, 2025**, requesting proper discovery responses. However, Defendants failed to cure their deficient responses.
6. Given Defendants' continued refusal to comply with discovery obligations, **court intervention is necessary** to prevent further prejudice to Plaintiff's ability to litigate his claims.
7. **I hereby notify the Court that I have conferred with David Jadon, Esq for the city of punta gorda, who provided guidance on the proper procedure for conferring, including the appropriate document to use and the correct way to respond on discovery he wanted from plaintiff, Witch I did. However, when I attempted to follow the same process using his provided document with my own information, he denied it.**
8. **Exhibit is atached**

## II. LEGAL STANDARD

6. The **Federal Rules of Civil Procedure favor broad discovery** to allow parties access to relevant information (Fed. R. Civ. P. 26(b)(1)).
7. Under **Rule 37(a)(3)(B)**, if a party **fails to provide requested discovery**, the requesting party **may move for an order compelling disclosure**.
8. **Boilerplate objections** are insufficient to resist discovery. Courts routinely reject objections based on **irrelevance, overbreadth, undue burden, and proportionality** where the responding party fails to provide **specific factual support** (In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003)).
9. Where a party **deliberately obstructs discovery**, courts may impose **sanctions**, including **attorney's fees** and **adverse inferences** (Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980)).

## III. DEFENDANTS' DISCOVERY VIOLATIONS

### A. Defendants Refuse to Produce Records Regarding Ian McGuire

10. Plaintiff requested **all communications, emails, texts, videos, and documents related to Ian McGuire's filming activities** at the Farmers Market and government buildings from **2016 to present**.
11. Defendants **objected**, claiming the request was **irrelevant, overbroad, unduly burdensome, and disproportionate**.
12. **These objections are baseless** because:
    a. The request is **highly relevant** to Plaintiff's **viewpoint discrimination** claim under **42 U.S.C. § 1983**. If Ian McGuire was **permitted to film** while Plaintiff was **targeted for prosecution**, it establishes **unconstitutional selective enforcement** (Rosenberger v. Rector, 515 U.S. 819 (1995)).
    b. Plaintiff has **already narrowed the request** to **2019-present**, per the Court's guidance.
    c. Defendants have **not demonstrated any actual burden**, as required under the law.

### B. Defendants Refuse to Produce Records Containing Plaintiff's Name (Andrew Sheets)

13. Plaintiff requested **any and all emails, memos, text messages, video, and audio referencing Plaintiff's name ("Andrew Sheets") from 2019 to present**.
14. Defendants **again objected** on boilerplate grounds—**irrelevance, overbreadth, undue burden, and proportionality**.
15. **These objections are without merit** because:
    a. Communications about Plaintiff are **directly relevant** to his **§ 1983 claims** and may show **intent, retaliation, and policy enforcement** (Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)).
    b. A Monell claim requires **proof of an unconstitutional policy or custom** (Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). Defendants' internal communications **are key to proving this claim**.
    c. Courts have **rejected** "undue burden" objections where the responding party **fails to show a**

**legitimate hardship** (Sonnino v. Univ. of Kansas Hosp. Auth., 220 F.R.D. 633, 653 (D. Kan. 2004)).

## IV. DEFENDANTS' BAD FAITH TACTICS

16. Defendant is **knowingly obstructing the discovery process** to **prejudice Plaintiff**, a **pro se litigant**.
17. Defendants **did not request an extension** to respond to discovery, violating **Rule 33(b)(2) and Rule 34(b)(2)**, which require timely responses.
18. Defendants' refusal to provide discovery **weeks after Plaintiff's conferral letter** violates the **Court's Scheduling Order and Local Rules**.
19. Such **tactics warrant sanctions** under **Rule 37(a)(5)**.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Compel Defendants to produce all responsive documents** related to Ian McGuire and Andrew Sheets within **seven (7) days** of this Court's order.
2. **Find Defendants have waived all objections** due to their failure to provide **specific factual support** for their boilerplate objections.
3. **Grant such further relief** as this Court deems just and proper.

**Dated:** February 19, 2025
Respectfully submitted,

**/s/ Andrew Sheets**
Andrew Sheets, Pro Se
11408 Pepperdine St
Punta Gorda, FL 33955
Email: **federallawsuit4freespeech@gmail.com**

**Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I certify that I have conferred in good faith with opposing counsel, David Jadon, on multiple occasions regarding the subject matter of the pending motion. Despite my repeated efforts to resolve the dispute without court intervention, Mr. Jadon has stated that he opposes this motion.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY that on February 19 th 2025, I electronically filed the**

**foregoing with the Clerk of the District Court using the CM/ECF system which**

will provide electronic service of same to: Asher Knipe, Esq., who is attorney for the association, at: aknipe@knott-law.com; and David Jadon, Esq., who is attorney for Defendants Lipker and City of Punta Gorda, at: djadon@roperpa.com. And to Robert Michael Eschenfelder,rob@cityattorneys.legal,Attorney for Defendant Presseller