2/19/25, 8:08 PM Case 2:24-cv-00495-JLB-KCD Document 102-1 Filed 02/19/25 Page 1 of 10 PageID
Gmail - sheets v preseler,,conferal on un answered discovery
1559



FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>

## sheets v preseler,,conferal on un answered discovery

**FEDERALLAWSUIT 4FREESPEECH** <federallawsuit4freespeech@gmail.com>  Sat, Jan 18, 2025 at 8:45 PM
To: David Jadon <djadon@roperpa.com>, "lramirez@roperpa.com" <Lramirez@roperpa.com>

ok see atached



compel city 2nd rtp.pdf
499K



FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>

# SHEETS V PRESELER,1 LAST CHANCE 4 CONFERAL ON DISCOVERY WITH JDON

**FEDERALLAWSUIT 4FREESPEECH** <federallawsuit4freespeech@gmail.com>　　　　Sat, Feb 8, 2025 at 7:35 PM
To: Asher Knipe <aknipe@knott-law.com>, "William M. Ferris" <wferris@knott-law.com>, "Jolene R. Mock" <jmock@knott-law.com>, David Jadon <djadon@roperpa.com>, Robert Eschenfelder <rob@cityattorneys.legal>, Jennifer Ramos <jennifer@cityattorneys.legal>, "lramirez@roperpa.com" <Lramirez@roperpa.com>
Bcc: Elaine Allen-Emrich <eallenemrich@gmail.com>, elaine.allen@yoursun.com, Frank DiFiore <frank.difiore@yoursun.com>, andrewbsheets@yahoo.com, CatchULater <ImCatchULater@gmail.com>, James McLynas <mclynas4sheriff@gmail.com>

February 8, 2025
VIA E-MAIL

David R. Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: smiddleton@roperpa.com

Re: Case No. 2:24-CV-00495-JLB-KCD

Dear Mr. Jadon,

I am in receipt of your responses to **Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admission**. Pursuant to **Rule 3.01(g) of the Local Rules of the Middle District of Florida**, I am writing to confer regarding deficiencies in your responses before seeking court intervention.

## 1. Defendants' Interactions with Ian McGuire

**Request:** Produce any and all emails, text messages, videos, documents, audio recordings, and other materials in your possession, custody, or control related to Ian McGuire and any filming activities he engaged in at the Farmers Market or government buildings from **2016 to present**.

**Your Response:**
Defendants objected on the grounds that the request is **irrelevant, overbroad, unduly burdensome, vague and ambiguous, and not proportional** to the needs of the case.

**Plaintiff's Response to Objections:**

1. **Relevance** – This request is **highly relevant** to Plaintiff's **First Amendment retaliation, viewpoint discrimination, and conspiracy claims** under **42 U.S.C. § 1983**.
    - Evidence of how Ian McGuire was treated differently than Plaintiff regarding filming at the Farmers Market directly supports **viewpoint discrimination** (**Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819 (1995)**).
    - If McGuire was permitted to film while Plaintiff was restricted, it is **direct proof of selective enforcement and unconstitutional suppression of speech**.

2. **Evidence of Conspiracy (§ 1983 Claim)** – Communications regarding McGuire would establish **whether Defendants engaged in a pattern of First Amendment suppression**.
    - Courts permit discovery on conspiratorial conduct **even if no formal agreement is documented** (**Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)**).

- Plaintiff alleges that the City of Punta Gorda, DMA, and Presseller **engineered a lease** to **convert a public forum into private property** as a pretext to suppress speech. Any evidence of prior enforcement (or lack thereof) is critical.

3. **Proportionality & Burden** – Defendants provide **no factual basis** for claiming undue burden. Courts reject **boilerplate burden objections** unless supported with **specific evidence** (**In re Ford Motor Co., 345 F.3d 1315 (11th Cir. 2003)**).

    - This request is **limited** to a specific **person (Ian McGuire), location (Farmers Market and government buildings), and timeframe (2016-present)**.
    - **I am willing to narrow the timeframe to 2019-present**, which the Court has already deemed **reasonable**.

## REQUEST

Defendants **must supplement their response and produce all responsive documents** by **February 13, 2025**, or Plaintiff will file a **motion to compel under Rule 37**.

---

## 2. Defendants' Information on Andrew Sheets

**Request:** Produce any and all emails, documents, interoffice memos, text messages, videos, and audio in your or the police department's possession that reference **Andrew Sheets**, from **2012 to present**.

**Your Response:**
Defendants objected on the grounds that the request is **irrelevant, overbroad, unduly burdensome, vague and ambiguous, and not proportional** to the needs of the case.

**Plaintiff's Response to Objections:**

1. **Relevance** – Plaintiff's **First Amendment retaliation, prior restraint, and conspiracy claims** necessitate discovery into how **Defendants monitored, discussed, or took action** against Plaintiff.

    - Communications referencing Plaintiff could show **motive, intent, or a pattern of retaliatory conduct** (**Harlow v. Fitzgerald, 457 U.S. 800 (1982)**).
    - A **Monell claim** under **42 U.S.C. § 1983** requires proof of an **unconstitutional policy, custom, or practice**. Internal communications may reveal such a policy (**Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)**).

2. **Overbroad & Burden Objection is Unfounded**

    - Courts require **specific evidence** proving undue burden (**Sonnino v. Univ. of Kansas Hosp. Auth., 220 F.R.D. 633 (D. Kan. 2004)**). Defendants provide **none**.
    - **Retrieving emails and internal records is a routine process in litigation.** Courts have held that **electronically stored information (ESI) is easily retrievable** and objections must be substantiated (**Auffarth v. State Farm Fire & Cas. Co., 2018 WL 1007326 (M.D. Pa. 2018)**).

3. **Scope is Reasonable & Proportional**

    - Discovery is permissible **if it is reasonably calculated to lead to admissible evidence** (**Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)**).
    - Given the **constitutional rights at stake**, discovery should be broad (**Doe v. Nebraska, 788 F. Supp. 2d 975, 981 (D. Neb. 2011)**).
    - **Plaintiff is willing to limit the timeframe to 2019-present.**

## REQUEST

Defendants **must supplement their response and produce all responsive documents** by **February 13, 2025**. Failure to do so will result in a **motion to compel under Rule 37**.

---

## FINAL NOTICE

It has now been **weeks** since my requests, and **Defendants have failed to comply with discovery deadlines**. The **Federal Rules of Civil Procedure (FRCP 26, 34, 37)** require timely and complete responses. If Defendants **fail to supplement discovery by February 13, 2025**, I will move for:

1. **A motion to compel production.**
2. **Sanctions under Rule 37(a)(5),** as Defendants' objections are **frivolous** and intended to **delay proceedings**.
3. **Any other relief deemed appropriate by the Court.**

Please confirm **by close of business February 9, 2025**, whether you will **supplement responses** or if a motion to compel will be necessary.

Respectfully,

**/s/ Andrew Sheets**
Andrew Sheets, Pro Se
11408 Pepperdine St.
Punta Gorda, FL 33955
federallawsuit4freespeech@gmail.com

---

2 attachments


**CONFERAL WITH JDON 2 8 2025.doc**
36K


**MOTION TO COMPEL IF U DONT COMPLY.doc**
26K



FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>

## SHEETS V PRESELER,1 LAST CHANCE 4 CONFERAL ON DISCOVERY WITH JDON

**David Jadon** <djadon@roperpa.com>      Mon, Feb 10, 2025 at 4:15 PM
To: FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>, Asher Knipe <aknipe@knott-law.com>, "William M. Ferris" <wferris@knott-law.com>, "Jolene R. Mock" <jmock@knott-law.com>, Robert Eschenfelder <rob@cityattorneys.legal>, Jennifer Ramos <jennifer@cityattorneys.legal>, Lupe Ramirez <Lramirez@roperpa.com>

Mr. Sheets,

I have informed you several times that these requests are overbroad and the scope is too large for the City to conduct. You have also been informed by not just me, but other attorneys on this case that these types of AI generated documents are not helpful to resolving discovery matters. I am opposed to your motion.

**DAVID JADON**

Attorney

**ROPER TOWNSEND SUTPHEN**
ATTORNEYS AT LAW

255 S. Orange Avenue, Suite 750
Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

www.roperpa.com

This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s). Unless expressly stated otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or deemed work product documents. The sender's expectation of privacy as to the content of this email and any accompanying documents is extremely high. This message is intended solely for the addressee(s). If you are not the intended recipient, you have received this email in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements, and this email does not create an existing business relationship.

[Quoted text hidden]

2/8/2025 VIA E-MAIL

David R. Jadon, Esquire Florida Bar No.: 1010249 Roper, Townsend & Sutphen, P.A. 255 S. Orange Avenue, Suite 750 Orlando, FL 32801 Telephone: (407) 897-5150 Facsimile: (407) 897-3332 Primary: djadon@roperpa.com Secondary: smiddleton@roperpa.com

Re: Case No. 2:24-CV-00495-JLB-KCD

Dear Mr. JADON, I am in receipt of your responses to the PLAINTIFF 2ND interrogatories,request to produce AND ADMITTANCE in this matter, which you provided . Pursuant to the conferral requirement of Rule 3.01(g) of the Local Rules of the Middle District of Florida, I am writing to address several issues with your responses in an attempt to confer and avoid court intervention.  Here are the reasons why I need these for discovery with case law and time constraints

 FROM PLAINTIFFS CITYS 2ND Requests to Produce
19. [sic] Defendants interactions with Ian McGuire
Produce any and all emails, text messages, videos, documents, audio
recordings, and other materials in your possession or the POLICE, custody,
or control related to or referencing Ian Mcguire and any filming activities he
engaged in at the Farmers Market or government buildings from 2016 to
present.
RESPONSE: Defendant objects to this request as it is irrelevant,
overbroad, seeks more information than what is contemplated in Plaintiff's
complaint, unduly burdensome, vague and ambiguous, and not proportional to
the needs of this case.

**Conferral Response to Defendants' Objections:**

**Defendants' Objections Are Baseless**

The Defendants' objections—claiming the request is *irrelevant, overbroad, unduly burdensome, vague, and not proportional*—are unfounded and unsupported by law. The request for communications, videos, documents, and other records related to Ian McGuire's filming activities at the Farmers Market and government buildings is **highly relevant** to Plaintiff's claims under 42 U.S.C. § 1983 for **First Amendment violations, viewpoint discrimination, and conspiracy**.

**Why the Discovery Request Is Proper**

1. **Relevance to First Amendment Violations & Viewpoint Discrimination**

    - Plaintiff alleges that Defendants conspired to **suppress First Amendment activity** at the Farmers Market by selectively enforcing restrictions on filming.
    - Discovery related to Ian McGuire, a known journalist, would reveal whether Defendants treated **him differently than Plaintiff**. If McGuire was permitted to film freely while Plaintiff was targeted for trespass, it **proves viewpoint discrimination** (*Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819 (1995)).
    - Defendants' enforcement of **Ordinance 15-48** against Plaintiff, while allowing others to film, shows **arbitrary and unconstitutional enforcement**.

2. **Evidence of Conspiracy Under § 1983**

- Plaintiff has specifically alleged that the **City of Punta Gorda, DMA, and Presseller** conspired to restrict First Amendment rights by enacting a lease designed to **convert a public forum into private property**.
- Any **correspondence, communications, or recordings of interactions with Ian McGuire** could demonstrate that Defendants engaged in a **pattern of conduct aimed at restricting filming**.
- Courts have held that conspiracies to violate constitutional rights **do not require an explicit agreement** but can be inferred from circumstantial evidence (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)).

3. **Proportionality & Burden**

- Defendants claim the request is unduly burdensome, yet they **fail to provide any factual basis** for that assertion. Courts require specific **factual support** to sustain objections based on burden (*In re Ford Motor Co., 345 F.3d 1315 (11th Cir. 2003)*).
- The request is **narrowly tailored** to a specific individual (Ian McGuire), a defined activity (filming at the Farmers Market and government buildings), and a **reasonable time frame** (2016 to present).

4. **Prior Similar Conduct by Defendants**

- Plaintiff's **Amended Complaint details multiple instances** where Defendants engaged in **viewpoint discrimination** against Plaintiff, but **not against others engaged in the same conduct**.
- If Defendants selectively enforced restrictions on filming based on **who was filming and their viewpoint**, it is **direct evidence of unconstitutional discrimination** (*Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972)).

**Conclusion: Defendants Must Produce These Records**

The requested discovery is: ✅ **Directly relevant** to Plaintiff's claims.
✅ **Proportional** to the needs of the case.
✅ **Not vague or unduly burdensome.**
✅ **Likely to produce evidence of unconstitutional viewpoint discrimination & conspiracy.**

**REQUEST:** Defendants must supplement their discovery responses and provide all requested records related to Ian McGuire's filming activities, including **emails, text messages, video, audio, and other communications**, as required by **Federal Rule of Civil Procedure 26(b)(1)**.

------------------------------------------

I WILL AGREE TO 2019 TO PRESENT AND SO DID THE JUDGE

22. [sic] Defendants information on Andrew Sheets

Any and all emails, documents, interoffice memos, text, video and audio

that you and or the police have with "Andrew Sheets" name in it from 2012

to present.

RESPONSE: Defendant objects to this request as it is irrelevant, overbroad, seeks more information than what is contemplated in Plaintiff's complaint, unduly burdensome, vague and ambiguous, and not proportional to the needs of this case.

**Conferral on Defendant's Objections to Discovery Request**

Your request seeks **"any and all emails, documents, interoffice memos, text, video, and audio"** with your name in it from 2019 to the present. The defendant objected on the grounds that it is:

- **Irrelevant**
- **Overbroad**
- **Seeks more information than what is contemplated in the complaint**
- **Unduly burdensome**
- **Vague and ambiguous**
- **Not proportional to the needs of the case**

**Why These Objections Are Weak (With Case Law)**

1. **Relevance**

    - The requested documents are **directly relevant** to your claims under *42 U.S.C. § 1983* for **viewpoint discrimination, prior restraint, retaliation, and conspiracy to violate your First Amendment rights**.
    - Courts have routinely held that **public officials' communications about a plaintiff in a constitutional rights case are discoverable** because they provide evidence of intent, motive, and policy implementation (*Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)).
    - The **Monell claim** against the City of Punta Gorda requires proof of an unconstitutional policy or custom, and communications among police and city officials may **demonstrate the existence of such a policy** (*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)).

2. **Overbroad & Unduly Burdensome**

    - Courts require defendants to **prove with specificity** why a request is unduly burdensome (*Sonnino v. Univ. of Kansas Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004)).
    - Here, defendants make a **boilerplate objection** without explaining **why** retrieving emails and records from their systems is burdensome.
    - Given the **digital nature** of modern record-keeping, retrieving responsive records should be a straightforward process (*Auffarth v. State Farm Fire & Cas. Co.*, No. 3:17-CV-00141, 2018 WL 1007326, at *2 (M.D. Pa. Feb. 21, 2018) (rejecting undue burden objection when records were easily retrievable)).

- The request is **limited to records that contain your name**, which is **not overly broad**—you are **not** requesting all communications on unrelated topics.

3. **Scope Beyond the Complaint**

    - Courts allow **broad discovery** under *Fed. R. Civ. P. 26(b)(1)* if it is **reasonably calculated to lead to admissible evidence** (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).
    - Since your **entire lawsuit** revolves around First Amendment violations **against you**, any record that references you **could contain admissions, evidence of intent, or policies in play** that are essential to proving your case.

4. **Proportionality**

    - Courts assess proportionality by weighing:
        - Importance of the issues at stake,
        - Amount in controversy,
        - Relative access to information,
        - The parties' resources, and
        - Whether the burden outweighs the likely benefit (*Fed. R. Civ. P. 26(b)(1)*).
    - Because this case involves **constitutional rights**, the **public interest is at stake**, making the request highly **proportional** (*Doe v. Nebraska*, 788 F. Supp. 2d 975, 981 (D. Neb. 2011) (constitutional claims merit broad discovery)).
    - The City and Police **already maintain** these documents and **routinely respond to public records requests**, so their argument that it's burdensome is **disingenuous**.

5. **Vague and Ambiguous**

    - A request is **not vague** if a **reasonable person can understand what is sought** (*Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010)).
    - Your request is **clear**—you are seeking **communications that reference your name** within a specific **timeframe (2019-present)**.
    - If the defendant **truly** found the request unclear, they should have sought clarification instead of issuing a blanket objection.

---

It has now been weeks, and I have not been notified by you of when any such documents will be produced. The Federal Rules of Civil Procedure set forth explicit time limits for responding to discovery requests. If unable to answer timely, a party should seek an informal extension of time. I am not aware of any such extension request from you. Your responses are thus untimely and have delayed the discovery process. Please provide your receipt and acknowledgment of this correspondence and whether you agree to supplement your responses. Please provide better responses and any and all documents in your possession to the above-mentioned items by close of business 2/13/2025 in order to avoid the filing of a motion to compel and to seek other appropriate relief from the Court.

/s/andrew sheets andrew sheets pro se 11408 pepperdine st punta gorda fl 33955 federallawsuit4freespeech@gmail.com