UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISiON

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                               Case No. 2:24-CV-00495-JLB-KCD

JERRY PRESSELLER, IN PERSONAL
AND PROFESSIONAL CAPACITY;
PUNTA GORDA DOWNTOWN
MERCHANTS COMMITTEE, INC.;
OFFICER DAVID JOSEPH LIPKER,
IN PERSONAL AND
PROFESSIONAL CAPACITY; AND
CITY OF PUNTA GORDA,

     Defendants.

_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

     Defendants, City of Punta Gorda and Lipker, in his individual capacity, by and through the undersigned counsel, respond in opposition to Plaintiff's motion to compel and state as follows:

**Background**

     Plaintiff served his second of three requests to produce on Defendant City of Punta Gorda on November 27, 2024. Defendant timely responded on December 31, 2024.[1] Thus far, Plaintiff has served three (3) sets of discovery on Defendants.

---

[1] Plaintiff would only grant Defendants a four (4) day extension over the holidays.

From the second request to produce, Plaintiff moves to compel the following requests:

- "All communications, emails, texts, videos, and documents related to Ian McGuire's filming activities at the Farmers Market and government buildings from 2016 to the present."

- "Any and all emails, memos, text messages, video, and audio referencing Plaintiff's name from 2019 to the present." (Doc. 102, Pg. 2, ¶10, 13).[2]

Throughout the course of this case, Plaintiff has relied on the use of generative artificial intelligence ("AI") to draft discovery, emails, and pleadings. Instead of conferring with Defendants in good faith, Plaintiff has relied on the use of AI to send repetitive discovery requests, generate irrelevant cases, and even send fictitious cases to counsel for Defendants.

Indeed, in his very exhibit to this motion, Plaintiff attaches his AI generated "good faith" letter to counsel for Defendants. (Doc. 102-1, Pgs. 6-9). Not only does this letter include cases that have little, if any, relevance to the issues in discovery, but it even included at least one case that counsel for Defendants could not locate. *See* (Doc. 102-1, Pg. 8, ¶2 (*Auffarth v. State Farm Fire & Cas. Co.*, No. 3:17-CV-00141, 2018 WL 1007326, at *2 (M.D. Pa. Feb. 21, 2018)). The citation provided by Plaintiff

---

[2] Plaintiff's original request sought everything from 2012 to the present. See (Doc. 102-1, Pg. 7).

(2018 WL 1007326) pulls up the following case – *The People Of The State Of New York, Respondent, v. Dron Lundy, Defendant-Appellant*, 2018 WL 1007326 (N.Y.A.D. 4 Dept.). Plaintiff's other cited case law – for example, *In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003), does not support his position, but the opposite.

Over and over, Plaintiff has relied on these AI generated letters to correspond with counsel for all Defendants in this matter. Reviewing and responding to the letters has cost Defendants considerable time and expense. Plaintiff's reliance on AI, despite admonishments by counsel for Defendants, is not appropriate under Local Rule 3.01(g) of this Court's good faith requirements to meet and confer. Moreover, by providing the Court with fictitious and irrelevant cases, Plaintiff's motion and attached exhibits violate Rule 11(b)(1)-(3) of the Federal Rules of Civil Procedure.

Plaintiff's motion claims that he attempted to confer on January 18, 2025 regarding the discovery responses. However, Plaintiff only provided a 26-page document related to every single discovery request to counsel for Defendants. Plaintiff did not attach the document to his motion, but Defendants have attached it as Exhibit 1 herein. Plaintiff's "conferral" is clearly an AI generated document. Discovery requests were not mentioned with any great measure of specificity. Only a long list of cases was provided as legal support for Plaintiff's claims. On

3

January 22, 2025, Counsel for Defendants responded that the 26-page letter was confusing and an improper conferral.

On January 29, 2025, Plaintiff provided an AI generated demand to counsel for all parties and cc'd members of the media in the 3.01(g) correspondence. (Ex 3, Pg. 2).   Again, Plaintiff's correspondence contained case law that counsel for Defendants could not locate. *See e.g.,* (Ex. 3, Pg. 7; (*Anderson v. City of Taylor*, 2016 WL 5851894 (E.D. Mich Oct. 6, 2016)). Despite this, counsel for Defendants replied and attempted to work with Plaintiff to resolve his discovery requests.

The next day, on January 30, 2025, Plaintiff presented a similar, albeit slightly different demand to Defendants. (Ex 4). Again, counsel for the City and the Farmers Market tried to work with Plaintiff.

Finally, on February 8, 2025, Plaintiff sent another demand – this time including his request for records related to an Ian McGuire. (Ex. 5). Again, on February 10, 2025, counsel for Defendants informed the Plaintiff that these types of conferrals were counterproductive. On February 12, 2025, Plaintiff replied, this time attempting to confer on a RICO claim, which he associated with his motion to compel. Defendants were not sure how it related to Plaintiff's complaint or what agreement the Plaintiff asserted existed. On February 19, 2025 Plaintiff then proceeded with the filing of this motion to compel. (Doc. 102).

## Memorandum of Law

The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, Case No. 6:15–cv–1185–Orl–22TBS, 2016 WL 1637277 at \*2 (M.D. Fla. Apr. 25, 2016). "When relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy." *Siddiq v. Saudi Arabian Airlines Corp*, 2011 WL 6936485, at \*2 n.3 (M.D. Fla. April 29, 2011) (quoting *Zorn v. Principal Life Ins. Co.*, No. CV 609-081, 2010 WL 3282982, at \*2 n. 3 (S.D. Ga. Aug. 18, 2010)).

Plaintiff's first request seeks material related to an "Ian McGuire." Defendant is not certain who or which Ian McGuire this is. He is not a party to this case. He is not mentioned in Plaintiff's third amended complaint. (Doc. 97). Plaintiff has not explained who he is or what relevance he has to his complaint. Plaintiff has not stated that he was present with him at the Farmers Market on the date of the incident(s) or how he is otherwise related to him.

Plaintiff's complaint is related to alleged violations of his rights and his rights alone. He has not brought a selective enforcement claim. His claim is related to his actions at the Farmers Market, not a government building. What relevance a person named Ian McGuire has at a government building is not clear. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid.

401(a)-(b). What Mr. McGuire did in his free time does not affect the allegations in Plaintiff's complaint in anyway.

Moreover, his request is vague. Plaintiff does not state what kind of "communications," "activities," or which "government buildings" he seeks. He does not attempt to narrow down which Ian McGuire he seeks, forcing the City to speculate. The name "Ian McGuire" is a common name. It would not be appropriate for the City to provide the Plaintiff with *every* email, text message, document, and video for *every* "Ian McGuire" they stumble across over a nine year period of time.

Plaintiff's request is overbroad and not proportional to the needs of the case. Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1).[3] *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569

---

[3] Federal Rule of Civil Procedure 26(b)(1) considerations include: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(D. Colo. 2014)). As stated above, none of Plaintiff's claims involve an "Ian McGuire."

Requests for production that request any and all communications are generally considered overbroad and unduly burdensome. *See Goodbys Creek, LLC v. Arch Insurance Co.*, 2008, WL 4279693 * 2 (M.D. Fla. September 15, 2008) (holding that such a request for all communications is overbroad); *Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir.2008) (upholding district court's determination that "requests for all communications ... were overbroad" (internal quotation marks omitted)); *Symetra Life Ins. Co. v. Rapid Settlements, Lt*d., 2008 WL 597711 *5–6 (E.D. Pa. March 4, 2008) (finding a request seeking "all communications" concerning a party overbroad).

In determining whether a request is unduly burdensome, courts will examine "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Plouffe v. GEICO Gen. Ins. Co.*, Case No. 1:16–cv–25145–MGC, 2017 WL 7796323 at *1–2 (S.D. Fla. Aug. 8, 2017) (*quoting Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

Plaintiff's inquiry into an "Ian McGuire" is a tangential issue that has no direct relevancy to the allegations in the third amended complaint. *See e.g., Hoffman v. T. Smith*, 2024 WL 5111899 *2 (M.D. Fla. Dec. 13, 2024) (holding tangential issues not

7

relevant and improper grounds for discovery). Forcing Defendants to search for any and all people named "Ian McGuire," when they are not a party or involved factually with the events of the case is not relevant or proportional, and would only serve as an undue burden on the City.

Plaintiff's second request is nearly identical to his previous subpoena issued to the Twentieth Judicial Circuit. Literally construed, Plaintiff seeks every scrap of paper and electronic record for the past 6 years, with no showing of relevancy to his purported claims. (Doc. 94). Plaintiff claims that the six-year period is relevant to his 1983 claims – never mind that the only incident(s) he alleged occurred in 2020 and 2022 respectively.[4] For example, if Plaintiff paid a water bill to the City, it would ostensibly have his name on it, and thus (according to him) be relevant to his 1983 claims. Again, the overbreadth is obvious and the relevance dubious.

Moreover, as has been explained to the Plaintiff, there is no central "database" from which the City can conduct a search for every material the Plaintiff seeks. For example, text message searches would have to be done manually, phone-by-phone. The City cannot possibly interrupt the function of City business to requisition every cell phone from every employee, both past and

---

[4] Plaintiff's alleged trespass on 3/19/2022 only makes passing reference to the City, and no reference to Officer Lipker. (Doc. 97, Pg. 20, ¶67; Pg. 97, ¶118).

present, on the off-chance there is a text message with Plaintiff's name in it. Again, the request for any and all communications is overbroad.

## CONCLUSION

Defendants request that this Court deny the Plaintiff's motion. Additionally, Defendants request that this Court grant Defendants' reasonable expenses and attorney's fees incurred in the opposition of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this 6th day of March, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the foregoing trough a notice of electronic filing to: Andrew B. Sheets, *Pro se*, 11408 Pepperdine Street, Punta Gorda, FL 33955 and e-mailed: federallawsuit4freespeech@gmail.com; Robert M. Eschenfelder, 1001 S. Ft. Harrison Avenue, Ste. 201, Clearwater, FL 33756, rob@cityattorneys.legal; jennifer@cityattorneys.legal, *Attorney for Defendant Jerry Presseller;* Asher E. Knipe, Esquire and William M. Ferris, Esquire, Knott, Ebelini, Hart, 1625 Hendry Street, Suite 301, Fort Myers, FL 33901, aknipe@knott-law.com; wferris@knott-law.com; jmock@knott-law.com, *Attorneys for Defendant Punta Gorda Downtown Merchants Association, Inc.*

/s/ David R. Jadon
David R. Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
Attorney for Defendants David Joseph
Lipker and City of Punta Gorda