| | |
|---|---|
| **From:** | FEDERALLAWSUIT 4FREESPEECH |
| **To:** | David Jadon |
| **Subject:** | Re: SHEETS V PRESELER,,DO U OPOSE A MOTION TO COMPEL DISCOVER ON THE CITY |
| **Date:** | Thursday, January 30, 2025 8:26:15 AM |
| **Attachments:** | image001.png |

Thank you for your response. I appreciate your willingness to confer regarding discovery matters. However, I must clarify a few points.

First, my understanding was that another attorney subverting the process had indicated that I should proceed with filing the motion to compel. If that was not you, I acknowledge the distinction and apologize for any confusion.

Second, I have made multiple good-faith efforts to confer with you regarding discovery, including through email correspondence. Email is a valid and documented means of conferral, and I have responded in kind when you requested discovery from me. Your assertion that my efforts do not constitute a proper conferral is unfounded. Moreover, any objections raised in your responses consist largely of broad, unsupported refusals rather than legitimate justifications under the applicable discovery rules.

Third, your refusal to provide specific requested communications, coupled with vague objections, appears to be an attempt to delay and obstruct the discovery process. The absence of a centralized database does not excuse the City's obligation to conduct a reasonable search and produce responsive documents.and under florida sunshine law they are supposed to have it .and that was not the only thing i asked for in the request.and there is a legitimate timeline,the judge said it himself, but I expect a meaningful effort to comply with discovery obligations rather than blanket objections.

Unless I receive a substantive response addressing the specific discovery requests at issue within five days—the same courtesy I extended to you—I will proceed with filing the motion to compel. Please let me know if you wish to discuss this matter further.


On Thu, Jan 30, 2025 at 6:30 AM David Jadon <djadon@roperpa.com> wrote:

> Mr. Sheets,
>
> Thank you for your email. I am always happy to confer with you on any discovery matter. You are also welcome to call me at any time to confer on discovery matters. However, I have not received a phone call from you. As I previously informed you, you have emailed several hundred pages of letters that were copy and pasted from my previous correspondence to you on every question that you wanted answers to and supplemented with case law that had little application to a discovery matter. This is not a proper conferral. Your proposed motion to compel is the first time you have mentioned any discovery request with specificity. As I have explained in the objection, your request does not mention a specific

time, place, or event. It seeks multiple forms of communication. My understanding is the City also does not have a central data base to search for text messages. I am willing to work with you on a narrower search parameter, but I am opposed to your current request and motion to compel as written. Additionally, at no point have I told you to go ahead and file your motion to compel. Your characterization is false and likely sanctionable.

**DAVID JADON**

Attorney

**ROPER TOWNSEND SUTPHEN**

ATTORNEYS AT LAW

255 S. Orange Avenue, Suite 750
Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

www.roperpa.com

This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s). Unless expressly stated otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or deemed work product documents. The sender's expectation of privacy as to the content of this email and any accompanying documents is extremely high. This message is intended solely for the addressee(s). If you are not the intended recipient, you have received this email in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements, and this email does not create an existing business relationship.

**From:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>
**Sent:** Wednesday, January 29, 2025 7:35 PM
**To:** David Jadon <djadon@Roperpa.com>; Robert Eschenfelder <rob@cityattorneys.legal>; Lupe Ramirez <Lramirez@Roperpa.com>; Asher Knipe <aknipe@knott-law.com>; William M. Ferris <wferris@knott-law.com>; Jolene R. Mock <jmock@knott-law.com>; andrewbsheets@yahoo.com
**Cc:** Elaine Allen-Emrich <eallenemrich@gmail.com>; elaine.allen@yoursun.com; Frank DiFiore <frank.difiore@yoursun.com>

**Subject:** SHEETS V PRESELER,,DO U OPOSE A MOTION TO COMPEL DISCOVER ON THE CITY

**Subject:** Request for Position on Motion to Compel

I previously conferred with Jaden regarding this matter and allowed a reasonable period of ten (10) days for a response. As no response has been received, I am now moving forward with filing a Motion to Compel against the City.

Before proceeding, I would like to formally inquire whether you oppose this motion. Please provide your position at your earliest convenience.

Thank you for your time and consideration.

ROUGH DRAFT OF COMPEL

# UNITED STATES DISTRICT COURT

[Insert District Name]

**ANDREW SHEETS,**
Plaintiff,

v.

**[DEFENDANT(S)],**
Defendant(s).

**Case No.: [Insert Case Number]**

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

### INTRODUCTION

Plaintiff Andrew Sheets, pursuant to **Federal Rule of Civil Procedure 37(a)(3)(B)**, respectfully moves this Court for an order compelling Defendants to produce discovery responses related to internal communications concerning Plaintiff's activities, presence, or interactions at public spaces or city-managed events. Defendants have improperly objected to these requests, claiming they are overbroad, irrelevant, vague, and unduly burdensome. However, the requested documents are **highly relevant** to Plaintiff's constitutional claims, particularly regarding **viewpoint discrimination, retaliation, and selective enforcement**.

### RELEVANT BACKGROUND

1. On **[date of request]**, Plaintiff served Defendants with discovery requests seeking internal communications, including **emails, text messages, and electronic correspondence** from January 2020 to the present concerning Plaintiff's activities in public spaces or at city-managed events.
2. Defendants **objected**, asserting that the request was **overbroad, vague, irrelevant, and unduly burdensome** without conducting a reasonable search.
3. Plaintiff conferred with Defendants on **[date of conferral]**, explaining the necessity of these documents in proving **municipal liability, First Amendment retaliation, and viewpoint discrimination**.
4. Defendants have **failed to comply** within the agreed 10-day time frame, necessitating this motion.
5. DEFENDANT SAID TO GO AHEAD AND FILE A COMPEL

## ARGUMENT

Under **Rule 37(a)(3)(B)(iv)**, a party may move to compel discovery when an opposing party fails to provide requested documents. The **requested communications are essential** for the following reasons:

**1. Evidence of Discriminatory Intent**

- Emails, texts, or other correspondence may reveal that Defendants' actions against Plaintiff were based on **bias or viewpoint discrimination** rather than neutral enforcement of policies.
- Defendants may have internally discussed directives to target Plaintiff for his **speech, advocacy, or presence** at public events.

**2. Proof of Unconstitutional Policy or Custom**

- Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipal liability arises when an unconstitutional act is tied to an official policy, custom, or practice.
- Internal communications could expose a **pattern of retaliation or selective enforcement**, constituting an unlawful municipal policy.

**3. Direct Evidence of Retaliation**

- In *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), the Supreme Court held that retaliation claims require proof that **protected activity was a motivating factor** in the adverse action.
- Communications regarding Plaintiff's activities will help establish **causation** between Plaintiff's constitutionally protected conduct and Defendants' retaliatory actions.

**4. Rebutting Defendants' Justifications as Pretextual**

- Defendants may claim that their actions were **neutral or based on security concerns**. However, internal communications could prove such justifications were **pretextual**, revealing **selective enforcement** against Plaintiff (*Reed v. Town of*

*Gilbert*, 576 U.S. 155 (2015)).

### 5. Establishing a Timeline of Events and Inconsistencies

- Discovery of these communications will clarify when key decisions were made and whether Defendants **followed their own stated policies**.
- Courts recognize the importance of electronic discovery in modern litigation (*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003)).

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order:

1. **Compelling Defendants** to produce the requested **internal communications** regarding Plaintiff's activities, presence, or interactions at public spaces or city-managed events from January 2020 to the present.
2. Granting any **further relief** that the Court deems just and proper.

## CERTIFICATION OF CONFERRAL

Pursuant to **Local Rule [insert local rule number]**, Plaintiff certifies that he conferred in good faith with Defendants to resolve this discovery dispute but was unable to obtain compliance, necessitating this motion.

Respectfully submitted,

**Andrew Sheets**


3. Communication Logs: Any and all internal communications, including emails, text messages, or other electronic correspondence, from January 2020 to the present regarding Plaintiff Andrew Sheets' activities, presence, or interactions at public spaces or city-managed events.


RESPONSE: Defendant objects to this request as it is overbroad in time and scope, irrelevant to the facts in Plaintiff's complaint, not reasonably particularized, and vague and ambiguous what is meant by Plaintiff's "activities, presence or interactions," "public spaces," and "city-managed events." As a result, this request is unduly burdensome as Defendant has no time, place, or location to conduct a search.


MY CONFERRAL

In your federal civil rights lawsuit, internal communications are critical to establishing evidence of

viewpoint discrimination, retaliation, or other unconstitutional actions by the defendants. These

records can help you prove the following:

1. Discriminatory Intent:

• Emails, text messages, or other internal correspondence might reveal that the defendants'

actions toward you were motivated by bias or disagreement with your viewpoint.

• Defendants may have discussed specific instructions to issue trespass warnings or other

restrictions targeting you.

2. Policy or Practice Evidence:

• Under Monell v. Department of Social Services, 436 U.S. 658 (1978), municipal

liability requires proof that the unconstitutional actions resulted from an official policy,

custom, or practice.

• Internal communications could reveal the existence of such a policy or practice,

including directives targeting individuals based on their speech or activities.

3. Retaliation for Protected Activities:

• First Amendment retaliation claims require showing that your protected activities were a

substantial or motivating factor for the defendants' adverse actions.

• Communications about your interactions at public spaces or events may contain

evidence linking your constitutionally protected activities (e.g., filming, advocacy) to the

retaliatory conduct.

4. Pretext for Actions:

• Defendants may claim that their actions were viewpoint-neutral or based on legitimate

reasons (e.g., security concerns). Internal communications might expose these claims as

pretextual by showing selective enforcement or discriminatory motives.

5. Timeline and Consistency:

• Communications can establish when decisions were made and whether actions were

consistent with stated policies, exposing potential inconsistencies or irregularities.

Verified Case Law Supporting Your Request

1. Monell v. Department of Social Services, 436 U.S. 658 (1978):

• Municipal liability requires evidence that unconstitutional actions were caused by an official policy or custom. Internal communications may reveal such policies.

2. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977):

• In First Amendment retaliation claims, plaintiffs must show that protected activity was a substantial or motivating factor for the adverse action. Communications about your activities are critical for proving this link.

3. Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003):

• Established guidelines for requesting and producing electronic communications, emphasizing the importance of ESI in modern discovery.

4. Reed v. Town of Gilbert, 576 U.S. 155 (2015):

• Reinforced that content-based or viewpoint-based restrictions on speech are subject to strict scrutiny. Communications may demonstrate that enforcement was not viewpoint neutral.

5. Anderson v. City of Taylor, 2016 WL 5851894 (E.D. Mich. Oct. 6, 2016):

• Highlighted the importance of internal communications in proving selective enforcement and discriminatory intent in a First Amendment case

I GAVE HIM 10 DAYS AND HE SAID TO GO AHEAD AND FILE A COMPEL