| | |
|---|---|
| **From:** | FEDERALLAWSUIT 4FREESPEECH |
| **To:** | David Jadon |
| **Subject:** | Re: sheets v preseler,do u opose motion to compel city to give discovery |
| **Date:** | Thursday, January 30, 2025 5:30:01 PM |
| **Attachments:** | image001.png |

i can do both

On Thu, Jan 30, 2025 at 5:28 PM David Jadon <djadon@roperpa.com> wrote:

> Who is "we?"
>
> I do not believe your characterization of the Court's order is accurate. Are you stating that
> you are now withdrawing your motion to compel, and are instead going to serve a Fourth set
> of discovery?
>
>
> **DAVID JADON**
>
> Attorney
>
>
>
> **ROPER**                 255 S. Orange Avenue, Suite 750
>                           Orlando, FL 32801
> **TOWNSEND**
>                           Tel: 407-897-5150
> **SUTPHEN**
>                           Fax: 407-897-3332
> ATTORNEYS AT LAW
>                           djadon@roperpa.com
>
> www.roperpa.com
>
>
> This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic
> Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s). Unless expressly stated
> otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or
> deemed work product documents. The sender's expectation of privacy as to the content of this email and any accompanying
> documents is extremely high. This message is intended solely for the addressee(s). If you are not the intended recipient, you have
> received this email in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure
> or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be
> unlawful. If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or
> email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax
> advertisements, and this email does not create an existing business relationship.

**From:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>
**Sent:** Thursday, January 30, 2025 5:21 PM
**To:** David Jadon <djadon@Roperpa.com>
**Subject:** Re: sheets v preseler,do u opose motion to compel city to give discovery


heres screen grab and doc

 Given the recent filing of the Third Amended Complaint, which aligns with our conspiracy allegations, I intend to incorporate any additional necessary requests in the forthcoming Fourth Set of Discovery. Additionally, per Judge Dudek's remarks, the timeframe of 2019 to the present is more appropriate for our claims.that was before are conspiracy claim Accordingly, we will proceed with discovery within that scope for today


On Thu, Jan 30, 2025 at 4:53 PM David Jadon <djadon@roperpa.com> wrote:

> I am not familiar with that language. Please point out exactly where Judge Dudek said that.

**DAVID JADON**

Attorney

ROPER

TOWNSEND

SUTPHEN

ATTORNEYS AT LAW

255 S. Orange Avenue, Suite 750
Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

www.roperpa.com

This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s).  Unless expressly stated

otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or deemed work product documents.  The sender's expectation of privacy as to the content of this email and any accompanying documents is extremely high.  This message is intended solely for the addressee(s).  If you are not the intended recipient, you have received this email in error and any review, dissemination, or copying is strictly prohibited.  If you are not an addressee, any disclosure or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful.  If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or email address above.  The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements, and this email does not create an existing business relationship.

**From:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>
**Sent:** Thursday, January 30, 2025 4:00 PM
**To:** David Jadon <djadon@Roperpa.com>
**Subject:** Re: sheets v preseler,do u opose motion to compel city to give discovery

 Judge Mr. Dudeck explicitly stated that if we presented evidence of conspiracy and collusion—which we have done—then the timeline we have outlined is indeed appropriate to substantiate our claims. This timeline serves as critical evidence supporting allegations of conspiracy, collusion, Monell liability, retaliation, and related constitutional violations. The facts and circumstances of this case appear uniquely tailored to demonstrate these claims, particularly in relation to the specific impact on "andrew sheets" free speech and press

On Thu, Jan 30, 2025 at 10:44 AM David Jadon <djadon@roperpa.com> wrote:

> Mr. Sheets,
>
> Please provide some clarification. This is a similar, but different proposed motion to compel from the one you provided last night. Both requests overlap one another in the materials and timeline they seek. Are you planning on filing two separate motions, or one? As I've informed you before, absent a specific name to use to conduct an inquiry, the City cannot search for any and all text messages. I am willing to work with you, but the motion and request as drafted are overbroad and I cannot agree to them unless the scope of the request is sufficiently narrowed.
>
> **DAVID JADON**
>
> Attorney



**ROPER**

**TOWNSEND**

**SUTPHEN**

ATTORNEYS AT LAW

255 S. Orange Avenue, Suite 750
Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

www.roperpa.com

This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s). Unless expressly stated otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or deemed work product documents. The sender's expectation of privacy as to the content of this email and any accompanying documents is extremely high. This message is intended solely for the addressee(s). If you are not the intended recipient, you have received this email in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements, and this email does not create an existing business relationship.

**From:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>
**Sent:** Thursday, January 30, 2025 10:11 AM
**To:** David Jadon <djadon@Roperpa.com>; Asher Knipe <aknipe@knott-law.com>
**Subject:** Re: sheets v preseler,do u oppose motion to compel city to give discovery

this was a rtp 2 the city,how can u not no that its in the title of the rtp?

22. [sic] Defendants information on Andrew Sheets Any and all emails, documents, interoffice memos, text, video and audio that you and or the police have with "Andrew Sheets" name in it from 2012 to present.
RESPONSE: Defendant objects to this request as it is irrelevant, overbroad, seeks more information than what is contemplated in Plaintiff's complaint, unduly burdensome, vague and ambiguous, and not proportional to the needs of this case.

Mr. Jadon,

Your response is insufficient and demonstrates a knowing, willful, and malicious attempt to subvert the discovery process. The request for production is specific, clear, and directly relevant to this case. Your objections—claiming the request is irrelevant,

overbroad, burdensome, vague, and not proportional—are conclusory, unsupported, and improper.

To be clear:

1. **Relevance:** The request seeks records pertaining to "Andrew Sheets," which is relevant to the claims and defenses in this case. Defendants cannot unilaterally decide relevance without demonstrating why the requested records have no bearing on the case.
2. **Overbreadth & Burden:** If the defendants believe the timeframe is overly broad, they must specify why and propose a reasonable limitation rather than issuing a blanket objection. Additionally, given modern digital record-keeping systems, retrieving emails, documents, and interoffice communications is neither unduly burdensome nor disproportionate.
3. **Vague & Ambiguous:** There is nothing unclear about requesting "Any and all emails, documents, interoffice memos, text, video, and audio that you and/or the police have with 'Andrew Sheets' name in it from 2012 to present." If defendants claim ambiguity, they must explain what specific term or phrase is unclear.
4. **Proportionality:** This request is tailored to communications involving a named individual and a specific timeframe. Defendants must justify why it is disproportionate instead of simply asserting so.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, please correct your response and produce the requested records. Failure to do so will result in a motion to compel and a request for sanctions for obstruction of discovery.

If there is a legitimate basis for objection, provide a **specific and detailed explanation** rather than generalized objections meant to obstruct the process.

On Thu, Jan 30, 2025 at 9:56 AM David Jadon <djadon@roperpa.com> wrote:

> I concur with Mr. Knipe. While the subject headline says "City", the body of the email mentions no party or discovery request.
>
>
>
> **DAVID JADON**
>
> Attorney



**ROPER**

**TOWNSEND**

**SUTPHEN**

ATTORNEYS AT LAW

255 S. Orange Avenue, Suite 750
Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

www.roperpa.com

This communication and any attachments constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and disclosure is limited to the intended recipient(s).  Unless expressly stated otherwise, this message and any accompanying documents are confidential and may be subject to the attorney-client privilege or deemed work product documents.  The sender's expectation of privacy as to the content of this email and any accompanying documents is extremely high.  This message is intended solely for the addressee(s).  If you are not the intended recipient, you have received this email in error and any review, dissemination, or copying is strictly prohibited.  If you are not an addressee, any disclosure or copying of the contents of this email, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful.  If you are not an addressee, destroy the message and inform the sender immediately at the telephone number, address, or email address above.  The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements, and this email does not create an existing business relationship.

**From:** Asher Knipe <aknipe@knott-law.com>
**Sent:** Thursday, January 30, 2025 9:30 AM
**To:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>; David Jadon <djadon@Roperpa.com>; Robert Eschenfelder <rob@cityattorneys.legal>; Lupe Ramirez <Lramirez@Roperpa.com>; William M. Ferris <WFerris@knott-law.com>; Jolene R. Mock <JMock@knott-law.com>; andrewbsheets@yahoo.com
**Subject:** RE: sheets v preseler,do u opose motion to compel city to give discovery

Mr. Sheets,

Is the email correspondence below intended as a good faith conferral regarding a discovery dispute? Which party or non-party is it directed to? It makes no reference to any specific discovery request propounded by you in this matter, nor does it identify the category of documents or requests at issue. It is clearly AI-generated and generalized in such a manner as to make it meaningless.

As I have communicated to you multiple times, this approach is not productive. I am happy to discuss whatever discovery issues you believe exist, but until you articulate them in a cognizable way, I am unable to engage in a meaningful dialogue. To move forward productively, I request that you either contact me by phone to discuss any specific issues you have or provide an amended document that directly addresses the discovery responses to dispute, and includes your proposed resolutions.

~

Asher E. Knipe

Attorney At Law



Knott • Ebelini • Hart

1625 Hendry Street Suite 301, Fort Myers, Florida 33901



239-334-2722 tel | 239-334-1446 fax

www.knott-law.com

CONFIDENTIALITY NOTE: This e-mail along with any attachments transmitted with it, is for the sole use by the intended recipient(s) and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any unauthorized review, use, retention, disclosure, dissemination, forwarding, printing or copying of this email is strictly prohibited. If this e-mail is not addressed to you (or if you have any reason to believe that it is not intended to for you), please notify Knott Ebelini Hart or the sender by telephone at (239)334-2722 or by return e-mail and promptly destroy all copies of the transmission.

**From:** FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>
**Sent:** Thursday, January 30, 2025 8:54 AM
**To:** David Jadon <djadon@roperpa.com>; Robert Eschenfelder <rob@cityattorneys.legal>; lramirez@roperpa.com; Asher Knipe <aknipe@knott-law.com>; William M. Ferris <WFerris@knott-law.com>; Jolene R. Mock <JMock@knott-law.com>; andrewbsheets@yahoo.com
**Cc:** Elaine Allen-Emrich <eallenemrich@gmail.com>; elaine.allen@yoursun.com; Frank

DiFiore <frank.difiore@yoursun.com>

**Subject:** sheets v preseler,do u opose motion to compel city to give discovery

I am writing to formally demand that you comply with the discovery process in this matter, particularly regarding the discovery question below.

As you are aware, the court has already ruled that this discovery is permitted. Your continued refusal to provide the requested information constitutes an unlawful obstruction of the discovery process,

This evidence is **critical** to proving my claims in the **Third Amended Complaint**, including the conspiracy and collusion to suppress my First Amendment rights (free speech and free press). By withholding this information, you are knowingly and intentionally violating my rights and subverting due process.

the judge stated if conspiracy is added i can ask for this time line

### DEMAND FOR COMPLIANCE

You are hereby given **five (5) days** from the date of this letter to fully produce the requested discovery. If you fail to comply, I will be forced to take appropriate legal action

rough draft

## UNITED STATES DISTRICT COURT

**[Insert District Name]**

**[Your Name], Plaintiff**
v.
**[Defendant(s) Name], Defendant(s)**

**Case No.: [Insert Case Number]**

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

**COMES NOW,** Plaintiff [Your Name], and pursuant to Federal Rule of Civil Procedure 37(a), respectfully moves this Court for an Order compelling Defendant(s) [Insert Defendant Name] to produce documents and information responsive to Plaintiff's discovery request regarding communications and records mentioning "Andrew Sheets" from 2012 to present. In support of this Motion, Plaintiff states as follows:

# I. INTRODUCTION

Plaintiff has requested specific discovery from Defendant(s) related to records, communications, and documents referencing "Andrew Sheets." These materials are highly relevant to the Plaintiff's claims, as they may demonstrate retaliatory intent, viewpoint discrimination, and municipal liability. Defendant(s), however, have refused to provide the requested documents, asserting objections based on relevance, overbreadth, undue burden, vagueness, and proportionality. Plaintiff has conferred in good faith in an attempt to resolve this dispute without court intervention, but Defendant(s) have failed to comply.

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) allows a party to move to compel discovery where the opposing party has failed to provide responses that are complete and proper. Under Rule 26(b)(1), parties may obtain discovery regarding any non-privileged matter relevant to any party's claim or defense, and relevant evidence is discoverable unless outweighed by undue burden or other limitations imposed by the Court.

# III. ARGUMENT

## A. The Requested Discovery Is Relevant to Plaintiff's Claims

Plaintiff's claims involve allegations of **retaliation, viewpoint discrimination, selective enforcement, and municipal liability**. The requested records, which include emails, interoffice memos, text messages, videos, and audio recordings related to Plaintiff, are directly relevant to these claims. Courts have consistently held that discovery related to **government intent, discriminatory enforcement, and municipal customs and policies** is proper in civil rights cases.

1. **Retaliatory Intent** – The requested records may establish whether Defendant(s) or law enforcement targeted Plaintiff due to protected First Amendment activities (*Hartman v. Moore*, 547 U.S. 250 (2006)).
2. **Viewpoint Discrimination** – Discovery may reveal whether Defendant(s)' actions were based on Plaintiff's speech content, violating *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995), and *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).
3. **Municipal Liability** – If the documents reveal a **policy, practice, or custom** of targeting Plaintiff, this supports liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
4. **Qualified Immunity Challenge** – If Defendant(s) acknowledged in records that their actions violated Plaintiff's constitutional rights, this evidence would negate any qualified immunity defense (*Hope v. Pelzer*, 536 U.S. 730 (2002)).
5. **Selective Enforcement** – Records demonstrating disparate treatment compared to similarly situated individuals would establish an Equal Protection violation (*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).

**B. Defendant's Objections Are Unsubstantiated**

Defendant(s) objected to the request as **overbroad, irrelevant, unduly burdensome, vague, and not proportional to the needs of the case**. These objections lack merit:

- **Relevance:** The requested materials directly relate to Plaintiff's claims, which involve government misconduct, retaliation, and discrimination.
- **Overbreadth:** The time frame (2012 to present) is necessary to establish **patterns of misconduct and municipal liability**, making the request proportionate.
- **Undue Burden:** Defendant(s) have not provided any **specific evidence** that searching for these records would impose an unreasonable burden. Mere general objections are insufficient to avoid discovery obligations.
- **Vagueness:** The request is specific, identifying Plaintiff's full name, date range, and forms of communication. There is no ambiguity.

## IV. CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule [Insert Local Rule], Plaintiff certifies that he/she has attempted in good faith to resolve this dispute without court intervention by conferring with Defendant(s). However, Defendant(s) have failed to provide the requested information, making this Motion necessary.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Grant Plaintiff's Motion to Compel** and order Defendant(s) to produce all requested records related to "Andrew Sheets" from 2012 to present;
2. **Overrule Defendant(s)' objections** as improper and unsubstantiated;
3. **Grant any further relief** that the Court deems just and proper.

Respectfully submitted,