UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISiON

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                        Case No. 2:24-CV-00495-JLB-KCD

JERRY PRESSELLER, in personal
and professional capacity; PUNTA
GORDA DOWNTOWN
MERCHANTS COMMITTEE, INC.;
OFFICER DAVID JOSEPH LIPKER,
in personal and professional capacity;
and CITY OF PUNTA GORDA,

    Defendants.
_____/

## DEFENDANTS' MOTION TO STRIKE AND
## OBJECTION TO PLAINTIFF'S REPLY

    Defendants, City of Punta Gorda, and Officer David Lipker, in his individual capacity, by and through the undersigned counsel, pursuant to Local Rule 3.01(d) and Rule 11 of the Federal Rules of Civil Procedure, hereby file the following motion to strike and objection to Plaintiff's Reply (Doc. 108), and as grounds state as follows:

### Grounds for Motion

1. Plaintiff did not obtain leave of Court to file his reply (Doc. 108) to Defendants' response to his motion to compel.

2. Plaintiff's reply contains false and misleading assertions of fact.

3. Plaintiff's reply does not address any argument made by Defendants' response. (Doc. 107).

## Background

On February 19, 2025, Plaintiff filed his motion to compel. (Doc. 102). On March 6, 2025, Defendants filed their response to the motion to compel. (Doc. 107). However, on March 7, 2025, without leave of Court, Plaintiff filed a reply, which he described as a "notice" for "clarification." (Doc. 108).

## Memorandum of Law

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." While Plaintiff's response is not a "pleading" as contemplated by Rule 7 of the Federal Rules of Civil Procedure, Defendants still request this Court strike Plaintiff's Reply. *See Get Me Mears, Inc. v. Cloud Performer, Inc*. 2022 WL 2784759 *1 (N.D. Ga. Jan. 5, 2022) (interpreting Rule 12(f) motion to strike as objections to improper docket entries).

As an initial matter, Plaintiff's "reply," or "notice," is filed without leave of court, in violation of Local Rule 3.01(d). Nor did Plaintiff consult with counsel for Defendants prior to filing. Further, the Court has informed Plaintiff several times throughout the course of this litigation that it does not entertain "notices." (Doc. 95,

Pg. 1). Plaintiff's "notice" does not otherwise comply with Local Rule 3.01(a). It should be stricken from the record.

However, perhaps more importantly, Plaintiff's "notice" contains false and misleading assertions of fact. Specifically, in Paragraph 5, Plaintiff states that he was informed by "Defendant's attorney, David Jadon, that case law was required as a basis for conferral in order to have a discovery request answered." (Doc. 108, ¶5). Counsel for Defendants attempted to confer with Plaintiff on this matter. See attached, Exhibit 1). Plaintiff could not provide anything to support such a statement. Only an out-of-context screenshot of an email (Exhibit 2) from his other lawsuit, *Sheets v. Jimenez*. Defendants have provided the email as Exhibit 3. His "reply" violates Rule 11(b)(3).

Finally, Plaintiff's "reply" does not address any issue in Defendants' response. For example, he asserts in Paragraph 1 that "Defendants argue that Plaintiff "was required to cite case law during the discovery conferral process to justify his requests." (Doc. 108, ¶1). No where in Defendants' response to his motion compel is there a reference that case law is required. Attempting to pass the burden onto counsel for Defendants is simply impermissible and inexcusable.

Wherefore, Defendants request this Court strike Plaintiff's "notice," award reasonable attorney's fees and costs, and appropriate sanctions.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), undersigned counsel and Plaintiff, Mr. Andrew B. Sheets, Pro Se., have conferred in good faith via email on March 10, 2025 regarding the relief requested herein. Mr. Sheets is opposed to the relief requested in this motion.

Respectfully submitted this 10th day of March, 2025,

/s/ *David R. Jadon*
David R. Jadon, Esquire
Florida Bar No.: 1010249

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this this 10th day of March, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a true and correct copy of the foregoing trough a notice of electronic filing to: Andrew B. Sheets, *Pro se*, 11408 Pepperdine Street, Punta Gorda, FL 33955 and e-mailed: federallawsuit4freespeech@gmail.com; Robert M. Eschenfelder, 1001 S. Ft. Harrison Avenue, Ste. 201, Clearwater, FL 33756, rob@cityattorneys.legal; jennifer@cityattorneys.legal, *Attorney for Defendant Jerry Presseller;* Asher E. Knipe, Esquire and William M. Ferris, Esquire, Knott, Ebelini, Hart, 1625 Hendry Street, Suite 301, Fort Myers, FL 33901, aknipe@knott-law.com; wferris@knott-law.com; jmock@knott-law.com, *Attorneys for Defendant Punta Gorda Downtown Merchants Association, Inc.*

/s/ *David R. Jadon*
David R. Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
Attorney for Defendants David Joseph Lipker and City of Punta Gorda

4