UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants,

Case No. 2:24-CV-495-JLB-KCD

## ORDER

Before the Court is Plaintiff Andrew Bryan Sheets' Motion to Compel Discovery Responses from Defendant City of Punta Gorda. (Doc. 102.)[1] The City responded. (Doc. 107.) For the reasons below, the motion is denied.

Sheets sues under the First Amendment to challenge his trespass from a local farmers market. (*See* Doc. 97.) According to Sheets, he had an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

irrevocable right to conduct "journalistic activities" on the public property where the farmers market was held. (*Id.* ¶ 56.)

> Sheets served two requests for production on the City:
>
> All communications, emails, texts, videos, and documents related to Ian McGuire's filming activities at the Farmers Market and government buildings from 2019 to the present.
>
> Any and all emails, memos, text messages, video, and audio referencing Plaintiff's name from 2019 to the present.

(Doc. 102 at 2.)[2]

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information within Rule 26's scope "need not be admissible in evidence to be discoverable." *Id.* The presiding court, however, "on motion or on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013)) ("In

---

[2] Sheets' motion isn't paginated, so the Court uses the page numbers generated by the electronic filing system.

short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.").

The City argues that responding to the discovery will impose an "undue burden." (Doc. 107 at 8.) The Court agrees. Requests for production that request any and all communications are generally considered improper. *See, e.g.*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1309-10 (11th Cir. 2011) (finding a request for "[a]ny and all documents that support, evidence, prove or relate to the allegations made" in an amended complaint to be overbroad); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2008 WL 4279693, at *2 (M.D. Fla. Sept. 15, 2008) (holding that such a request for all communications is overbroad); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Sheets seeks every document, record, or communication containing "Andrew Sheets" for the past six years. Literally construed, this request calls for every record related to Sheets—no matter how irrelevant to his underlying claims—spanning over six years.

The request for documents related to Ian McGuire suffers the same problem. But even setting aside any breadth issues, relevancy has not been shown. *See Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4 (M.D. Fla. Mar. 2, 2012) ("[W]hen relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the

discovery request."); *Suncast Techs., L.L.C. v. Patrician Prods., Inc.*, No. 07-80414-CIV, 2008 WL 179648, at *5 (S.D. Fla. Jan. 17, 2008) ("[B]ecause the relevancy of the discovery request was not readily apparent, the party seeking the discovery ... had the burden to show the relevancy[.]"). Sheets claims that records related to Ian McGuire are relevant to establish "unconstitutional selective enforcement." (Doc. 102 at 2.) But as best the Court can discern, the complaint does not allege such a claim. Indeed, that term is nowhere in the latest pleading. What is more, Sheets seeks documents about Ian McGuire's activities at *all government buildings*, not just the farmers market. There is no explanation for why this scope is appropriate, considering Sheets' claims target the farmers market. Forcing Defendants to search for such expansive records about Ian McGuire when the relevancy is not plain would also create an undue burden. *See, e.g.*, *Hoffman v. T. Smith*, No. 2:24-CV-111-SPC-KCD, 2024 WL 5111899, at *2 (M.D. Fla. Dec. 13, 2024) (holding that tangential issues are irrelevant and improper discovery grounds).

Finally, the City claims that Sheets relied on generative AI to draft discovery, emails, and pleadings rather than conferring in good faith. (Doc. 107 at 2.) Apparently, Sheets' correspondence with defense counsel included cases that did not support his position and one case that the City could not find. (*Id.* at 2-3.) The Court won't delve into any disagreement on the

4

conclusions of the cited caselaw, and Sheets did not present the non-existent case citation to the Court to support his motion to compel. Still, Sheets must verify all future sources in correspondence with opposing counsel and in any motions filed with the Court. If Sheets relies on any non-existent cases moving forward, the Court may consider sanctions.[3]

For these reasons, Plaintiff's Motion to Compel (Doc. 102) is **DENIED**. The City's Motion to Strike (Doc. 109) is also **DENIED AS MOOT**. The Court didn't consider the "clarification" filed by Sheets when considering the motion to compel because it was unnecessary.

**ORDERED** in Fort Myers, Florida on March 11, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[3] Sheets' pro se status does not absolve him of the responsibility to abide by a duty of candor to the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("While it is true pro se pleadings are held to a less strict standard than counseled pleadings and are liberally construed ... [pro se litigants] also owe the same duty of candor to the court as imposed on any other litigant."). The imposition of sanctions against parties who submit fake citations is common. *See, e.g., Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *4-5 (S.D. Ga. Oct. 6, 2023) ("Plaintiff did not explain what sources he relied on during his research or where he found the sham cases."). And pro se litigants are not immune from such sanctions. *See, e.g., Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (explaining that although courts make "some allowances for [a] pro se Plaintiff's failure to cite to proper legal authority, courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities.").