UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

  v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants,

Case No. 2:24-cv-495-JLB-KCD

## **ORDER**

Before the Court is Defendants City of Punta Gorda and Officer Lipker's Motion to Compel. (Doc. 113.)[1] Plaintiff Andrew Bryan Sheets (Doc. 114) responded in opposition. For the reasons below, the motion is granted in part and denied in part.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Sheets sues under the First Amendment to challenge his trespass from a local farmers market. (*See* Doc. 97.) According to Sheets, he had an irrevocable right to conduct "journalistic activities" on the public property where the farmers market was held. (*Id.* ¶ 56.)

The discovery requests in dispute are Defendants' second set of interrogatories (Nos. 2, 4, 7, 8,) and Defendants' second request to produce documents (Nos. 8, 11, 14, 23, 24, 25, 27, 29, 30, 31, 32, 34, 35, 44). (*See* Docs. 113-3, 113-4.) The contested discovery mainly targets Sheets' alleged damages for emotional distress and loss of business opportunities identified in his Rule 26 disclosures:

> Plaintiff as a Journalists face harassment, threats, or other forms of intimidation due to plaintiffs reporting. plaintiff seeks damages for mental anguish, emotional distress, grief, loss of advice, care, and support, loss of consortium, pain and suffering, PTSD, humiliation, loss of business, loss of the right to engage in journalism, restrictions on personal freedoms like shopping, loss of enjoyment of life, reduced business opportunities, and costs associated with repairing plaintiff reputation from the defamation and slander. Additionally, plaintiff claim damages for the distress caused by threats, harassment, and the chilling effect on plaintiff ability to report freely. PLAINTIFF ANDREW SHEETS claims 2 million in damages.

(Doc. 113-1 at 3.) Sheets opposes the motion, primarily arguing that the Defendants' discovery requests are vague, overbroad, unduly burdensome, and seek protected material. (Doc. 114.)

## II. Legal Standard

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information within Rule 26's scope "need not be admissible in evidence to be discoverable." *Id*. The presiding court, however, "on motion or on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013) ("In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.").

## III. Discussion

Each disputed discovery request is addressed in turn.

### A. Interrogatories

> **No 2**: List the names and business addresses of all other physicians, psychologists, psychiatrists, counselors, chiropractors, hospitals, clinics, medical facilities, or other healthcare providers by whom, or at which, you have been examined or treated in the

3

> past 10 years, and state as to each the dates of examination and/or treatment and the condition or injury for which you were examined and/or treated.

Because Sheets asserts that the events giving rise to his claims had an emotional impact on him for which he is entitled to damages, his medical and psychological history is generally relevant and discoverable. *See Zaffis v. City of Altamonte Springs, Fla.*, No. 6:06CV385 ORL31DAB, 2007 WL 646959, at *2 (M.D. Fla. Feb. 27, 2007) (finding that because the plaintiff stated a claim for mental suffering and placed her mental health in issue, the defendant can discover, within reason, the state of plaintiff's mental health and the nature of other stressors related to her health during the relevant time period); *Gabe McIntyre v. Delhaize Am., Inc. d/b/a Sweetbay Supermarket*, No. 8:07-CV-2370-T-30MSS, 2008 WL 11336308, at *2 (M.D. Fla. June 26, 2008) (permitting discovery into plaintiff's medical and psychological history upon a finding that plaintiff's claim for emotional damages placed his mental health into issue); *Garrett v. Sprint PCS*, No. 00-2583-KHV, 2002 WL 181364, at *2 (D. Kan. Jan. 31 2002) (same).

Sheets has clearly put his mental health in issue by claiming "damages for mental anguish, emotional distress, grief, loss of advice, care, and support, loss of consortium, pain and suffering, PTSD, humiliation." (Doc. 113-1 at 3.) And any privacy protections were waived by seeking such damages. *See Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir.

4

2007); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."). The Court won't break step with these cases. Thus, Defendants' motion is granted as to Interrogatory No. 6.

Sheets states that he is only claiming "garden variety" emotional distress and has not sought medical treatment for his condition, so he has not placed his mental condition in controversy. (Doc. 114 at 1.) But this argument doesn't compel a different result. "Garden-variety emotional distress has been described by one court as ordinary or commonplace emotional distress, that which is simple or usual." *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1936082, at *3 (S.D. Fla. May 29, 2012). "In contrast, emotional distress that is not garden variety may be complex, such as that resulting in a specific psychiatric disorder." *Id. See also Ortiz-Carballo v. Ellspermann*, No. 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009) ("The majority of federal courts that have addressed the issue have held that a party does not place his mental condition in controversy merely by requesting damages for mental anguish or 'garden variety' emotional distress."). Though Sheets now states that he is only seeking "garden variety" emotional distress, his Rule 26 disclosures provide otherwise. He claims to

5

suffer from a diagnosed psychiatric condition—PTSD. If that is not the case, Sheets should amend his Rule 26 disclosures. *See* Fed. R. Civ. P. 26(e).

**No. 4**: The Court cannot compel a response to Interrogatory No. 4 because Defendants did not provide a copy of this interrogatory, nor Sheets' response.

> **No. 7**: List the names, addresses and phone numbers of all of your employers (including self employment), and as to each, further state: (a) dates of employment; (b) rate of pay; (c) reason(s) for leaving employment; (d) the date and nature of any claims or suits made against said employer

In his Rule 26 disclosures, Sheets claims "loss of business" and "reduced business opportunities, and costs associated with repairing plaintiff reputation from the defamation and slander," which make this request relevant and discoverable. *See* 10 Fed. Proc., L. Ed. § 26:133 ("The plaintiff's financial records may be discoverable where the plaintiff claims as damages lost profits or lost income. In a libel or slander action, the defendant may inquire into the plaintiff's income or finances to the extent necessary to discover the basis for the claim."). Accordingly, the Court grants Defendants' motion as to Interrogatory No. 7.

> **No. 8**: List the names, dates, and amounts of all other sources of income, donations, advertisement revenue, contract work, or other payments received by you from 2015 to the present.

6

This request is denied because it is facially overbroad and unduly burdensome. The request for "other payments received by you" takes this discovery well outside Rule 26 because it is unclear what "other payment" means.

### B. Requests for Production

> **No. 8**: All documents and materials to support your claim for attorney-client and work-product privileges.

This request is denied because it is unclear what the City is asking for. Asking to produce materials used to assert a privilege is asking for the privileged materials. Instead, Sheets will be directed to file a privilege log. Nothing more is required.

> **No. 11**: Copies of all of your health insurance cards and/or healthcare coverage cards for any policy and/or program that provided benefits to you at any time from one year prior to the first incident or occurrence alleged in your complaint through present.

This request is denied. Defendants don't show (or even argue) relevance, and relevance isn't apparent. *See Wyndham Vacation Ownership, Inc. v. Montgomery L. Firm, LLC*, No. 618CV2121ORL37LRH, 2019 WL 5394057, at *2 (M.D. Fla. Mar. 21, 2019) ("The party requesting discovery has the burden of demonstrating the relevance of the discovery requests.").

> **No. 14**: All records from physicians, psychologists, counselors, chiropractors, nurses, hospitals,

7

>emergency rooms/clinics, or other healthcare providers who have provided medical or psychological care, treatment, evaluation or examination of you for any injury or condition in the past ten (10) years which was not caused by or related to the injury or condition described in your complaint.

As noted, Sheets waived any privacy protections by putting his physical and mental condition at issue. Relevancy has also been shown because Defendants are entitled to this information to ascertain whether Sheets' damages are attributable to some other source. Sheets offers nothing to support any claim of undue burden, as he has not explained how many records this would be or the effort he would need to expend to produce the documents. Accordingly, the Court grants Defendants' motion as to Request No. 14.

>**No. 23**: Copies of all tax returns and tax documents for you from the year 2015 to the present.

Sheets has put his income at issue. Thus, tax records are discoverable, and the Eleventh Circuit does not require showing a compelling need before a party may obtain tax information in discovery. *See Bellosa v. Universal Tile Restoration, Inc.*, No. 08-60054-CIV, 2008 WL 2620735, at *4 (S.D. Fla. June 30, 2008). Accordingly, the Court grants Defendants' motion as to Request No. 23.

>**No. 24**: Copies of profit and loss statements, balance sheets, financial statements, accounting ledgers, or any other documents reflecting income, sales,

8

> donations, revenues, losses, and/or profits for yourself.
>
> **No. 25**: Copies of profit and loss statements, balance sheets, financial statements, accounting ledgers, or any other documents reflecting income, sales, donations, revenues, losses, and/or profits for any organization or account within your control.

These requests are denied because, without any temporal limit, they are unreasonable. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015); *Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) ("There is generally no binding authority limiting discovery to a certain period; rather, the time period must be reasonable given the factual circumstances of the case.").

> **No. 27**: All documents and receipts that reflect your costs for travel to the courthouse for filings.

Sheets is specifically claiming these damages. *See* Doc. 113-2 at 2. Thus, he must produce any documents or receipts that document such damages. Accordingly, the Court grants Defendants' motion as to Request No. 27.

> **No. 29**: All data that reflects user engagement (including likes, dislikes, comments, shares, etc.) from 2015 to the present for YouTube accounts referenced in your responses to City's first interrogatories.

9

> **No. 30**: All data that reflects user engagement (including likes, dislikes, comments, shares, etc.) from 2015 to the present for Facebook accounts referenced in your response to City's first interrogatories.
>
> **No. 31**: All data that reflects user engagement (including likes, dislikes, comments, shares, etc.) from 2015 to the present for X (formerly Twitter) accounts referenced in your response to City's first interrogatories.

These requests will be denied because there is no explanation of the relevance of such data, and the relevance isn't apparent.

> **No. 32**: Emails sent or received by you on the date of the incident(s) alleged in the complaint related to your activities or trespass at the Farmers Market.

This request is not overbroad or objectionable. It seeks emails related to a specific incident on a particular date. And Defendants only demand emails to or from Sheets, so they are arguably available to him. Accordingly, the Court grants Defendants' motion as to Request No. 32.

> **No. 34**: All other messages sent or received by you on any other social media or messaging platform on the date of the incident(s) alleged in the complaint related to your activities or trespass at the Farmers Market.
>
> **No. 35**: All records of phone calls made or received by you on the date of the incident(s) alleged in the complaint related to your activities or trespass at the Farmers Market.

As a procedural matter, Sheets objected to these requests and then answered, which is inappropriate. He must either object or answer. *See Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *2-3 (N.D. Fla. Feb. 27, 2009). If no such documents are available, that is a suitable answer, and Sheets should indicate the same. Accordingly, the Court grants Defendants' motion as to Requests No. 34 and 35—Sheets must amend his responses to either withdraw the objections or answer, it can't be both.

> **No. 44**: A signed and completed authorization for release of protected health information (PHI) under the Health Insurance Portability and Accountability Act (HIPAA). Authorization form to be served contemporaneously with this request.

This request is denied. Defendants provide no copy of the release form to assess its appropriateness. Even so, the Eleventh Circuit has not yet determined whether district courts possess the power to compel a party to execute a HIPAA release. *See Williams v. Carnival Corp.*, No. 18-CV-21654, 2020 WL 854809, at *1-2 (S.D. Fla. Feb. 11, 2020) (collecting cases and noting conflicting decisions); *Sherlock v. Fontainebleau*, 229 F. Supp. 3d 1277, 1281 (S.D. Fla. 2017); *Graham v. Carroll*, No. 5:10-CV-00065-RS-GRJ, 2011 WL 855331, at *1 (N.D. Fla. Mar. 9, 2011). In any event, there are other means to obtain medical records besides blanket releases. HIPAA prescribes "a procedure for obtaining authority to use medical records in litigation." *Bailey*

11

*v. City of Daytona Beach Shores*, 286 F.R.D. 625, 628 (M.D. Fla. 2012). Under the HIPAA regulations, healthcare providers may produce records containing otherwise protected health information in response to subpoenas accompanied by a court order authorizing them to do so. *See* 45 C.F.R. 164.512(e)(1); *Valentine Ge v. Dun & Bradstreet, Inc.*, No. 6:15-CV-1029-ORL-41-GJK, 2016 WL 11464651, at *3 (M.D. Fla. July 15, 2016) ("This Court agrees with those courts that decline to compel a party to execute HIPAA release forms, primarily because there are other means of obtaining those records without running afoul of HIPAA."). Defendants can seek releases for specific physicians or providers once they are identified.

Accordingly, it is **ORDERED**:

1. Defendants City of Punta Gorda and Officer Lipker's Motion to Compel (Doc. 113) is **GRANTED IN PART AND DENIED IN PART.**[2]

2. **Within 30 days of this Order, Sheets must update his responses and produce the documents sought in numbers 2 and 7 of Defendants' second set of interrogatories and**

---

[2] If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendants do not ask for their expenses. Nor have Defendants provided any documentation to issue such an award. Accordingly, the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 2:19-CV-442-FTM-29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).

**numbers 14, 23, 27, 32, 34, and 35 of Defendants' second requests for production**. If any responsive documents are withheld for privilege, Sheets must also provide an adequate privilege log within 14 days of production.

3. Defendants' Motion to Compel (Doc. 113) is **DENIED** to the extent it requests relief different than described above.

4. Sheets' Motion for Protective Order (Doc. 116) is **DENIED AS MOOT** because it seeks protection from responding to the discovery at issue in this motion to compel (*see id.* at 3), and the Court has considered any undue burden in its analysis here.

5. Finally, the Clerk is directed to **STRIKE** Sheets' reply (Doc. 114), filed without leave of Court. *See* Local Rule 3.01(d).

**ENTERED** in Fort Myers, Florida on April 3, 2025.

Kyle C. Dudek
United States Magistrate Judge