UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.

JERRY PRESSELLER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER DAVID JOSEPH LIPKER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; CITY OF PUNTA GORDA, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; AND PUNTA GORDA DOWNTOWN MERCHANTS ASSOCIATION, INC.,

    Defendants,

Case No. 2:24-cv-495-JLB-KCD

## **ORDER**

    Before the Court is Plaintiff Andrew Bryant Sheets' Motion for Sanctions Against Defendant Jerry Presseller for False Discovery Responses and Misrepresentation Under Oath. (Doc. 146.) Presseller has responded (Doc. 148), making this matter ripe.

    Sheets sues under the First Amendment to challenge his removal from a local farmers market. (*See* Doc. 97.) According to the complaint, Presseller manages the farmers market. (*Id.* ¶ 54.) And he trespassed Sheets "for . . .

journalistic activities of recording on public property (public sidewalks and roadways) where individuals were conducting business." (*Id.* ¶ 56.)

Sheets propounded several requests for admission during discovery. He asked Presseller to admit:

- that you requested or directed the Punta Gorda Police Department to issue a trespass warning to Plaintiff, Andrew Sheets, for recording or filming at the Farmers Market on multiple dates (RFA 4)

- that the decision to issue a trespass warning to Plaintiff, Andrew Sheets, was based in part on his activities related to recording or filming at the Farmers Market (RFA 5)

- that you did not issue a trespass warning to other individuals recording or filming at the Farmers Market on the same day Plaintiff, Andrew Sheets, was issued a trespass warning (RFA 7)

- that Defendant treated Plaintiff, Andrew Sheets, differently than other individuals engaging in similar recording activities (RFA 4)

- that Defendant did not issue trespass warnings to individuals or organizations who were recording for personal or media purposes, other than Plaintiff (RFA 7)

(Doc. 146 at 2-3.) Sheets also asked Presseller to "identify all individuals or organizations who have been granted permission by you or your representatives to record or film at the Farmers Market." (*Id.* at 3.)

In response, Presseller denied that he trespassed Sheets based on filming activities, denied that Sheets was treated differently than other

individuals, and denied that he had a process for granting permission to film in the farmers market. (Doc. 146 at 2-4.) Sheets now claims that these answers "are provably false." (*Id.* at 4.) He seeks sanctions under "Fed. R. Civ. P. 37(c)(1) and Rule 26(g)(3) and the Court's inherent authority." (*Id.* at 5.)

The Court has reviewed the records submitted by Sheets. And contrary to his claim, they do not disprove Presseller's discovery responses. While there is some evidence to support Sheets' theory, other evidence contradicts it. For instance, Presseller stated (on multiple occasions) that Sheets was removed from the Farmers Market for *bothering vendors with questions*, *not filming*. (*See* Doc. 146-5.) Why Sheets was removed from the farmers market, and on whose authority, are plainly disputed issues of fact. Neither does Sheets' proffered evidence prove that Presseller treated other individuals differently than Sheets.

Having failed to show "misrepresentations" by Presseller, no sanctions are warranted under any theory raised. Sheets' motion (Doc. 146) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on September 2, 2025.

Kyle C. Dudek
United States Magistrate Judge