UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

   Plaintiff,

v.                             Case No.:  2:24-cv495-KCD-DNF

CITY OF PUNTA GORDA,

   Defendant.
_____/

# ORDER

This matter is before the Court on Plaintiff Andrew Bryant Sheets' Motion for Review of Clerk's Taxation of Costs (Doc. 173). Defendant Officer David Lipker filed a Response in Opposition (Doc. 176). Plaintiff also filed a Reply (Doc. 187). For the reasons set forth below, the Motion is **GRANTED** and the objections are addressed below.

By way of background, Plaintiff filed this civil rights action on May 29, 2024, against Officer Lipker and others. (Doc. 1). Plaintiff filed a second amended complaint that was dismissed and stricken. (Doc. 82, 91). With leave of Court, Plaintiff then filed a third amended complaint against Officer Lipker and others. (Doc. 91, 97). On September 2, 2025, the Court entered an Order finding:

> Count I against Officer Lipker in his official capacity is dismissed with prejudice. Counts II and III against Officer Lipker in his official capacity are dismissed with prejudice. Count I against Officer Lipker in his individual capacity is

> dismissed with prejudice. Officer Lipker, in his individual capacity, is entitled to qualified immunity on Counts II and III and are dismissed with prejudice.

(Doc. 163, p. 22). In essence, all the claims against Officer Lipker in his official and individual capacities were dismissed with prejudice. (Doc. 163, p. 22). On the same day, a Judgment was entered reflecting this ruling. (Doc. 165). On September 16, 2025, Officer Lipker filed a proposed bill of costs, requesting $2,347.06 in costs and on September 22, 2025, the Clerk taxed these costs. (Doc. 171, 172). Plaintiff Andrew Bryant Sheets seeks to have the Court review the Clerk's taxation of cost.

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), 'there is a strong presumption that the prevailing party will be awarded costs.'" *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted). Such costs are limited to those enumerated in 28 U.S.C. § 1920, which are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While the party opposing the taxation of costs has the burden to demonstrate that costs are not taxable, the party seeking an award of costs has the initial burden of submitting a request that enables a court to determine what costs are incurred and the amounts. *Lyon v. Borders*, No. 5:20-cv-438-SDM-PRL, 2023 WL 11891883, at *1 (M.D. Fla. Mar. 7, 2023), *report and recommendation adopted*, No. 5:20-cv-438-SDM-PRL, 2023 WL 11891882 (M.D. Fla. Mar. 23, 2023). The party opposing the taxation of costs has the burden to show that costs are not warranted in a particular case. *Taylor v. Wagner*, No. 8:20-cv-687-CEH-NHA, 2025 WL 2577176, at *2 (M.D. Fla. May 28, 2025), *report and recommendation adopted sub nom. Taylor v. Gualtieri*, No. 8:20-cv-687-CEH-MRM, 2025 WL 2487737 (M.D. Fla. Aug. 29, 2025).

**Objections**

Plaintiff argues that the claimed costs were not necessary for resolution of the motions to dismiss and were not relied upon by the Court. Plaintiff asserts that the claims were brought in good faith and were not dismissed as frivolous. Plaintiff also argues that the motion is for the purposes of harassment. Finally, Plaintiff argues a financial hardship in that the costs are duplicative and should be apportioned to account for the other Defendant. In the Reply, Plaintiff reiterates the initial

arguments and further raises the issue that travel and hotel charges are not taxable, and the deposition was used by the City and not Lipker who was dismissed before the deposition costs were relied upon.

Defendant responds that Plaintiff is not proceeding as an indigent and the costs are split between Lipker and the City. Defendant argues that the depositions were necessary based on the deadlines and based on the issues in the case. Defendant further argues that the travel costs were reasonable and necessary given the in-person requirement for hearings.

The proposed Bill of Costs reflects a request of $1,345.45 for transcripts[1], $61.80 for exemplification (copies), and $939.81 for "Other costs" consisting of travel expenses. (Doc. 171). The Court will consider each category.

**Transcripts**

Whether the deposition is taxable "depends on the factual question of whether the deposition was wholly or partially "'necessarily obtained for use in the case.'" *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) (citations omitted). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (citation omitted).

---

[1] This amount represents half the total cost of deposing Plaintiff. (Doc. 171-3).

The Case Management and Scheduling Order set a discovery deadline of August 1, 2025. (Doc. 38). Lipker's Motion to Dismiss (Doc. 100) was granted and the pending Motion for Summary Judgment (Doc. 155) was denied as moot on September 2, 2025. (Doc. 163). It is true that the deposition was not necessary to the motion to dismiss and was not considered as "outside the complaint," *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), but the deposition was relied upon by Lipker in support of a timely filed summary judgment motion. (Doc. 155). The costs associated with the transcript will be permitted under 28 U.S.C. § 1920(2). The objection is overruled.

"The fees for condensed transcripts, exhibits, and delivery, shipping, and handling, absent explanation from Defendant, are [] not taxable costs." *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *8 (M.D. Fla. July 13, 2021), *report and recommendation adopted,* No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021). *See also W&O, Inc.,* 213 F.3d at 623 (exhibit costs are not taxable). However, attendance fees for the court reporter are recoverable. *Siemens Energy, Inc. v. MidAmerica C2L Inc.*, No. 6:17-CV-171-ORL-40LRH, 2020 WL 10457660, at *6 (M.D. Fla. June 19, 2020), *report and recommendation adopted*, No. 6:17-cv-171-ORL-40LRH, 2020 WL 10457659 (M.D. Fla. July 6, 2020) (collecting cases). The costs of the exhibit ($57.85) and color exhibits ($17.50) will be eliminated reducing the total to $1,270.10.

**Exemplification Costs**

"The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." *Siemens Energy*, 2020 WL 10457660, at *8 (quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (citations omitted), *aff'd*, 998 F.2d 1023 (11th Cir. 1993)). "'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)." *W&O, Inc.*, 213 F.3d at 623. Costs "such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees" are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (citations omitted).

Lipker is not required to identify every detail of every copy, but there should be "some demonstration that reproduction costs necessarily result from that litigation" and not "for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Lipker seeks half the cost of photocopies at a rate of 15 cents a page for photocopies made between May 30, 2025, and July 11, 2025, without any further

details as to the purpose of the copies. (Doc. 171-2). The objection will be sustained and these costs denied.

### Other Costs

Unlike travel expenses for witnesses, 28 U.S.C. § 1821, travel costs or reimbursement for Lipker's counsel are simply not recoverable as *taxable costs* under 28 U.S.C. § 1920. *See Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1265 (M.D. Ala. 2000); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002); *Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV, 2006 WL 8445932, at *2 (S.D. Fla. June 9, 2006), *report and recommendation adopted,* No. 03-21998-CIV, 2006 WL 8445933 (S.D. Fla. July 3, 2006); *Nail v. Shipp*, No. CV 17-00195-KD-B, 2020 WL 1670459, at *12 (S.D. Ala. Apr. 3, 2020); *MacuHealth, LP v. Vision Elements, Inc.*, No. 8:22-CV-199-VMC-UAM, 2025 WL 1530928, at *4 (M.D. Fla. May 28, 2025).

Lipker provides no legal basis for taxing the travel costs and the Court finds none. The objection is sustained. These costs will not be taxed.

Accordingly, it is hereby **ORDERED**:

(1) The Motion for Review of Clerk's Taxation of Costs (Doc. 181) is **GRANTED**. The objections are sustained in part.

(2) The costs are reduced to $1,270.10.

(3) Defendant Lipker shall file a revised Bill of Costs reflecting the new amount within **seven days** of this Order.

(4) The revised Bill of Costs will be taxed by the Clerk of Court.

**DONE** and **ORDERED** in Fort Myers, Florida on November 13, 2025.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties