UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                  Case No. 2:24-cv-495-KCD-DNF

CITY OF PUNTA GORDA, IN
THEIR INDIVIDUAL AND
OFFICIAL CAPACITY;

    Defendant,
_____/

# ORDER

Plaintiff Andrew Bryant Sheets sues the City of Punta Gorda under the First Amendment. (Doc. 170.)[1] Prior iterations of the complaint named several additional defendants who, following motions practice, were dismissed with prejudice. (Doc. 163.) Their dismissal resulted in a judgment against Plaintiff for $1,270.10 in costs. (Doc. 191.)

Pertinent here, Plaintiff moved to stay enforcement of the costs judgment until the case was completed, or alternatively, a payment plan. (Doc. 192, 194). The magistrate judge denied both requests, concluding that Plaintiff had demonstrated an ability the pay the judgment. (Doc. 199.) Plainitff now objects to the magistrate judge's order. (Doc. 200.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's order on a non-dispositive matter. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

Plaintiff offers the same conclusory arguments made to the magistrate judge. He claims "severe financial hardship" that will "undermine [his] ability to continue litigating this civil-rights action on the merits." (Doc. 200 at 2.) The magistrate judge considered these issues and weighed them against the underlying purpose of the cost judgment. While Plaintiff may disagree with the ultimate result reached, that does not create an error of law, much less a clear error.

After reviewing the record, the Court is not left "with definite and firm conviction that" the magistrate judge erred. *Dudek*, 151 F. Supp. 3d at 1312. Accordingly, Plaintiff's objections (Doc. 200) are **OVERRULED**.

**ORDERED** in Fort Myers, Florida on December 23, 2025.

Kyle C. Dudek
United States District Judge