UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                              Case No. 2:24-cv-495-KCD-KRH

CITY OF PUNTA GORDA,

     Defendant.

                                  /

## ORDER

At issue is Plaintiff's Motion to Compel Defendants' Insurance Disclosures. (Doc. 212). Defendant opposes the Motion. (Doc. 223). Plaintiff asks the Court to compel unredacted insurance information that Defendant allegedly failed to produce in its initial disclosures. Plaintiff's Motion is beyond untimely. Even if it weren't, he failed to support it with law or facts. The Motion fails for either reason.

While Defendant seeks fees, the Court will not entertain that matter at this stage in the litigation. But if it chooses, Defendant may renew its request by separate motion after trial.

### A.    Timeliness

The Court set a schedule ("CMSO") with a deadline for "Discovery and Motions to Compel Discovery." (Doc. 38 at 2). That discovery cutoff was August 1, 2025. (Doc. 38 at 2). The CMSO explained that the parties must "complete discovery by the deadline." (Doc. 38 at 3). And any "motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis

alone." (Doc. 38 at 3).

When this Court enters CMSOs with clear deadlines and expectations, it means what it says. *See, e.g.*, *Rodriguez v. Walmart Stores E., L.P.*, No.  2:20-cv-474-SPC-NPM, 2021 WL 5505378, at *2-3 (M.D. Fla. Nov. 24, 2021). Along with the CMSO and innumerable orders over the years, the Civil Discovery Handbook lays out this understanding in no uncertain terms:

> The Court ordinarily sets a discovery completion date through its [CMSO] . . . . The Court follows the rule that the completion date means that all discovery must be completed by that date. . . . Untimely discovery requests are subject to objection on that basis. Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.

Middle District Discovery (2021) at § I.F.; *see also Small v. Amgen, Inc.*, No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912, at *1-2 (M.D. Fla. Feb. 15, 2017) (While not binding, the Discovery Handbook "is highly persuasive" and expresses the "generally acceptable discovery practice" here.).

Plaintiff didn't file the Motion until May 4. Said differently, he moved to compel discovery more than nine months after the deadline. That is enough to deny the Motion without more. *E.g.*, *Tripro Consulting, LLC v. CACI, Inc.*, No. 6:23-cv-568-JSS-DCI, 2024 WL 3877434, at *1 (M.D. Fla. Aug. 202, 2024) ("Courts routinely deny motions to compel as untimely when they are submitted after the discovery deadline.").

## B.    Lack of Support

Situations arise where there are reasons to extend deadlines after a party

makes the right showing. Fed. R. Civ. P. 16(b)(4). Despite the severe delay, however, Plaintiff offers no explanation for not seeking this relief sooner. Worse yet, he provides no context about the disputed redactions or a copy of the allegedly redacted documents. And Defendant contends it already produced the information twice. In short, Plaintiff offers no legal or factual basis to fight about initial disclosures on the eve of trial.

## C.     Expenses for Motion Practice

Finally, Defendant seeks fees for dealing with this Motion. (Doc. 223 at 3). The point is well taken considering the nature of this Motion with trial just weeks away. And Defendant is right that such expenses could be awarded—depending on Plaintiff's response—after notice and a hearing. Fed. R. Civ. P. 37(a)(5)(B). Yet to be frank, the parties have much bigger fish to fry with trial approaching. Litigating this tangential issue could only impose an unneeded burden on trial prep. So the Court will not entertain a dispute on expenses over the Motion at this time. But after trial, Defendant may renew its request if needed.

ORDERED:

Plaintiff's Motion to Compel Defendants' Insurance Disclosures (Doc. 212) is **DENIED**.

In Fort Myers, Florida on May 19, 2026.

_____
Kevin R. Huguelet
United States Magistrate Judge

3

Copies furnished to:

Counsel of Record
Unrepresented Parties