UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

    v.

CITY OF PUNTA GORDA, IN
THEIR INDIVIDUAL AND
OFFICIAL CAPACITY;

      Defendant,

Case No. 2:24-cv-495-KCD-KRH

_____/

## <u>ORDER</u>

This case is heading to trial on the only surviving cause of action—Plaintiff Andrew Sheets's Fourteenth Amendment procedural due process claim against the City of Punta Gorda. (Doc. 206.) The dispute arises from a May 30, 2020 incident where a City police officer issued Sheets a trespass warning that effectively banned him from the market area on Saturdays for a full year. Sheets alleges that the City provided absolutely no notice, hearing, or procedural mechanism to appeal or challenge that restriction.

In their joint pretrial statement and verdict forms, the parties have framed the existence of a protected liberty interest and the adequacy of the City's procedures as issues for the jury to resolve. (*See* Doc. 221, Doc. 221-9, Doc. 221-10.) But that is a misconception of the division of labor. Juries are excellent at figuring out the "what happened" of a case—the historical facts,

the sequence of events, and the credibility of witnesses. They are not, however, tasked with interpreting the Constitution.

The ultimate question of whether a governmental entity afforded a citizen constitutionally adequate process is a question of law for the court, not a question of fact for the jury. *See, e.g., Main St Props. LLC v. City of Bellevue, Nebraska*, No. 8:20CV278, 2021 WL 736711, at *4 (D. Neb. Feb. 25, 2021) ("The question of whether the defendants' procedural safeguards were adequate to satisfy procedural due process is a question of law for the Court to determine, but the question of whether the defendants indeed provided these procedures may be a question of fact."); *Melnik v. Dzurenda*, No. 316CV00670MMDCLB, 2020 WL 607122, at *5 (D. Nev. Feb. 7, 2020) ("[W]hether Plaintiff received constitutionally-sufficient procedural due process is a question of law, not of fact."). To decide whether the City's trespass warning procedures pass constitutional muster, the Court must apply well-settled legal standards to the facts. While a jury may be needed to resolve a genuine dispute over what actually occurred May 30, 2020 and thereafter, it is the exclusive job of this Court to decide whether those finished facts add up to a constitutional violation. *See, e.g., Rodgers v. Norfolk Sch. Bd.*, 755 F.2d 59, 62 (4th Cir. 1985); *Smith v. Borough of Dunmore*, No. 3:05-CV-1343, 2011 WL 1541293, at *2 (M.D. Pa. Apr. 22, 2011).

At the upcoming final pretrial conference, the parties should be prepared to identify exactly what genuine issues of historical fact, if any, remain for a jury to resolve. If the core events surrounding the issuance of the trespass warning are largely uncontested, the jury's role at trial may be limited strictly to the calculation of compensatory or nominal damages. The parties are directed to review their positions and come prepared to parse out these legal and factual boundaries so that we can conduct an orderly and constitutionally sound trial.

Finally, we have a bit of urgent housekeeping regarding how Sheets has utilized the Court's docket. This Court has a finite amount of time and a massive caseload to manage, which is why the rules governing emergency motions are not polite suggestions—they are strict boundaries designed to preserve judicial resources for true, immediate exigencies. Under Middle District of Florida Local Rule 3.01(f), the unwarranted designation of a motion as an emergency is an explicit ground for sanctions. While pro se litigants are afforded a degree of leniency, that status is not a blank check to abuse the judicial process by repeatedly labeling ordinary or non-compliant motions as emergencies. Because Sheets has repeatedly filed emergency motions that fall miles short of the legal standard outlined by this Court (*see* Doc. 38 at 4), he is **ORDERED TO SHOW CAUSE** at the final pretrial

3

conference why he should not be sanctioned under this Court's inherent authority and Local Rule 3.01(f) for his non-compliant emergency filings.

**ORDERED** in Fort Myers, Florida on May 20, 2026.

Kyle C. Dudek
United States District Judge

4