UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                                 Case No. 2:24-CV-00495-KCD-KRH

CITY OF PUNTA GORDA,

     Defendant.

_____/

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant, the City of Punta Gorda, by and through the undersigned counsel, responds in opposition to Plaintiff's motion in limine (Doc. 217) and states as follows:

As an initial matter, the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, 2011 U.S. Dist. LEXIS 14521, at *2 (M.D. Fla. Feb. 2, 2011) (*citing Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting from denial of reh'g en banc (*citing Ohler v. United States*, 529 U.S. 753, 758 n.3, (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."))). And relevance is intentionally a broad concept—"[e]vidence is relevant if it has any tendency to make a

1

[consequential] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's in limine position. *See Parker v. Walton*, 2024 U.S. Dist. LEXIS 196651 *3-4 (M.D. Ga. Oct. 29, 2024). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "'[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information.'" *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984) (*quoting Bruton v. United States*, 391 U.S. 123, 135, (1968)); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

From the face of Plaintiff's motion, it is not entirely clear what Plaintiff seeks to exclude from trial, so Defendant's response will focus on the specific examples enumerated in the motion, rather than Plaintiff's broad categories.

First, Plaintiff seeks to exclude testimony from a variety of witnesses. (Doc. 217, pg. 4). However, Plaintiff is seeking an eye-watering $150,000 in compensatory damages for "emotional distress and humiliation." (Doc. 221, Pg. 4). And according to Plaintiff's Rule 26 disclosures, Plaintiff also seeks damages for reputational harm. Further, as the Court pointed out, there are still several factual issues to determine that trial may resolve. *See e.g.* (Doc. 206, Pg. 9) ("Whether Sheets was banned for filming, causing a disturbance, or for wearing a loud shirt is a question of fact."); (*Id.* at Pg. 10) ("whether the ground beneath Sheets' feet was public or private."); (*Id.* at Pg. 13) ("whether Sheets actually forfeited his rights by his behavior is a question that cannot be answered on this record.").

2

Plaintiff's motion to excludes what he perceives as unfavorable witnesses is a classic "having his cake and eating it too." In essence, Plaintiff seeks to introduce evidence to the jury about his claims for damages, despite lacking corroborating witnesses, medical records, and proof-of-income, yet simultaneously seeks to prevent the jury from hearing evidence that rebuts his claims. Defendant's listed witnesses are anticipated to testify about information that directly rebuts Plaintiff's claim for damages, as well as Plaintiff's characterization of the incident. "The purpose of rebuttal evidence is 'to explain, repel, counteract, or disprove the evidence of the adverse party,' and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." *United States v. Lezcano*, 296 Fed. Appx. 800, 803 (11th Cir. 2008).

Further, Plaintiff seeks to exclude Exhibits D35-68 and D70-102 "to the extent such exhibits are offered for improper propensity, character, or prejudice purposes." Plaintiff also alleges that evidence of his other interactions with law enforcement is generally not relevant to his procedural due process claim. However, Plaintiff is mistaken. The exhibits are not offered for the truth of the matter related to his claim for inadequate process, but directly related to his claims for damages.

Similarly, Plaintiff alleges these exhibits constitute improper character evidence. However, not only do these exhibits not show Plaintiff's "character" but even if they did, they are not being provided to prove that on a particular occasion the Plaintiff acted in accordance with the character or trait. *See* Fed. R. Evid. 404.

The facts of this case, boiled down, are relatively simple. Plaintiff went to the farmers market. The farmers market manager (Presseller) requested he be trespassed. Plaintiff received a trespass warning. Plaintiff was not arrested or placed in jail. He received no monetary citation. However, Plaintiff has brought a flurry of claims for damages against a variety of government defendants, asserting the same or similar claims for damages against each one. Many of these claims are in very close proximity with one another.[1] Moreover, Plaintiff has testified that he cannot tell his damages apart from one claim to another. A "plaintiff may not recover multiple times for essentially the same claim." *Dukes v. Sheriff of Levy Cnty.*, 155 F.4th 1291, 1301 (11th Cir. 2025).  Where one claim subsumes another, the Plaintiff cannot recover damages on both claims. *Id*.

42 U.S.C. § 1983 "'creates a species of torts liability,' and damages are determined by compensation principles of common-law tort." *Smith v. City of Oak Hill, Fla.*, 587 F. App'x 524, 527 (11th Cir. 2014) (*quoting Heck v. Humphrey*, 512 U.S. 477, 483 (1994)). "While defendants in § 1983 cases 'are, as in common law tort disputes,

---

[1] Sheets is no stranger to the court as he has filed twenty-two lawsuits in this district, thirteen of which are currently pending. *See Sheets v. Presseller et al.*, No. 2:26-cv-773- SPC-DNF; *Sheets v. Renz et al.*, No. 2:25-cv-1000-KCD-DNF; *Sheets v. Gray et al.*, No. 2:25-cv667-JES-DNF; *Sheets v. Angelini et al.*, No. 2:25-cv-653-SPC-NPM; *Sheets v. Angelini et al.*, No. 2:25-cv-644-KCD-DNF; *Sheets v. Pribble*, No. 2:25-cv-500-KCD-NPM; *Sheets v. Lipker et al.*, No. 2:25-cv-493-KCD-DNF; *Sheets v. Davoult et al.*, No. 2:25-cv-130-KCD-DNF; *Sheets v. Woelk et al.*, No. 2:25-cv-061-KCD-DNF; *Sheets v. Charlotte County et al.*, No. 2:24-cv-958-JES-DNF; *Sheets v. Prummell et al.*, No. 2:24-cv-943-SPC-NPM; *Sheets v. Presseller et al.*, No. 2:24- cv-495-KCD-DNF; *Sheets v. Gorman et al.*, No. 2:25-cv-612-KCD-NPM (closed); *Sheets v. Woelk et al.*, No. 2:25-cv-611-SPC-DNF (closed); *Sheets v. Gorman et al.*, No. 2:25-cv-583-SPC-DNF (closed); *Sheets v. Woelk et al.*, No. 2:25-cv-578-SPC-NPM (closed); *Sheets v. Martin et al.*, No. 2:25-cv-444-SPC-NPM (closed); *Sheets v. Jimenez et al.*, No. 2:24-cv-704-SPC-DNF (closed); *Sheets v. City of Punta Gorda, Florida*, No. 2:22-cv-246-SPC-NPM (closed); *Sheets v. Bell*, No. 2:23-cv-035-JLB-KCD (closed); and *Sheets v. City of Punta Gorda, Florida*, No. 2:19- cv-484-SPC-M_M (closed).

responsible for the natural and foreseeable consequences of their actions,' the § 1983 plaintiff must show causation." *Id*. (*quoting Jackson v. Sauls*, 206 F.3d 1156, 1168 (11th Cir.2000)). "Causation has two required elements: cause-in-fact and legal or proximate cause." *Id*. (*citing Jackson*, 206 F.3d at 1168 n.16). "To show that the constitutional tort was a cause-in-fact of the injuries and damages claimed, the plaintiff must show that 'except for the constitutional tort, such injuries and damages would not have occurred.'" *Id*. (*quoting Jackson*, 206 F.3d at 1168 n.16). "To show that the constitutional tort was the legal or proximate cause of the injuries and damages claimed, a plaintiff must show that 'the injury or damage was a reasonably foreseeable consequence of the [officer's] act or omission.'" *Id*. (*quoting Jackson*, 206 F.3d at 1168 n.16).

An independent intervening cause can cut off a causal relationship. *Troupe v. Sarasota Cnty.*, 419 F.3d 1160, 1165-66 (11th Cir. 2005). A "causal relation does not exist when the continuum between [the] [d]efendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers." *Dixon v. Burke Cnty*., 303 F.3d 1271, 1275 (11th Cir. 2002).

As a result, Exhibits 35-68 and D70-102 are directly relevant to Plaintiff's claim for compensatory damages, including claims of emotional distress, humiliation, and reputation. Preventing Defendant from introducing such evidence runs the risk that Plaintiff will double, triple, or quadruple collect if he prevails on one or more lawsuits. The jury is entitled to hear about Plaintiff's other interactions with law enforcement, his actions, etc. if it cuts off the "legal cause" of damages stemming from this one incident in May 2020.

Wherefore, Defendant respectfully requests the Court deny Plaintiff's motion in its entirety.

Respectfully submitted,

/s/ David R. Jadon
David R. Jadon, Esquire
Florida Bar No.: 1010249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a true and correct copy of the foregoing through a notice of electronic filing to CM/ECF participants: Andrew B. Sheets, *Pro se*, 11408 Pepperdine Street, Punta Gorda, FL 33955, and e-mailed: deprivationofrightsunderlaw@gmail.com.

/s/ David R. Jadon
David R. Jadon, Esquire
Florida Bar No.: 1010249
Jeffrey L. Ashton, Esquire
Florida Bar No.: 318337
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com;
 jashton@roperpa.com
Secondary: lramirez@roperpa.com
Attorney for Defendant *City of Punta Gorda*

6